| W. ALAN SCHROEDER, ISB #4118 | JEFFREY LIND PHILLIPS, ISB #9978 |
|---|---|
| **SCHROEDER LAW** | **OWYHEE COUNTY PROSECUTOR'S OFFICE** |
| TULIP S BUILDING, SUITE 110 | P.O. BOX 128 |
| 1449 SOUTH DAVID LANE | MURPHY, IDAHO  83650 |
| BOISE, IDAHO  83705-3185 | TELEPHONE: 208-495-1153 |
| TELEPHONE: 208-916-6699 | EMAIL:        jphillips@co.owyhee.id.us |
| TELECOPY:   208-813-6478 | |
| EMAIL:        alan@schroederlaw.net | |

the lawyers for OWYHEE COUNTY, STATE OF IDAHO; GEM HIGHWAY DISTRICT, OWYHEE COUNTY; and THREE CREEK GOOD ROAD DISTRICT, OWYHEE COUNTY, *Plaintiffs*.

## UNITED STATES DISTRICT COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| OWYHEE COUNTY, STATE OF IDAHO; GEM HIGHWAY DISTRICT, OWYHEE COUNTY; and THREE CREEK GOOD ROAD DISTRICT, OWYHEE COUNTY, <br><br> Plaintiffs, <br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Case No. <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT, OR IN THE ALTERNATIVE, FOR QUIET TITLE** <br><br> **DEMAND FOR JURY TRIAL ON FIRST AND SECOND CLAIMS FOR RELIEF** |

OWYHEE COUNTY, GEM HIGHWAY DISTRICT, and THREE CREEK GOOD ROAD DISTRICT (cumulatively referred to as "Plaintiffs") allege:

## PRELIMINARY STATEMENT

1.      Plaintiffs rely upon several public rights-of-way across the public lands in Owyhee County, State of Idaho. *See* Idaho Code **§** 40-117(9) (definition of "Public right-of-way").  These rights-of-way provide, among other things, the necessary use and access by the road employees, law enforcement employees, other employees, contractors, agents, and citizens of Owyhee County (and other citizens) for a variety of lawful purposes upon the public lands in Owyhee

**COMPLAINT**                                                                                                                    **1**

County, including essential County emergency and law enforcement purposes within Owyhee County, and including the necessary use and access to mining claims, to private land, and to Idaho State land within Owyhee County. This complaint is only applicable to the public lands owned by the United States of America; not to any private land or Idaho State land.

2.      These several public rights-of-way exist across public lands owned by the United States of America ("USA") and administered by the U.S. Department of the Interior, Bureau of Land Management ("BLM"), within portions of the Boise BLM District and within portions of the Twin Falls BLM District; all within Owyhee County, State of Idaho.

3.      These several public rights-of-way are R.S. 2477 rights-of-way: (a) as a result of an Idaho Road Validation process completed in accordance with Idaho Code § 40-203A (as alleged in the First Claim for Relief); (b) as a result of BLM's own administrative determination and grant (as alleged in the Second Claim for Relief); (c) as a result of a "positive act of acceptance by the local government" (as alleged in the Third and Fourth Claims of Relief); and/or, (d) as a result of "compliance with the road creation statutes in existence at the time" (as alleged in the Fifth and Sixth Claims for Relief).

4.      Plaintiffs bring this action to "declare the rights and other legal relations" under the *Federal Declaratory Judgment Act*, 28 U.S.C. § 2201(a), or *in the alternative*, under the *Federal Quiet Title Act*, 28 U.S.C. § 2409a, relative to the status of each of these roads as public rights-of-way under R.S. 2477 under Idaho State law. This alternative relief is alleged because the Plaintiffs are faced with the conflicting positions from the USA as to whether the USA disputes each of these roads as public rights-of-way under R.S. 2477; giving reason for the First and Second Claims for Relief being filed under the *Federal Declaratory Judgment Act*, and giving reason for the Third, Fourth, Fifth, and Sixths Claims for Relief being filed under the *Federal*

COMPLAINT                                                                                                    2

*Quiet Title Act*.[1] Plaintiff sought clarification from the USA as to its position before filing of this Complaint, but the response from the USA was equivocal; leaving the Plaintiffs in the irreconcilable position of needing to file its Complaint within the required 12-year statute of limitations under the *Federal Quiet Title Act*, 28 U.S.C. § 2409a(j), or else forever foreclosing to the Plaintiffs and its citizens the ability to adjudicate such rights of way under R.S. 2477.

5.      Plaintiffs seek -- under the First Claim for Relief -- to "declare the rights and other legal relations" under the *Federal Declaratory Judgment Act*, 28 U.S.C. § 2201(a), that: (a) the Plaintiffs duly completed Idaho Road Validation in accordance with Idaho Code § 40-203A via Findings, Conclusions, and Order dated February 25, 2020, which found, concluded, and ordered that each of the roads identified in the Third, Fourth, Fifth, and Sixth Claims are public rights-of-way under R.S. 2477; (b) the USA did not challenge the process or timely seek judicial review of the Findings, Conclusions, and Order dated February 25, 2020, as it was entitled to do under Idaho Code §§ 40-203A(4), 40-208(1); and (c) the Plaintiffs' Findings, Conclusions, and Order dated February 25, 2020, are effective and controlling against the USA and all third-parties.

6.      Plaintiffs seek -- under the Second Claims for Relief -- to "declare the rights and other legal relations" under the *Federal Declaratory Judgment Act*, 28 U.S.C. § 2201(a), that: (a)

---

[1] *See Nemeth v. Shoshone County*, 165 Idaho 851, 453 P.3d. 844, 849 (2019) (wherein the Idaho Supreme Court stated that "We agree that where title to Federal land is disputed, including a dispute over ownership of a right-of-way, the QTA provides the designated method to adjudicate the controversy. However, "[f]or a title to be disputed for purposes of the QTA, the United States must have adopted a position in conflict with a third party regarding that title." … Where title is not disputed, the waiver of sovereign immunity provided by the QTA does not apply. … Accordingly, where the United States has not expressly disputed the existence of an R.S. 2477 right-of-way or taken an action that "implicitly disputes" the right-of-way, federal courts do not have jurisdiction to hear a claim against the United States under the QTA. … The QTA, however, does not preclude state courts from validating federal land rights-of-way under R.S. 2477 because the QTA only allows a federal court to conduct its own validation analysis where title is disputed.").

**COMPLAINT**                                                                                              **3**

Owyhee County completed and submitted to BLM an Application for Transportation and Utility Systems and Facilities on Federal Land dated March 28, 1984, identifying roads as public rights-of-way under R.S. 2477, as identified in the Third and Fifth Claims for Relief; (b) the USA, through BLM, recognized and granted such application on April 3, 1984 (and modified over time); and, (c) the USA's grant is effective and controlling against the USA and all third-parties.

7.      In the alternative to the First and Second Claims for Relief, Plaintiffs seek -- under the Third, Fourth, Fifth, and Sixth Claims for Relief – to quiet title under the *Federal Quiet Title Act*, 28 U.S.C. § 2409a, that these roads are public rights-of-way under R.S. 2477 under Idaho State law as a result of: (1) a "positive act of acceptance by the local government" (as alleged in the Third and Fourth Claims for Relief), or (2) "compliance with the road creation statutes in existence at the time" (as alleged in the Fifth and Sixths Claims for Relief). *See Flying "A" Ranch, Inc. v. County Commissioners of Fremont County*, 342 P.3d 649, 654-655 (Idaho 2015) (citing *Galli v. Idaho County*, 146 Idaho 155, 159, 191 P.3d 233, 237 (2008); *see also* Act of July 26, 1866, ch. 262, § 8, 14 Stat. 251, 253, codified at 43 U.S.C. § 932, repealed by *Federal Land Policy Management Act* of 1976 ("FLPMA"), Pub.L. No. 94-579 § 706(a), 90 Stat. 2743 (hereinafter referred to as "R.S. 2477"), subject to valid existing rights. *See County of Shoshone v. United States*, 912 F.Supp.2d 912, 915 (D.Idaho 2012) (wherein the Federal District Court stated that "[e]ven though FLPMA repealed R.S. 2477, it nonetheless preserved any rights-of-way that existed before FLPMA's October 21, 1976 effective date, and any such qualifying rights-of-way remain valid today. *See* 43 U.S.C. § 1769(a)").

8.      In addition, Plaintiffs bring this action to adjudicate that the Plaintiffs have the right and interest to maintain these several rights-of-way as they cross the public lands owned by the USA consistent with Idaho law and within the scope as alleged herein.

**COMPLAINT**                                                                                    **4**

## JURISDICTION AND VENUE

**9.**     The basis of federal jurisdiction is 28 U.S.C. § 1331 (Federal Question). *See also* 28

U.S.C. § 1346(f) ("The district courts shall have exclusive original jurisdiction of civil actions

under section 2409a to quiet title to an estate or interest in real property in which an interest is

claimed by the United States.").  The federal question relates to the application of the Act of July

26, 1866, ch. 262, § 8, 14 Stat. 251, 253, codified at 43 U.S.C. § 932, repealed by *Federal Land

Policy Management Act* of 1976 ("FLPMA"), Pub.L. No. 94-579 § 706(a), 90 Stat. 2743

(hereinafter referred to as "R.S. 2477"), including the federal regulations promulgated thereunder

between 1983 and 1985, relating the certain rights-of-way across the public lands owned by the

United States of America as alleged in this Complaint.

**10.**     The basis of venue is: (a) 28 U.S.C. § 1391(b)(2) (A civil action. Where a substantial part

of the property subject to the action is situated); and, (b) Dist. Idaho Loc. Civ. R. 3.1 (A civil

action arising within Owyhee County is to be within the U.S. District Court, District of Idaho,

Southern Division).

## PARTY INFORMATION

**11.**     Plaintiff, OWYHEE COUNTY, STATE OF IDAHO ("Owyhee County"), is a duly

established county within the State of Idaho. *See* Idaho Code §§ 31-101, 31-139.  Owyhee

County is a public entity managed by a board of county commissioners. Idaho Code §§ 31-701,

et seq.  Owyhee County, by and through its Board of County Commissioners, have the

jurisdiction and power over the county as prescribed by law. Idaho Code § 31-801. This

jurisdiction and power is inclusive of a range of local governmental services and activities for

and over its citizens, residents, and property-owners, including but not limited to, road

construction, road maintenance, law enforcement, emergency medical services; all of which

COMPLAINT                                                                                                            5

depend on access to, on, and along roads, including the several public rights-of-way subject to this Complaint within the area illustrated on Exhibit "A", which is attached hereto and incorporated herein to this Complaint. Idaho Code §§ 31-801,et seq.; *see also* Idaho Code §§ 31-805, 40-604. It should be noted that Owyhee County has sometimes used "Owyhee County Road & Bridge District" in identifying its use and authority as to the roads within its jurisdiction, but the "Owyhee County Road & Bridge District" is just a name used by Owyhee County and is not a jurisdictionally separate agency or entity of Owyhee County.

12. Plaintiff, GEM HIGHWAY DISTRICT, OWYHEE COUNTY ("GHD"), is a duly established road district within the State of Idaho by the Owyhee County Commissioners via Owyhee County Commissioner Record, Book 5 at pages 489 to 492, dated March 6, 1917, in accordance with Idaho Code § 40-201 and Idaho Code §§ 40-1301, et. seq. GHD is a public entity managed by a board of commissioners. Idaho Code § 40-1303. This jurisdiction and power is inclusive of the "general supervision and jurisdiction over all highways and public rights-of-way within their highway system, with full power to construct, maintain, repair, acquire, purchase and improve all highways within their highway system, whether directly or by their own agents and employees or by contract", including upon the several public rights-of-way subject to this Complaint within the area illustrated on Exhibit "A", which is attached hereto and incorporated herein to this Complaint. Idaho Code § 40-1310(1); *see also* Idaho Code §§ 40-1310(2) to 40-1310(10).

13. Plaintiff, THREE CREEK GOOD ROAD DISTRICT, OWYHEE COUNTY ("TCGRD"), a duly established road district within the State of Idaho by Owyhee County Commissioner Record, Book 8 at pages 70-83, dated August 13, 1926, in accordance with Idaho Code §§ 40-1301, et. seq. TCGRD is a public entity managed by a board of commissioners.

**COMPLAINT**                                                                                          **6**

This jurisdiction and power is inclusive of the "general supervision and jurisdiction over all highways and public rights-of-way within their highway system, with full power to construct, maintain, repair, acquire, purchase and improve all highways within their highway system, whether directly or by their own agents and employees or by contract", including upon the several public rights-of-way subject to this Complaint within the area illustrated on Exhibit "A", which is attached hereto and incorporated herein to this Complaint. Idaho Code § 40-1310(1); *see also* Idaho Code §§ 40-1310(2) to 40-1310(10).  It should be noted that TCGRD has sometimes used "Three Creek Highway District" in identifying its use and authority as to the roads within its jurisdiction, but the "Three Creek Highway District" is just a name used by TCGRD and is not a jurisdictionally separate agency or entity of TCGRD.

14.    Defendant, UNITED STATES OF AMERICA ("USA"), is the owner of the real property upon which the several public rights-of-way exist, as illustrated by map in Exhibit "B", which are attached hereto and incorporated herein to this Complaint. Plaintiffs have more detailed maps of each of the several public rights-of-way, which are not appended to this Complaint due to the size and scope of each of the maps, but, in the meantime, each of these maps are available online at Owyhee County's official website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.). This real property is administered by the U.S. Department of the Interior, Bureau of Land Management, which is an administrative agency of the USA.

**FACTS**

**I. LEGAL DESCRIPTION OF THE SEVERAL RIGHTS-OF-WAY.**

15.    The several public rights-of-way subject to this Complaint are illustrated by map on Exhibit "B", as they cross the public lands owned by the USA in Owyhee County.  In lieu of

**COMPLAINT**                                                                                                      **7**

appending to this Complaint many maps, the maps that more particularly illustrate the location and related legal descriptions of the rights-of-way subject to this Complaint are available online at Owyhee County's official website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.), and can be made part of this Complaint or part of the record in this case at the request of the Court or the Defendant.

## II. LAND STATUS OF THE SEVERAL RIGHTS-OF-WAY.

16.     The land status of the real property upon which the several public rights-of-way exist across the lands owned by the USA, as illustrated by map on Exhibit "B", is "public lands", as defined by the *Federal Land Policy and Management Act*, 43 U.S.C. § 1702(e).

17.     Between March 4, 1863 and July 2, 1890, the real property subject to this Complaint was part of the Idaho Territory, since the USA officially designated the real property within what is now the State of Idaho as a territory of the United States on March 4, 1863 (12 Stat. 808), and since the USA officially established the State of Idaho as a State on July 3, 1890.

18.     Between March 4, 1863 and the filing of this Complaint, this real property was part of the public domain (aka public lands) and remains a part of the public lands of the USA, as defined by the *Federal Land Policy and Management Act*, 43 U.S.C. § 1702(e).

## III. THE CREATION OF THE SEVERAL PUBLIC RIGHTS-OF-WAY.

### A. THE "OWYHEE" NAME.

19.     The name "Owyhee" derives from an early Anglicization of the Hawaiian term "Hawai'i". When James Cook encountered what he named the Sandwich Islands (now the Hawaiian Islands) in 1778, he found them inhabited by Native Hawaiians, whom the Anglo-Americans referred to as "Owyhees." Noted for their hardy physique and maritime skills,

COMPLAINT                                                                              8

numerous Native Hawaiians were hired as crew members aboard European and American vessels. Many Owyhee sailed to the American Northwest coast and found employment along the Columbia River, where they joined trapping expeditions or worked at some of the fur trade posts.

**20.**     In 1819, it is believed that three Owyhees joined Donald Mackenzie's Snake River expedition, which went out annually into the Snake River country for the North West Company, a Montreal-based organization of Canadian fur traders. The three Hawaiians left the main party during the winter of 1819-1820 to explore the then unknown terrain of what since has been called the Owyhee River and mountains. They disappeared and were presumed dead; no further information regarding their whereabouts has been found. In memory of these Native Hawaiians, British fur trappers started to call the region "Owyhee" and the name thereafter continued to be used.

## B. EARLY EXPLORATION.

**21.**     Exploration, use, and development of real property within what is now Owyhee County, State of Idaho, likely began in earnest in about 1836, with the creation and use of the Oregon Trail, which traversed near or along the Snake River while it crossed what is now the State of Idaho.

**22.**     The creation and use of the Oregon Trail and similar interests resulted in the settlement of the lands within what is now the geographical boundary of Owyhee County, State of Idaho. Settlement occurred for a variety of lawful purposes, including mining, farming, ranching, and other commercial activities; resulting in citizens and Plaintiffs establishing several public rights-of-way across the public lands in Owyhee County, State of Idaho, through 1948.

## C. OWYHEE COUNTY and USA ACTIONS AS RELATED TO THE SEVERAL PUBLIC RIGHTS-OF-WAY.

23.     Due to at least the activity alleged in the paragraphs above, Owyhee County faced a

dilemma in 1948.  It was apparent that Owyhee County had more than several public rights-of-

way constructed across the real property in the County to access, among other things, public

lands, mining claims, homestead entries, private land, and Idaho State lands for a variety of

lawful purposes. The ability to maintain these several rights-of-way was a fiscal challenge for

the County, and the County did not have an individual road record for the several rights-of-way.

Based thereon, the Board of County Commissioners for Owyhee County adopted "County Road

OR Highway Ordinance No. 1" on May 10, 1948, wherein it was stated:

---

### COUNTY ROAD OR HIGHWAY ORDINANCE
### No. 1.

Be It Ordained by the Board of County Commissioners of the County of Owyhee, State of Idaho:

1.  That each County Commissioner of Owyhee County, Idaho, be, and he is hereby directed within thirty days hereof, to view, describe, designate, and report to the Board of County Commissioners of Owyhee County, Idaho, all roads and highways within his commissioner's District as are necessary to the public convenience, for the purpose of having said highways recorded as public county highways, as provided by law.

2.  That all roads and highways not so designated and recorded in the County Highway Book, be and the same are hereby abandoned as County Highways, as unnecessary to the Public convenience.

3.  That such new or old roads or highways may be surveyed, viewed, laid out, designated, opened, worked, and recorded as county highways in the County Highway Book from time to time, upon petition of such parties as may be interested in the designation of the same as public county highways, whenever it appears necessary in the public convenience that the same be done.

4.  That all bridges and culverts necessary for the maintenance of any such designated and recorded county public highway shall be supplied, built and maintained at the county expense.

5.  That a copy of this ordinance be recorded in the County Highway Book as required by law.

---

*See* Owyhee County Commissioner Minutes, Book 11 at page 249, dated May 10, 1948.

**COMPLAINT**                                                                                    **10**

24.     The Ordinance adopted on May 10, 1948, intended that "all roads and highways not so designated and recorded in the County Highway Book, be and the same are hereby abandoned as County Highways, as unnecessary to the Public convenience", except as otherwise thereafter established. *See* OCC Minutes, Book 11 at page 249, paragraph #2, dated May 10, 1948.

25.     Consistent with the Ordinance adopted on May 10, 1948, the Board of County Commissioners for Owyhee County adopted a Resolution dated June 14, 1948, wherein it was stated:

COUNTY ROAD NO. 16. (Blue Creek) Beginning at State Highway 51 in Section 16, T 14 S, R 3 E; Thence northwesterly crossing Blue Creek on Section line common to Sections 19 and 30, T 13 S, 3 E, to Range line at N W corner Section 30, T 13 S, R 3 E, B. M.     5.5 mi.

ALBERT L. HARLEY

-- Procedure --

The class one Highway known as the Homedale-Indian Cove Highway is segregated in sections A, B, C, D, E. Other County roads are numbered numerically from north to south. Roads may hereafter be added to the system or abandoned by petition. New roads will be numbered and follow in numerical order as accepted by the Board.

The members of the Planning Board as now constituted are as follows:

| Orville S. Peet | - | Silver City |
| J. M. Graham | - | Homedale |
| Hubert E. Nettleton | - | Greens |
| Joe Turner | - | Bruneau |
| Kenneth Burton | - | Grand-View |
| Dale Dobbins | - | Marsing |

Together with the Board of County Commissioners as Ex-officio members thereof.

The terms of members A. V. Townsend, J. M. Graham and Hubert E. Nettleton have expired and the following named were appointed to fill the vacancies:

Hubert E. Nettleton for a six year term
J. M. Graham for a six year term.
A. V. Townsend succeeds himself as Ex-officio member as County Commissioner

Thereupon the Board adjourned until 10 o'clock A. M. July 12th, 1948.

_____
Chairman

Attest: _____
Clerk

*Intentionally left blank*

*See* Owyhee County Commissioner Minutes, Book 11 at pages 256-258, dated June 14, 1948.

26.     The Resolution dated June 14, 1948, created by a positive act of acceptance by Owyhee County several public rights-of-way, as specifically identified in said Resolution, in accordance with applicable Idaho State law. These several public rights-of-way are further alleged in the Third and Fourth Claims for Relief herein.

27.     In addition, the Board of County Commissioners for Owyhee County, by a positive act of acceptance on December 18, 1950, added several other public rights-of-way, in accordance with

///

///

///

**COMPLAINT**                                                                                    **12**

applicable Idaho State law. *See* Idaho Session Laws approved March 9, 1950, 1st Extraordinary

Session, Chapter 87, Sections 4(b), 12.  The Minutes dated December 18, 1950, stated that:



*See* Owyhee County Commissioner Minutes, Book 11 at pages 56-57, dated December 18, 1950.

**28.**    The minutes dated December 18, 1950, created by a positive act of acceptance by

Owyhee County for several other public rights-of-way, as specifically identified in said minutes,

in accordance with applicable Idaho State law.  These several public rights-of-way are further

alleged in the Third and Fourth Claims for Relief herein.

**COMPLAINT**                                                                                                          **13**

29.     In addition, the Board of County Commissioners for Owyhee County, by a positive act of

acceptance on December 9, 1974, added several other public rights-of-way, in accordance with

applicable Idaho State law. *See* Idaho Session Laws approved March 9, 1950, 1st Extraordinary

Session, Chapter 87, Sections 4(b), 12.  The Minutes dated December 9, 1974, stated:

```
             Clerk of the Board
                                    ************
         Having received petition to place the Blaine Mecham road into the County Road System, the Board,
    after due consideration, and being fully advised on the matter, did ORDER the following described road
    to be placed on the County Road System.  The road designated as the Blaine Mecham Road, is an access
    road from State Highway #78 to the Mecham Property.  Said road crosses Section 5, Township 6 South,
    Range 7 East, B. M., being 1.3 miles., as the road now exists.
                                    ******
         Having received petition to place the "Rye Patch Road" in to the County Road System, the Board,
    after due consideration, and being fully advised on the matter, did ORDER the following described
    road to be placed on the County Road System.  The road, designated as the Rye Patch Road is an access
    road from Highway #78(State) to the Wayne Smith property,  said road crosses Sections 1, 12 & 13,
    Township 4 South, Range 1 West, and Section 6, Township 4 South, Range 1 East, B. M., being approxi-
    mately 4 miles, as the road now exists.
                                    ******
```

*See* Owyhee County Commissioner Minutes, Book 12 at pages 192, dated December 9, 1974.

30.     The minutes dated December 9, 1974, created by a positive act of acceptance by Owyhee

County for several other public rights-of-way, as specifically identified in said minutes, in

accordance with applicable Idaho State law.  These several public rights-of-way are further

alleged in the Third and Fourth Claims for Relief herein.

31.     In addition, the public continued to use and Owyhee County continued to periodically

maintain several other public rights-of-way between June 14, 1948 and October 21, 1976, as

provided for in Idaho Code § 40-202(3), which states in applicable part that "all highways used

for a period of five (5) years, provided they shall have been worked and kept up at the expense of

the public … are highways." These several other public rights-of-way are further alleged in the

Fifth and Sixth Claims for Relief herein.

32.     Given its several public rights-of-way created on June 14, 1948, on December 18, 1950,

and/or on December 9, 1974, and given the several other public rights-of-way established by use

COMPLAINT                                                                                    14

and maintenance between June 14, 1948 and October 21, 1976, the Board of County

Commissioners for Owyhee County made application and assertions to the USA as to its several

public rights-of-way under R.S. 2477.  This occurred by at least two different means.

**33.**    First, this occurred by an "Application for Transportation and Utility Systems and

Facilities on Federal Land" dated March 28, 1984, wherein it was stated that:

> These are existing roads authorized under authority of R.S. 2477 which has been
> repealed, and these roads must now be recorded as rights-of-way under authority
> of P.L. 94-579. (List a standard width and reference the maps for location of
> roads.) See attached maps for location of roads which are maintained by Owyhee
> County Road and Bridge Department. All roads to be 60 feet in width. Roads on
> section lines to be 30 feet each side of section line.

*See* Application for Transportation and Utility Systems and Facilities on Federal Land" dated

March 28, 1984, at page 1.  This Application included specific maps, identifying the location of

the public rights-of-way subject to the application.

**34.**    The Application dated March 28, 1984, was submitted by Owyhee County to the USA

based upon rule duly promulgated by one of its own administrative agencies, i.e. U.S.

Department of the Interior - Bureau of Land Management ("BLM").  The rule stated:

> In order to facilitate management of the public lands, any … local government
> which has constructed public highways under the authority of R. S. 2477 (43
> U.S.C. 932, repealed October 21, 1976) may file a map showing the location of
> such public highways with the authorized officer. Maps filed under this paragraph
> shall be in sufficient detail to show the location of the R. S. 2477 highway(s) on
> public lands in relation to State or county highway(s) or road(s) in the vicinity.
> The submission of such maps showing the location of R. S. 2477 highway(s) on
> public lands shall not be conclusive evidence as to their existence. Similarly, a
> failure to show the location of R. S. 2477 highway(s) on any map shall not
> preclude a later finding as to their existence.

43 C.F.R. § 2802.5(b) (10-1-1983, 10-1-1984, 10-1-1985 Editions); *see also* 45 Fed.Reg. 44526

(7-1-1980), as amended at 47 Fed.Reg. 12570 (3-23-1982); 47 Fed.Reg. 38806 (9-2-1982).

**COMPLAINT**                                                                                                    **15**

35.     While Section 2802.5(b) (10-1-1984 Edition) stated that submission of such maps "shall not be conclusive evidence" as to the existence of public rights-of-way under R.S. 2477, the USA reviewed Owyhee County's Application dated March 28, 1984, through its agency, BLM, and granted Owyhee County an indefinite right-of-way grant under R.S. 2477 as to several of the public rights-of-way subject to this Complaint

36.      This grant by the USA was memorialized in (at least) a Letter dated April 3, 1984, from Oscar Anderson, Owyhee Field Office Manager, BLM, to Owyhee County, wherein BLM acknowledges receipt of Owyhee County Application on March 29, 1984, and wherein BLM stated to Owyhee County that "the official records are being noted to show that the public roads indicated on your maps are now authorized by Right-of-Way I-20724" with a width of 60 feet, i.e., 30 feet on each side of existing centerline, adding that "[n]o formal right-of-way grant from will be sent to you in accordance with new BLM right-of-way procedures in regarding to Revised Statute 2477 roads."

37.     The grant by BLM was initially made on April 3, 1984, inclusive of 67.6 miles of public rights-of-way in Owyhee County with a stated width of 60 feet.

38.     The grant by BLM is identified by BLM as right-of-way file IDI 020724 or right-of-way file I-20724.

39.     BLM uses the notation of IDI 020724 or I-20724 on its Master Title Plats within Owyhee County to report and to disclose the R.S. 2477 status of several of the public rights-of-way across the public lands in Owyhee County.

40.     The grant by BLM made in IDI 020724 was modified, in part, over time due to changes in land status of some public lands in Owyhee County.  However, under information and belief, IDI 020724 remains valid as part of the records and files of BLM as of the filing of this

COMPLAINT                                                                                                                    16

Complaint, and is not disputed by USA.  Plaintiffs reviewed and relied upon a version of IDI 020724 for this Complaint with a date of October 16, 2017. Plaintiffs also reviewed a version of IDI 020724 dated May 9, 2019 and found no changes from the version dated October 16, 2017 relative to the roads claimed in this Complaint.

41.    <u>Second</u>, this occurred by "Owyhee County Rights of Way Ordinance 93-02" dated April 12, 1993, as follows:

42.    Like the Application dated March 28, 1984, the contemplation of these assertions by Owyhee County was encouraged by the USA through a rule promulgated by BLM.  The rule stated:

> In order to facilitate management of the public lands, any … local government which has constructed public highways under the authority of R. S. 2477 (43 U.S.C. 932, repealed October 21, 1976) may file a map showing the location of such public highways with the authorized officer. Maps filed under this paragraph shall be in sufficient detail to show the location of the R. S. 2477 highway(s) on public lands in relation to State or county highway(s) or road(s) in the vicinity.

**COMPLAINT**                                                                                                    **17**

The submission of such maps showing the location of R. S. 2477 highway(s) on public lands shall not be conclusive evidence as to their existence. Similarly, a failure to show the location of R. S. 2477 highway(s) on any map shall not preclude a later finding as to their existence.

43 C.F.R. § 2802.5(b) (10-1-1993 Edition and 10-1-1994 Edition); *see also* 45 Fed.Reg. 44526

(7-1-1980), as amended at 47 Fed.Reg. 12570 (3-23-1982); 47 Fed.Reg. 38806 (9-2-1982); 52

Fed.Reg. 25808 (7-8-1987).

**43.**      On February 14, 1994, Board of County Commissioners for Owyhee County approved a

resolution to make its assertions of its several public rights-of-way by "Owyhee County

Resolution No. 94-03" which was entitled "Resolution Proclaiming Public Use for Rights-of-

Way upon and across Federally Managed and State Managed Lands in Owyhee County".  The

Resolution stated:



**44.**      On March 28, 1994, Board of County Commissioners for Owyhee County made it

assertions of its several public rights-of-way by an "Application of Assertion Right of Way",

which under information and belief, was soon thereafter submitted to the "authorized officer" of

the BLM in accordance with 43 C.F.R. § 2802.5(b) (10-1-1993 Edition and 10-1-1994 Edition).

The submitted "Application" was as follows:



45.     Beyond the R.S. 2477 grant made by BLM on April 3, 1984, as modified, in part, over

time as alleged above as to several public rights-of-way subject to this Complaint, the USA did

not act upon (either approving or disapproving) the several other public rights-of-way asserted

by Owyhee County on March 28, 1994.

46.     In the meantime, two material events arose after March 28, 1994, which put the Plaintiffs

on notice of a dispute as to the validity of the Owyhee County's assertions under R.S. 2477,

assuming they weren't previously or subsequently validated / granted, as alleged herein.

47.     First, Congress enacted the *Omnibus Public Land Management Act of 2009*, Public Law

111-11, 123 Stat. 991, dated March 30, 2009, which, in Subtitle F, Sections 1501-1508,

Congress, among other things, established certain wilderness areas in Owyhee County, Section

1503, and prescribed that a travel management plan for motorized and mechanized off-highway vehicle recreation would be prepared, Section 1507.

48.     Second, as part of its obligations under *Omnibus Public Land Management Act of 2009*, BLM initiated a travel management plan ("TMP") process for the Murphy Subregion.  Owyhee County submitted comments and coordinated discussions with BLM during such process as to it "assertions under R.S. 2477" upon the public lands within Owyhee County. *See Owyhee County, Idaho*, 179 IBLA 18, 22-25 (2010).  Notwithstanding such comments and discussions, BLM issued the Murphy Subregion TMP which in the view of Owyhee County "conflicts with its R.S. 2477 assertions". *Owyhee County, Idaho*, 179 IBLA at 27.  Owyhee County advanced its view in an administrative appeal of the TMP to the U.S. Department of the Interior, Office of Hearings and Appeals, Board of Land Appeals ("IBLA").  In answer to Owyhee County's appeal, BLM disagreed with Owyhee County's view, stating that Owyhee County's "R.S. 2744 assertions are yet to he perfected and avers it has the authority to designate and manage roads in the SRMA unless and until the County's assertions are validated by an appropriate court." *Id*.  The IBLA accepted BLM's answer, stating in a decision dated March 29, 2010, that:

> A County right-of-way over roads on Federal lands exists and attaches after its R.S. 2477 assertions are validated under the Quiet Title Act. *See Wilderness Society vs. Kane County,* 581 F.3d 1198, 1218-19 (10th Cir. 2009); *SUWA v. BLM,* 425 F.3d at 755-58. Until validated, it has inchoate rights; thereafter, they will be recognized by BLM. BLM is not compelled by law or precedent to concede management authority over these roads to the County prior to a judicial validation of its assertions. See *Kane County v. Salazar,* 562 F.3d 1077, 1087-88 (10th Cir. 2009); EA at 17 ("Where court rulings validate RS-2477 assertions, the TMP route designations would be modified to incorporate these findings"). We find no error in BLM so addressing the County's assertions or including their affected roads in the TMP.

*Owyhee County, Idaho*, 179 IBLA at 28.

**COMPLAINT**                                                                                           **20**

**49.**     Owyhee County did not seek judicial review of the IBLA's decision in *Owyhee County,*

*Idaho*, under the *Administrative Procedure Act*, 5 U.S.C. § 706(2), since the IBLA's decision did

not intend to adjudicate the Plaintiffs' "assertions under R.S. 2477". Instead, the IBLA's

decision only intended to effectively provide notice to the Plaintiffs as to the adversity between

the Plaintiffs and the Defendant as to the means to validate the several public rights-of-way

under R.S. 2477. Based upon this notice, the Plaintiffs exhausted two processes:

**50.**     <u>First</u>, Owyhee County initiated a process in 2011 to review its road assertions made on

March 28, 1994, and to categorize the various assertions into the following five categories:

> A. Rights-of-Way to be ratified as R.S. 2477: This group includes those rights-of-
> way that cross land owned by the United States of America within Owyhee
> County that are illustrated on General Land Office Maps or through other
> competent evidence that were established as public roads by public use for 5-
> years before 1893, by public use and public maintenance for 5-years before 1976,
> and/or by County declaration before 1976.

> B. Rights-of-Way to access private land and Idaho State land: This group includes
> those rights-of-way that cross land owned by the United States of America within
> Owyhee County that are illustrated on General Land Office Maps or through
> other competent evidence that were used to access private land and State land
> within Owyhee County before 1976.

> C. Rights-of-Way to provide "management/administrative access": This group
> includes those rights-of-way that cross land owned by the United States of
> America within Owyhee County that provide management/administrative access
> across such land to exercise the rights, obligations and entitlements of a
> license/permit/land use authorization issued by an agency of the United States of
> America, like the Bureau of Land Management ("BLM"). These licenses are
> inclusive of grazing permits issued by the BLM. BLM maintains similar
> administrative authority to cross private lands owned by a grazing permit holder.
> See 43 C.F.R. 4130.3-2(h) (10/1/2005 Edition).

> D. Rights-of-Way to provide "livestock trailing access": This group includes
> those rights-of-way that cross land owned by the United States of America within
> Owyhee County that provide livestock trailing access across such land to exercise
> the rights, obligations and entitlements of a license/permit/land use authorization
> issued by an agency of the United States of America, like the Bureau of Land
> Management ("BLM"). These licenses are inclusive of grazing permits and

**COMPLAINT**                                                                                             **21**

crossing permits issued by the BLM. BLM maintains similar administrative authority to cross private lands owned by a grazing permit holder. See 43 C.F.R. 4130.3-2(h) (10/1/2005 Edition).

E. Rights-of-Way not within any other group: This group includes those rights-of-way that cross land owned by the United States of America within Owyhee County that are not otherwise determined at this time to be within any other group noted above. This determination, when made by the Board, is not intended to change or otherwise impair whatever status the right-of-way may have had, now or in the future, unless otherwise adjudicated under applicable law.

*See* Owyhee County Resolution No. 2011-21 dated September 12, 2011, at pages 2-3; *see also* Owyhee County Resolution No. 2011-01 dated January 4, 2011, at pages 2-3.  This process also included the several public rights-of-way subject to BLM's grant dated April 3, 1984, i.e. IDI-020724, as modified in part, since these several public rights-of-way were included in the assertions even though they likely did not need to be, given BLM's action on April 3, 1984.

51.     The process was prescribed in Owyhee County Resolution No. 2011-01 dated January 4, 2011, as supplemented by Owyhee County Resolution No. 2011-21 dated September 12, 2011, and intended to meet and confer with the publics, as well as the USA, through BLM, to prepare final maps so as to apply a category A to E for each of the road assertions made on March 28, 1994.

52.     The public exercise to catalog each of the road assertions made on March 28, 1994, was a laborious, publicly open, and exhaustive task by Owyhee County to obtain and review the available competent evidence from whatever source; whether from individual citizens to state and federal agencies.

53.     The USA, through BLM, was repeatedly invited to all of the public meetings.

54.     This public exercise consumed six years of time, i.e. 2011 to 2017; inclusive of at least eight public meetings.

55.    On March 22, 2017, Owyhee County issued a public notice, published in *The Owyhee Avalanche* on March 22, 2017 and on April 12, 2017, with separate individual notices being mailed to the Idaho State Office of BLM, Boise District Office of BLM, Owyhee Field Office of BLM, and Twin Falls District Office of BLM, and the Jarbidge Field Office of BLM, that stated:

> A public meeting is scheduled for April 24, 2017 at 6:00 p.m. in Courtroom #1 of the Owyhee County Courthouse located at 20381 State Highway 78 in Murphy, Idaho. The purpose of this meeting is to hear public comments, and to thereafter receive further written public comments for 60-days, on the "*Proposed* Maps" that identify the group for each of the RS2477 rights of way on the public lands depicted on 161 USGS maps within Owyhee County, State of Idaho, as per Owyhee County Resolution No. 2011-21 dated September 12, 2011, paragraphs 1-2. *See also* Owyhee County Resolution No. 11-01 dated January 4, 2011, paragraphs 5-6. The public comments and written comments may include any omissions of any rights of way on the "*Proposed* Maps", and if any omissions, the public comments and written comment shall include the suggested group in which that right of way should be within. *See* Owyhee County Resolution No. 11-01 dated January 4, 2011, paragraph 6. The Board of Owyhee County Commissions designated Angie Barkell to prepare such "Proposed Maps", and Ms. Barkell has coordinated her efforts with the Owyhee County, Planning & Zoning Office. *See* Owyhee County Resolution No. 2011-21 dated September 12, 2011, paragraph 2.

*See* Public Notice published in *The Owyhee Avalanche* on March 22, 2017 and on April 12, 2017.

56.    On April 24, 2017, a public meeting was held.  Some comments were received as to the "Proposed Maps".

57.    After review and consideration of the comments given on April 24, 2017, and within the time allowed, Owyhee County officially adopted the "Final Maps", as per Owyhee County Resolution No. 2017-21 dated July 3, 2017.

58.    On July 27, 2017, Owyhee County issued a public notice of its approval and adoption of the "Final Maps", published in *The Owyhee Avalanche* on July 12, 2017, with separate individual notices being mailed to the Idaho State Office of BLM, Boise District Office of BLM,

**COMPLAINT**                                                                                                  **23**

Owyhee Field Office of BLM, and Twin Falls District Office of BLM, and the Jarbidge Field

Office of BLM.

59.     Between July 27, 2017 and December 16, 2019, Plaintiff Owyhee County, Plaintiff Gem

Highway District, and Plaintiff Three Creek Good Road District conferred as to the "Final

Maps" and organized the documentation it compiled during the process between 2011 and 2017

as to at least the Category "A" Roads on the "Final Maps".

60.     Second, the Plaintiffs initiated a road validation process in accordance with Idaho Code §

40-203A.

61.     The process is prescribed by Idaho Code § 40-203A, and was given meaning and

significance by the Idaho Supreme Court via its opinion in *Nemeth v. Shoshone County*, 165

Idaho 851, 453 P.3d. 844 (2019).  This opinion dated November 26, 2019, speaks for itself, but

the Idaho Supreme Court held that the *Federal Quiet Title Act*, 28 U.S.C. § 2409a, was not the

exclusive means to adjudicate a public right-of-way under R.S. 2477 across the public lands in

Idaho, as was differently / contradictorily disclosed to Owyhee County in *Owyhee County,*

*Idaho*, 179 IBLA 18, 27, 28 (2010).  Specifically, the Idaho Supreme Court stated in *Nemeth v.*

*Shoshone County* that:

> It is worth noting that the federal district court's decision in *County of Shoshone*
> relied heavily on the holding in *The Wilderness Soc'y v. Kane Cnty.,* Utah, 581
> F.3d 1198 (10th Cir. 2009) (hereinafter "*Kane County I* ").  However, the ruling
> in *Kane I* was vacated and remanded on standing grounds a year earlier by an *en*
> *banc* ruling of the Tenth Circuit Court of Appeals in *The Wilderness Soc. v. Kane*
> *Cnty.,* Utah, 632 F.3d 1162 (10th Cir. 2011) (hereinafter "*Kane County II*").  In
> *County of Shoshone*, the district court erroneously cited *Kane I* for the proposition
> that "the Quiet Title Act is the sole avenue by which [Shoshone County] can seek
> to prove the existence of its R.S. 2477 rights in court." *Shoshone County*, 912
> F.Supp.2d at 943 (*citing Kane County I*, 581 F.3d at 1219). The quoted language
> from *Kane County I* references *Block v. N. Dakota ex rel. Bd. of Univ. & Sch.*
> *Lands,* 461 U.S. 273, 286, 103 S.Ct. 1811, 75 L.Ed.2d 840 (1983), in support of
> its holding. This was incorrect, as the Tenth Circuit's *en banc* panel explained:

> "*Block* merely holds that the QTA is the exclusive means for an *adverse claimant* to challenge the government's title. **[The QTA] does not, nor could it, purport to be the exclusive means of recognizing R.S. 2477 rights.**" *Kane County II*, 632 F.3d at 1173 (emphasis added).

*Id*., 453 P.3d. at 851, footnote 3 (emphasis supplied). Given the holding in *Nemeth v. Shoshone County*, the Plaintiffs found it prudent to exhaust the statutory procedure to validate its several public rights-of-way as identified in the Third, Fourth, Fifth, and Sixth Claims for Relief herein.

**62.**    Based thereon, on January 13, 2020, and on January 14, 2020, the Plaintiffs separately adopted a "Resolution … for the Validation of Public Rights-of-Way" in accordance with Idaho Code § 40-203A, stating:

> NOW, THEREFORE, IT IS HEREBY RESOLVED, that the Board establishes a joint hearing date of February 25, 2020, with Board of Owyhee County Commissioners, the Board of District Commissioners for Gem Highway District, and the Board of District Commissioners for the Three Creek Good Road District, as per Idaho Code 40-203A(2)(c), wherein (1) notice of the validation hearing will be issued as per Idaho Code 40-203A(2)(d); (2) at the hearing, the Commissioners "shall consider all information relating to the proceedings and shall accept testimony from persons having an interest in the proposed validation" in accordance with Idaho Code 40-203A(2)(e); and, (3) upon the conclusion of the hearing or at such other time as is necessary to review the evidence from the hearing, the Commissioners will determine whether validation of any of the several rights-of-way in Group A will be validated as public rights-of-way, including as under R.S. 2477, and whether such validation would be in the public interest in accordance with Idaho Code 40-203A(3), and based thereon, the Commissioners will issue a joint order validating or not any or all of the several rights-of-way as public rights-of-way, including as under R.S. 2477, in accordance with Idaho Code 40-203A(3) and Idaho Code 40-203A(5).
>
> IT IS ALSO HEREBY RESOLVED, that the joint hearing only intends to validate the rights-of-way as they exist upon the public lands owned by the United States of America, and not as they may exist upon private land or Idaho State land.

**63.**    Before the hearing occurred on February 25, 2020, legal notice of the "Resolution … for the Validation of Public Rights-of-Way" was duly published in a newspaper of general circulation for Owyhee County, i.e. *The Owyhee Avalanche*.

**COMPLAINT**                                                                                    25

**64.** On February 25, 2020, a public hearing occurred before Board of Owyhee County Commissioners, the Board of District Commissioners for Gem Highway District, and the Board of District Commissioners for the Three Creek Good Road District, as per Idaho Code 40-203A(2)(c).  Neither the USA nor BLM appeared at the hearing even though explicit notice was given to BLM.  Evidence via testimony and documents were admitted in support of the Resolution / Petition to validate the several public rights-of-way under R.S. 2477 as identified in the Third, Fourth, Fifth, and Sixth Claims for Relief herein. No contrary evidence was offered during the public hearing.

**65.** After conclusion of the public hearing, the Plaintiffs issued their joint "Findings, Conclusions, and Order" dated February 25, 2020, ordering that "[b]ased upon the evidence presented, and on the findings and conclusions stated herein, the Boards order that the various roads identified in paragraphs 81 through 566 are a public right-of-way under Idaho Law, as well as a R.S. 2477 right-of-way under Federal law, and that the scope of such rights-of-way is as noted in paragraphs 81 through 566. See Idaho Code 40-203A(5). The Boards are order to continue to maintain such rights-of-way consistent with Idaho Law."

**66.** The "various roads identified in paragraphs 81 through 566" within the Findings, Conclusions, and Order dated February 25, 2020, are the same several public rights-of-way as identified in the Third, Fourth, Fifth, and Sixth Claims for Relief herein.

**67.** After the Finding, Conclusions, and Order dated February 25, 2020, no person, no entity, no tribal government, and no local, state, or federal government sought judicial review of the Findings, Conclusions, Order dated February 25, 2020, within any Idaho State Court.

**68.** Armed with its processes alleged in paragraphs 50 to 59 and in paragraphs 60 to 67, the Plaintiffs took the additional, separate and independent step to confirm the position of the USA

COMPLAINT                                                                                                     26

as to whether it disputed or not the title relative to the several public rights-of-way under R.S. 2477 as identified in the Third, Fourth, Fifth, and Sixth Claims for Relief herein.  All responses from the USA were equivocal; leaving the Plaintiffs in the irreconcilable position of needing to file its Complaint within the required 12-year statute of limitations under the *Federal Quiet Title Act*, 28 U.S.C. § 2409a(j).

**69.**    Based thereon, the Plaintiffs file this Complaint under the *Federal Declaratory Judgment Act*, 28 U.S.C. § 2201(a), or *in the alternative*, under the *Federal Quiet Title Act*, 28 U.S.C. § 2409a(a), as to the several public rights-of-way under R.S. 2477 that were determined to be within Category "A", as illustrated on the Map attached hereto and incorporated by reference in Exhibit "B", and as further clarified / confirmed by the Plaintiff's Findings, Conclusions, and Order dated February 25, 2020.  Plaintiffs have more detailed maps, i.e., the "Final Maps", of each of the several public rights-of-way, which are not appended to this Complaint due to the size and scope of each of the maps, but, in the meantime, the "Final Maps" are available online at Owyhee County's official website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

**70.**    Plaintiffs reallege and incorporate by reference paragraphs 1-69 herein.

**71.**    Section 8 of the Act of July 26, 1866, codified as 43 U.S.C. § 932 ("R.S. 2477"), granted a "right of way for the construction of highways over public lands, not reserved for public uses."

**72.**    While R.S. 2477 was repealed by the *Federal Land Policy and Management Act* ("FLMPA") on October 21, 1976, FLMPA preserved "any [R.S. 2477] rights-of-way that existed before FLMPA's October 21, 1976 effective date". *County of Shoshone v. United States*, 912 F.Supp.2d 912, 915 (D. Idaho 2012).

**COMPLAINT**                                                                                                    **27**

**73.**     The R.S. 2477 right-of-way grant is "self-executing", *Sierra Club v. Hodel*, 848 F.2d

1068, 1083 (10th Cir.1988), and "Congress never specified a particular method or procedure for

establishing R.S. 2477 rights-of-way." *County of Shoshone v. United States*, 912 F.Supp.2d at

915.  Quoting other Federal Court cases, the U.S. District Court, District of Idaho, stated in

*County of Shoshone v. United States*, 912 F.Supp.2d at 915, that:

> "the establishment of R.S. 2477 rights[-]of[-]way required no administrative
> formalities: no entry, no application, no license, no patent, and no deed on the
> federal side; no formal act of public acceptance on the part of the states or
> localities in whom the right was vested."

**74.**     An R.S. 2477 right-of-way grant comes into existence automatically when a public road

is established across the public lands in accordance with the law of the State. Whether R.S. 2477

right-of-way grant has been established is a question of State law. *See County of Shoshone v.*

*United States*, 912 F.Supp.2d at 926 (wherein, quoting from other Federal Court cases, the U.S.

District Court, District of Idaho, stated that "federal law governs the interpretation of R.S. 2477,

but in determining what is required for acceptance of a right of way under the statute, federal law

borrows from long-established principles of state law, to the extent that state law provides

convenient and appropriate principles for effectuating congressional intent." (internal quotation

marks omitted).

**75.**     The "state law to be 'borrowed' is that of the State of Idaho." *See County of Shoshone v.*

*United States*, 912 F.Supp.2d at 927.

**76.**     As applied to the timeframe between June 14, 1948 and October 21, 1976, the Idaho

State Law to be "borrowed" -- to create the several "public right[s]-of-way", Idaho Code **§** 40-

117(9) (definition of "Public right-of-way"), under R.S. 2477 alleged in this Complaint – is

either the (1) a "positive act of acceptance by the local government", i.e. Idaho Code § 40-202(3)

**COMPLAINT**                                                                                                   28

("... all highways … located and record by order of a board of commissioners, are highway."); or (2) "compliance with the road creation statutes in existence at the time", i.e. Idaho Code § 40-202(3) ("... all highways used for a period of five (5) years, provided they shall have been worked and kept up at the expense of the public … are highway."). *See Flying "A" Ranch, Inc. v. County Commissioners of Fremont County*, 342 P.3d 649, 654-655 (Idaho 2015) (citing *Galli v. Idaho County*, 146 Idaho 155, 159, 191 P.3d 233, 237 (2008); *see also* Idaho Code § 40-114(3) ("'Maintenance' means to preserve from failure or decline, or repair, refurbish, repaint or otherwise keep an existing highway or public right-of-way in a suitable state for use including, without limitation, snow removal, sweeping, litter control, weed abatement and placement or repair of public safety signage.")

77.     Idaho State Law prescribes that the scope of any public right-of-way in Idaho Code § 40-2312.  Section 40-2312 states:

> (1) Where the width of a highway is stated in the plat, dedication, deed, easement, agreement, official road book, determination or other document or by an oral agreement supported by clear and convincing evidence that effectively conveys, creates, recognizes or modifies the highway or establishes the width, that width shall control.
> (2)  Where no width is established as provided for in subsection (1) of this section and where subsection (3) of this section is not applicable, such highways, except bridges and those located within cities, shall be not less than fifty (50) feet wide.

78.     A plaintiff bears the burden of proving "the public status of a road by a preponderance of the evidence in a validation proceeding." *See Flying "A" Ranch, Inc. v. County Commissioners of Fremont County*, 342 P.3d 649, 654 (fn. 4) (Idaho 2015) (citing *Floyd v. Board of Commissioners of Bonneville County*, 137 Idaho 718, 724, 159, 52 P.3d 863, 869 (2002).

**COMPLAINT**                                                                                          **29**

**FIRST CLAIM FOR RELIEF – *VALIDATE* "PUBLIC RIGHT[S]-OF-WAY" VIA IDAHO ROAD VALIDATION PROCESS**

**79.**     Plaintiffs reallege and incorporate by reference paragraphs 1-78 herein.

**80.**     An actual controversy of a justiciable nature exists between the Plaintiffs and Defendant concerning the authority to validate public rights-of-way under R.S. 2477 upon the public lands in Idaho.  This controversy can be determined by a judgment of the court.

**81.**      Defendant claims that Plaintiffs must validate its R.S. 2477 rights in federal court under *Federal Quiet Title Act*, 28 U.S.C. § 2409a.  *E.g. Owyhee County, Idaho*, 179 IBLA at 28.

**82.**     Plaintiffs disagree.

**83.**     Idaho State Law prescribes in Idaho Code **§** 40-203A a Road Validation process which states:

> (1) … the commissioners may initiate validation proceedings on their own resolution, if any of the following conditions exist:
>> (a)  If, through omission or defect, doubt exists as to the legal establishment or evidence of establishment of a highway or public right-of-way;
>> (b)  If the location of the highway or public right-of-way cannot be accurately determined due to numerous alterations of the highway or public right-of-way, a defective survey of the highway, public right-of-way or adjacent property, or loss or destruction of the original survey of the highways or public rights-of-way; or
>> (c)  If the highway or public right-of-way as traveled and used does not generally conform to the location of a highway or public right-of-way described on the official highway system map or in the public records.
>
> (2)  If proceedings for validation of a highway or public right-of-way are initiated, the commissioners shall follow the procedure set forth in section 40-203, Idaho Code, and shall: …
>> (b)  Cause a report to be prepared, including consideration of any survey and any other information required by the commissioners;
>> (c)  Establish a hearing date on the proceedings for validation;
>> (d)  Cause notice of the proceedings to be provided in the same manner as for abandonment and vacation proceedings; and
>> (e)  At the hearing, the commissioners shall consider all information relating to the proceedings and shall accept testimony from persons having an interest in the proposed validation.

(3)  Upon completion of the proceedings, the commissioners shall determine whether validation of the highway or public right-of-way is in the public interest and shall enter an order validating the highway or public right-of-way as public or declaring it not to be public.

(4)  From any such decision, any resident or property holder within a county or highway district system, including the state of Idaho or any of its subdivisions, or any agency of the federal government, may appeal to the district court of the county in which the highway or public right-of-way is located pursuant to section 40-208, Idaho Code.

(5)  When a board of commissioners validates a highway or public right-of-way, it shall cause the order validating the highway or public right-of-way, and if surveyed, cause the survey to be recorded in the county records and shall amend the official highway system map of the respective county or highway district. …

84.     In *Nemeth v. Shoshone County*, 165 Idaho 851, 453 P.3d. 844 (2019), the Idaho Supreme Court interpreted and applied Idaho Code § 40-203A as a means to adjudicate a public right-of-way including under R.S. 2477 across the public lands in Idaho; holding that the *Federal Quiet Title Act*, 28 U.S.C. § 2409a, is not the exclusive means to adjudicate a public right-of-way under R.S. 2477 across the public lands in Idaho, particularly when, as here, title is not disputed. *E.g. Owyhee County, Idaho*, 179 IBLA at 27 (wherein the USA admits that "[i]t is uncontroverted that the County's right-of-way assertions under R.S. 2477 were 'acknowledged' pursuant to state law").

85.     Consistent with Idaho Code § 40-203A, the Plaintiffs petitioned / resolved on January 13, 2020, and on January 14, 2020, to validate the public rights-of-way under R.S. 2477 across the public lands in Idaho as identified in the Third, Fourth, Fifth, and Sixth Claims for Relief.

86.     Plaintiffs duly published their legal notice for a hearing to validate such public rights-of-way under Idaho Code **§** 40-203A.

**87.**     A public hearing occurred on February 25, 2020, wherein evidence was offered to support the validation of the rights-of-way as identified in the Second, Third, Fourth, and Fifth Claims for Relief as public rights-of-way under R.S. 2477.  No contrary evidence was offered.

**88.**     Based upon the undisputed evidence at the public hearing, the Plaintiffs adopted Findings, Conclusions, and Order dated February 25, 2020; stating at paragraph 578 of the Order that "[b]ased upon the evidence presented, and on the findings and conclusions stated herein, the Boards order that the various roads identified in paragraphs 81 through 566 are a public right-of-way under Idaho Law, as well as a R.S. 2477 right-of-way under Federal law, and that the scope of such rights-of-way is as noted in paragraphs 81 through 566."  The various roads identified in paragraphs 81 through 566 of the Findings, Conclusions, and Order dated February 25, 2020, are the same public rights-of-way identified in the Third, Fourth, Fifth, and Sixth Claims for Relief.

**89.**     The USA did not seek judicial review of the Findings, Conclusions, and Order dated February 25, 2020, in any Idaho State Court, as it was legally entitled to do under Idaho Code. The Findings, Conclusions and Order are final.

**90.**     Wherefore, Plaintiffs seek to "declare the rights and other legal relations" under the *Federal Declaratory Judgment Act*, 28 U.S.C. § 2201(a), that the Idaho Road Validation process prescribed by Idaho Code § 40-203A was legally sufficient to validate each of the roads identified in the Third, Fourth, Fifth, and Sixth Claims for Relief as public rights-of-way under R.S. 2477, as per the Plaintiffs' Findings, Conclusions, and Order dated February 25, 2020.

### SECOND CLAIM FOR RELIEF – *VALIDATE* "PUBLIC RIGHT[S]-OF-WAY" VIA USA'S OWN GRANT DATED APRIL 3, 1984

**91.**     Plaintiffs reallege and incorporate by reference paragraphs 1-78 herein.

**COMPLAINT**                                                                                          **32**

92.     An actual controversy of a justiciable nature exists between the Plaintiffs and Defendant concerning the validity of certain public rights-of-way under R.S. 2477 upon the public lands in Idaho identified in the Third and Fifth Claims for Relief.  This controversy can be determined by a judgment of the court.

93.     Defendant claims that Plaintiffs must validate its R.S. 2477 rights in federal court under *Federal Quiet Title Act*, 28 U.S.C. § 2409a.  *E.g. Owyhee County, Idaho*, 179 IBLA at 28.

94.     Plaintiffs disagree.

95.     Owyhee County prepared an "Application for Transportation and Utility Systems and Facilities on Federal Land" dated March 28, 1984, wherein it was stated that:

> These are existing roads authorized under authority of R.S. 2477 which has been repealed, and these roads must now be recorded as rights-of-way under authority of P.L. 94-579. (List a standard width and reference the maps for location of roads.) See attached maps for location of roads which are maintained by Owyhee County Road and Bridge Department. All roads to be 60 feet in width. Roads on section lines to be 30 feet each side of section line.

*See* Application for Transportation and Utility Systems and Facilities on Federal Land" dated March 28, 1984, at page 1.  This Application included specific maps, identifying the location of the public rights-of-way subject to the application.

96.     The Application dated March 28, 1984, was submitted by Owyhee County to the USA based upon rule duly promulgated by one of its own administrative agencies, i.e. BLM.  The rule stated:

> In order to facilitate management of the public lands, any … local government which has constructed public highways under the authority of R. S. 2477 (43 U.S.C. 932, repealed October 21, 1976) may file a map showing the location of such public highways with the authorized officer. Maps filed under this paragraph shall be in sufficient detail to show the location of the R. S. 2477 highway(s) on public lands in relation to State or county highway(s) or road(s) in the vicinity. The submission of such maps showing the location of R. S. 2477 highway(s) on public lands shall not be conclusive evidence as to their existence. Similarly, a

failure to show the location of R. S. 2477 highway(s) on any map shall not preclude a later finding as to their existence.

43 C.F.R. § 2802.5(b) (10-1-1983, 10-1-1984, 10-1-1985 Editions); *see also* 45 Fed.Reg. 44526 (7-1-1980), as amended at 47 Fed.Reg. 12570 (3-23-1982); 47 Fed.Reg. 38806 (9-2-1982).

97.     While Section 2802.5(b) (10-1-1984 Edition) stated that submission of such maps "shall not be conclusive evidence" as to the existence of public rights-of-way under R.S. 2477, the USA reviewed Owyhee County's Application dated March 28, 1984, through its agency, BLM, and granted Owyhee County an indefinite right-of-way grant under R.S. 2477 as to several of the public rights-of-way identified in the Third and Fifth Claims for Relief in this Complaint.

98.      This grant by the USA was memorialized in (at least) a Letter dated April 3, 1984, from Oscar Anderson, Owyhee Field Office Manager, BLM, to Owyhee County, wherein BLM acknowledges receipt of Owyhee County Application on March 29, 1984, and wherein BLM stated to Owyhee County that "the official records are being noted to show that the public roads indicated on your maps are now authorized by Right-of-Way I-20724" with a width of 60 feet, i.e., 30 feet on each side of existing centerline, adding that "[n]o formal right-of-way grant from will be sent to you in accordance with new BLM right-of-way procedures in regarding to Revised Statute 2477 roads."

99.     The grant by BLM was initially made on April 3, 1984, inclusive of 67.6 miles of public rights-of-way in Owyhee County with a stated width of 60 feet.

100.     The grant by BLM is identified by BLM as right-of-way file IDI 020724 or right-of-way file I-20724.

**101.**    BLM uses the notation of IDI 020724 or I-20724 on its Master Title Plats within Owyhee

County to report and to disclose the R.S. 2477 status of several of the public rights-of-way across

the public lands in Owyhee County.

**102.**    The grant by BLM made in IDI 020724 was modified, in part, over time due to changes

in land status of some public lands in Owyhee County.  However, under information and belief,

IDI 020724 remains valid as part of the records and files of BLM as of the filing of this

Complaint and is not disputed by the USA.

**103.**    Wherefore, Plaintiffs seek to "declare the rights and other legal relations" under the

*Federal Declaratory Judgment Act*, 28 U.S.C. § 2201(a), that the USA's grant, through BLM,

dated April 3, 1984, as modified, was legally sufficient to validate each of the roads identified in

the Third and Fifth Claims for Relief as public rights-of-way under R.S. 2477.

### THIRD CLAIM FOR RELIEF – *VALIDATE* "PUBLIC RIGHT[S]-OF-WAY" VIA DEDICATION BY OWYHEE COUNTY AND VIA GRANT BY THE U.S. DEPARTMENT OF THE INTERIOR, BUREAU OF LAND MANAGEMENT

**104.**    Plaintiffs reallege and incorporate by reference paragraphs 1-78 herein.

**105.**     Defendant disputes Plaintiffs' title, 28 U.S.C. § 2409a(a); characterizing the Plaintiffs'

assertions under R.S. 2477 as only "inchoate rights". *E.g. Owyhee County, Idaho*, 179 IBLA at

28.

**106.**    Plaintiffs disagree.

**107.**    The several public rights-of-way alleged in this Third Claim for Relief were created by a

positive act of acceptance by Owyhee County on June 14, 1948, on December 18, 1950, and/or

on December 9, 1974 as provided for in Idaho Code **§** 40-202(3), which states in applicable part

that "all highways … located and recorded by order of a board of commissioners, are highways."

*See also* Idaho Session Laws approved March 9, 1950, 1st Extraordinary Session, Chapter 87, Sections 4(b), 12.

108.    These *same* public rights-of-way alleged in this Third Claim for Relief were also created by a grant issued by the USA, through BLM, on April 3, 1984, as modified, in part, over time due to changes in land status of some public lands in Owyhee County, as part of BLM's own right-of-way file IDI 020724.

109.    These several public rights-of-way are individually and separately alleged in the sub-claims for relief below, as within the jurisdiction of Plaintiff Owyhee County and Plaintiff TCGRD.  Each road intends to be its own separate sub-claim for relief.

### A. OWYHEE COUNTY

110.    (1) <u>Bachman Grade Road</u>.

The Bachman Grade Road is more specifically illustrated on the "Final Map" identified as Antelope Spring (Map #68), Oreana (Map #67), Toy Pass (Map #57), Triangle Flat (Map #47), Triangle Reservoir (Map #58),  which are available online at Owyhee County's official website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

111.    This Road was created by a positive act of acceptance by Owyhee County on June 14, 1948, as provided for in Idaho Code § 40-202(3). *See* Owyhee County Commissioner Minutes, Book 11 at pages 256-258, dated June 14, 1948.

112.    This Road was given R.S. 2477 status by grant issued by the USA, through BLM, via its right-of-way file IDI-020724, on April 3, 1984.

113.    This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this

Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Application dated March 29, 1984, wherein Owyhee County claimed R.S. 2477 status as to such road, as illustrated on Map Sheet 2 and Map Sheet 3 on such Application; (c) Short Note Transmittal dated April 2, 1984, from Sally Carpenter, Boise District BLM, wherein it was documented the "posting to the MTPs" aka Master Title Plats, the rights-of-way under file I-20724 as "roads constructed under authority of R.S. 2477"; (d) Letter from Oscar Anderson, Owyhee Field Office Manager, BLM, to Owyhee County, wherein BLM acknowledges receipt of Owyhee County Application dated March 29, 1984, and wherein BLM advised Owyhee County that "the official records are being noted to show that the public roads indicated on your maps are now authorized by Right-of-Way I-20724" with a width of 60 feet, i.e., 30 feet on each side of existing centerline; (e) Owyhee County Resolution No. 94-03 dated February 14, 1994; (f) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (g) Owyhee County Resolution 2011-01 dated January 4, 2011; (h) Owyhee County Resolution 2011-21 dated September 12, 2011; (i) Owyhee County Resolution 2017-21 dated July 3, 2017; (j) Owyhee County Annual Maintenance or Inventory Maps in 1957, 1960, 1969, 1970, 1976; and (k) public comments received by Owyhee County during its 2011-2017 categorization process from S. Miller dated May 12, 2014.

**114.** Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Bachman Grade Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 60 feet in width, i.e., 30-feet on each side of center line.

**115.** (2) Clover Three Creek Road

116.    The Clover Three Creek Road is more specifically illustrated on the "Final Map"

identified as Clover Butte N. (Map #140), Clover Butte S. (Map #141), Crowbar Gulch (Map

#122), Hodge Station (Map #139), Hot Springs (Map #121), Pot Hole Butte (Map #130), Winter

Camp (Map #131), which are available online at Owyhee County's official website:

https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on

January 21, 2021 @ 2:45 P.M.).

117.    This Road was created by a positive act of acceptance by Owyhee County on June 14,

1948, and again on December 18, 1950, as provided for in Idaho Code § 40-202(3). *See* Owyhee

County Commissioner Minutes, Book 11 at pages 256-258, dated June 14, 1948; *see also*

Owyhee County Commissioner Minutes, Book 11 at pages 56-57, dated December 18, 1950.

118.    This Road was given R.S. 2477 status by grant issued by the USA, through BLM, via its

right-of-way file IDI-020724, on April 3, 1984.

119.    This Road maintained its status as public right-of-way under Idaho Law and under R.S.

2477 between June 14, 1948 and October 21, 1976, and even through the date of filing of this

Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Application dated

March 29, 1984, wherein Owyhee County claimed R.S. 2477 status as to such road, as illustrated

on Map Sheet 4, Map Sheet 5, and Map Sheet 9 on such Application; (c)  Short Note Transmittal

dated April 2, 1984, from Sally Carpenter, Boise District BLM, wherein it was documented the

"posting to the MTPs" aka Master Title Plats, the rights-of-way under file I-20724 as "roads

constructed under authority of R.S. 2477"; (d) Letter from Oscar Anderson, Owyhee Field Office

Manager, BLM, to Owyhee County, wherein BLM acknowledges receipt of Owyhee County

Application dated March 29, 1984, and wherein BLM advised Owyhee County that "the official

records are being noted to show that the public roads indicated on your maps are now authorized

COMPLAINT                                                                                      38

by Right-of-Way I-20724" with a width of 60 feet, i.e., 30 feet on each side of existing centerline; (e) Owyhee County Resolution No. 94-03 dated February 14, 1994; (f) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (g) Owyhee County Resolution 2011-01 dated January 4, 2011; (h) Owyhee County Resolution 2011-21 dated September 12, 2011; (i) Owyhee County Resolution 2017-21 dated July 3, 2017; (j) Owyhee County Annual Maintenance or Inventory Maps in 1958, 1960, 1962, 1964, 1969, 1970, 1971, 1975, 1976; (k) statements issued by Chet Brackett, specifically that Buck Creek Road ". . . received maintenance twice a year, [was] graded, drained, had borrow pits [and] were official roads that were turned into the State of Idaho for maintenance reimbursement" dated January 31, 2017; and (l) public comments issued by Chet Brackett, specifically that BLM gave maintenance duties for Buck Creek Road to Owyhee County, dated January 23, 2017.

120.    Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Clover Three Creek Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 60 feet in width, i.e., 30-feet on each side of center line.

121.    (3) <u>Cow Creek Road</u>.

122.    The Cow Creek Road is more specifically illustrated on the "Final Map" identified as Horse Butte (Map #152), Sheaville (Map #5), Swisher Mtn. (Map #20), which are available online at Owyhee County's official website: https://owyheecounty.net/departments/community-development/rs2477-project/ last checked on January 21, 2021 @ 2:45 P.M.).

**123.**    This Road was created by a positive act of acceptance by Owyhee County on June 14, 1948, as provided for in Idaho Code § 40-202(3). *See* Owyhee County Commissioner Minutes, Book 11 at pages 256-258, dated June 14, 1948.

**124.**    This Road was given R.S. 2477 status by grant issued by the USA, through BLM, via its right-of-way file IDI-020724, on April 3, 1984.

**125.**    This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948 and October 21, 1976, and even through the date of filing of this Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Application dated March 29, 1984, wherein Owyhee County claimed R.S. 2477 status as to such road, as illustrated on Map Sheet 2 on such Application; (c)  Short Note Transmittal dated April 2, 1984, from Sally Carpenter, Boise District BLM, wherein it was documented the "posting to the MTPs" aka Master Title Plats, the rights-of-way under file I-20724 as "roads constructed under authority of R.S. 2477"; (d) Letter from Oscar Anderson, Owyhee Field Office Manager, BLM, to Owyhee County, wherein BLM acknowledges receipt of Owyhee County Application dated March 29, 1984, and wherein BLM advised Owyhee County that "the official records are being noted to show that the public roads indicated on your maps are now authorized by Right-of-Way I-20724" with a width of 60 feet, i.e., 30 feet on each side of existing centerline; (e) Owyhee County Resolution No. 94-03 dated February 14, 1994; (f) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (g) Owyhee County Resolution 2011-01 dated January 4, 2011; (h) Owyhee County Resolution 2011-21 dated September 12, 2011; (i) Owyhee County Resolution 2017-21 dated July 3, 2017; (j) Owyhee County Commissioner Minutes dated July 29, 1974, November 12, 1974, February 10, 1975, April 14, 2975 and May 12, 1975;  (k) Owyhee County Annual Maintenance or Inventory Maps in 1957,1960, 1961, 1969, 1975 and

1976; and (l) C. Kingston Letter wherein the Cow Creek Road was recognized by the BLM as part of right-of-way IDI-20724 dated April 6, 1990.

126.    Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Cow Creek Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 60 feet in width, i.e., 30-feet on each side of center line.

127.    (4) Flint Creek Road.

128.    The Flint Creek Road is more specifically illustrated on the "Final Map" identified as Combination Ridge (Map #35), Flint (Map #34), Sugar Valley (Map #113), Triangle Flat (Map #47), which are available online at Owyhee County's official website:

https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

129.    This Road was created by a positive act of acceptance by Owyhee County on June 14, 1948, as provided for in Idaho Code § 40-202(3). *See* Owyhee County Commissioner Minutes, Book 11 at pages 256-258, dated June 14, 1948.

130.    This Road was given R.S. 2477 status by grant issued by the USA, through BLM, via its right-of-way file IDI-020724, on April 3, 1984.

131.    This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Application dated March 29, 1984, wherein Owyhee County claimed R.S. 2477 status as to such road, as illustrated on Map Sheet 2 on such Application; (c)  Short Note Transmittal dated April 2, 1984, from Sally

COMPLAINT                                                                                                  41

Carpenter, Boise District BLM, wherein it was documented the "posting to the MTPs" aka Master Title Plats, the rights-of-way under file I-20724 as "roads constructed under authority of R.S. 2477"; (d) Letter from Oscar Anderson, Owyhee Field Office Manager, BLM, to Owyhee County, wherein BLM acknowledges receipt of Owyhee County Application dated March 29, 1984, and wherein BLM advised Owyhee County that "the official records are being noted to show that the public roads indicated on your maps are now authorized by Right-of-Way I-20724" with a width of 60 feet, i.e., 30 feet on each side of existing centerline; (e) Owyhee County Resolution No. 94-03 dated February 14, 1994; (f) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (g) Owyhee County Resolution 2011-01 dated January 4, 2011; (h) Owyhee County Resolution 2011-21 dated September 12, 2011; (i) Owyhee County Resolution 2017-21 dated July 3, 2017; (j) Owyhee County Annual Maintenance or Inventory Maps in 1957, 1960, 1961, 1969, 1976; (k) Owyhee County Commissioner Minutes dated June 9, 1952 and June 14, 1976; and (l) public comments received by Owyhee County during its 2011-2017 categorization process from S. Miller dated May 12, 2014.

**132.**    Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Flint Creek Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 60 feet in width, i.e., 30-feet on each side of center line.

**133.**    (5) <u>Hot Creek Road</u>.

**134.**    The Hot Creek Road is more specifically illustrated on the "Final Map" identified as Bruneau (Map #112), Sugar Valley (Map #113), which are available online at Owyhee County's

official website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

135.    This Road was created by a positive act of acceptance by Owyhee County on June 14, 1948, as provided for in Idaho Code § 40-202(3). *See* Owyhee County Commissioner Minutes, Book 11 at pages 256-258, dated June 14, 1948.

136.    This Road was given R.S. 2477 status by grant issued by the USA, through BLM, via its right-of-way file IDI-020724, on April 3, 1984.

137.    This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Application dated March 29, 1984, wherein Owyhee County claimed R.S. 2477 status as to such road, as illustrated on Map Sheet 4 on such Application; (c)  Short Note Transmittal dated April 2, 1984, from Sally Carpenter, Boise District BLM, wherein it was documented the "posting to the MTPs" aka Master Title Plats, the rights-of-way under file I-20724 as "roads constructed under authority of R.S. 2477"; (d) Letter from Oscar Anderson, Owyhee Field Office Manager, BLM, to Owyhee County, wherein BLM acknowledges receipt of Owyhee County Application dated March 29, 1984, and wherein BLM advised Owyhee County that "the official records are being noted to show that the public roads indicated on your maps are now authorized by Right-of-Way I-20724" with a width of 60 feet, i.e., 30 feet on each side of existing centerline; (e) BLM Land Patent to State of Idaho Department of Parks and Recreation dated July 19, 1984, wherein Owyhee County was given notice of a change in ownership in a parcel of land where a portion of the Hot Creek Road right-of-way crossed the land; (f) Owyhee County Resolution No. 94-03 dated February 14, 1994; (g) Owyhee County Application of Assertion of Right of Way dated

COMPLAINT                                                                                                    43

March 28, 1994; (h) Owyhee County Resolution 2011-01 dated January 4, 2011; (i) Owyhee County Resolution 2011-21 dated September 12, 2011; (j) Owyhee County Resolution 2017-21 dated July 3, 2017; and (k) Owyhee County Annual Maintenance or Inventory Maps in 1960, 1969, 1970, and 1976.

138.    Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Hot Creek Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 60 feet in width, i.e., 30-feet on each side of center line.

139.    (6) <u>Hot Springs Road</u>.

140.    The Hot Springs Road is more specifically illustrated on the "Final Map" identified as Hot Springs (Map #121), Sugar Valley (Map #113), which are available online at Owyhee County's official website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

141.    This Road was created by a positive act of acceptance by Owyhee County on June 14, 1948, as provided for in Idaho Code § 40-202(3). *See* Owyhee County Commissioner Minutes, Book 11 at pages 256-258, dated June 14, 1948.

142.    This Road was given R.S. 2477 status by grant issued by the USA, through BLM, via its right-of-way file IDI-020724, on April 3, 1984.

143.    This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Application dated March 29, 1984, wherein Owyhee County claimed R.S. 2477 status as to such road, as illustrated

on Map Sheet 4 on such Application; (c)  Short Note Transmittal dated April 2, 1984, from Sally

Carpenter, Boise District BLM, wherein it was documented the "posting to the MTPs" aka

Master Title Plats, the rights-of-way under file I-20724 as "roads constructed under authority of

R.S. 2477"; (d) Letter from Oscar Anderson, Owyhee Field Office Manager, BLM, to Owyhee

County, wherein BLM acknowledges receipt of Owyhee County Application dated March 29,

1984, and wherein BLM advised Owyhee County that "the official records are being noted to

show that the public roads indicated on your maps are now authorized by Right-of-Way I-

20724" with a width of 60 feet, i.e., 30 feet on each side of existing centerline; (e) Owyhee

County Resolution No. 94-03 dated February 14, 1994; (f) Owyhee County Application of

Assertion of Right of Way dated March 28, 1994; (g) Owyhee County Resolution 2011-01 dated

January 4, 2011; (h) Owyhee County Resolution 2011-21 dated September 12, 2011; (i) Owyhee

County Resolution 2017-21 dated July 3, 2017; (j) Owyhee County Annual Maintenance or

Inventory Maps in 1960, 1969, 1976; (k) and Owyhee County Commissioner Minutes dated

February 12, 1951 and March 12, 1973.

**144.**     Wherefore, based upon the foregoing evidence and such other evidence that may be

offered and proven at trial, the Hot Springs Road -- as it exists across the lands owned by USA --

is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under

Idaho State law and R.S. 2477, within a scope of 60 feet in width, i.e., 30-feet on each side of

center line.

**145.**     (7) <u>Jordan Creek Road</u>

**146.**     The Jordan Creek Road is more specifically illustrated on the "Final Map" identified as

De Lamar (Map #33), Silver City (Map #45), which are available online at Owyhee County's

official website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

147.    This Road was created by a positive act of acceptance by Owyhee County on June 14, 1948, as provided for in Idaho Code § 40-202(3). *See* Owyhee County Commissioner Minutes, Book 11 at pages 256-258, dated June 14, 1948.

148.    This Road was given R.S. 2477 status by grant issued by the USA, through BLM, via its right-of-way file IDI-020724, on April 3, 1984.

149.    This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Application dated March 29, 1984, wherein Owyhee County claimed R.S. 2477 status as to such road, as illustrated on Map Sheet 2 on such Application; (c)  Short Note Transmittal dated April 2, 1984, from Sally Carpenter, Boise District BLM, wherein it was documented the "posting to the MTPs" aka Master Title Plats, the rights-of-way under file I-20724 as "roads constructed under authority of R.S. 2477"; (d) Letter from Oscar Anderson, Owyhee Field Office Manager, BLM, to Owyhee County, wherein BLM acknowledges receipt of Owyhee County Application dated March 29, 1984, and wherein BLM advised Owyhee County that "the official records are being noted to show that the public roads indicated on your maps are now authorized by Right-of-Way I-20724" with a width of 60 feet, i.e., 30 feet on each side of existing centerline; (e) Letter from C. Kingston, Owyhee Field Office Manager, BLM, to Owyhee County dated April 6, 1990, wherein BLM noted an amendment to IDI-20724, stating that these "roads have been determined to meet the criteria establish for acknowledgement under authority of Revised Statute 2477"; (f) Owyhee County Resolution No. 94-03 dated February 14, 1994; (g) Owyhee County Application of

**COMPLAINT**                                                                                                          **46**

Assertion of Right of Way dated March 28, 1994; (h) Owyhee County Resolution 2011-01 dated January 4, 2011; (i) Owyhee County Resolution 2011-21 dated September 12, 2011; (j) Owyhee County Resolution 2017-21 dated July 3, 2017; (k) Owyhee County Commissioner Minutes dated June 8, 1953, December 4, 1967, June 10, 1968, November 12, 1974 and May 12, 1975; and (l) Owyhee County Annual Maintenance or Inventory Maps in 1957, 1960, 1969, 1975 and 1976.

150.    Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Jordan Creek Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 60 feet in width, i.e., 30-feet on each side of center line.

151.    (8) <u>Juniper Mountain Road</u>.

152.    The Juniper Mountain Road is more specifically illustrated on the "Final Map" identified as Cliffs (Map #23), Juniper Point (Map #9), which are available online at Owyhee County's official website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

153.    This Road was created by a positive act of acceptance by Owyhee County on June 14, 1948, as provided for in Idaho Code § 40-202(3). *See* Owyhee County Commissioner Minutes, Book 11 at pages 256-258, dated June 14, 1948.

154.    This Road was given R.S. 2477 status by grant issued by the USA, through BLM, via its right-of-way file IDI-020724, on April 3, 1984.

155.    This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this

**COMPLAINT**                                                                                                    **47**

Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Application dated March 29, 1984, wherein Owyhee County claimed R.S. 2477 status as to such road, as illustrated on Map Sheet 2 and Map Sheet 6 on such Application; (c)  Short Note Transmittal dated April 2, 1984, from Sally Carpenter, Boise District BLM, wherein it was documented the "posting to the MTPs" aka Master Title Plats, the rights-of-way under file I-20724 as "roads constructed under authority of R.S. 2477"; (d) Letter from Oscar Anderson, Owyhee Field Office Manager, BLM, to Owyhee County, wherein BLM acknowledges receipt of Owyhee County Application dated March 29, 1984, and wherein BLM advised Owyhee County that "the official records are being noted to show that the public roads indicated on your maps are now authorized by Right-of-Way I-20724" with a width of 60 feet, i.e., 30 feet on each side of existing centerline; (e) Owyhee County Resolution No. 94-03 dated February 14, 1994; (f) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (g) Owyhee County Resolution 2011-01 dated January 4, 2011; (h) Owyhee County Resolution 2011-21 dated September 12, 2011; (i) Owyhee County Resolution 2017-21 dated July 3, 2017; and (j) Owyhee County Annual Maintenance or Inventory Maps in 1957, 1960, 1961, 1969 and 1976.

**156.** Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Juniper Mountain Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 60 feet in width, i.e., 30-feet on each side of center line.

**157.** (9) <u>McBride Creek Road</u>

**158.** The McBride Creek Road is more specifically illustrated on the "Final Map" identified as Piute Butte (Map #18), Rockville (Map #4), which are available online at Owyhee County's

official website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

**159.** This Road was created by a positive act of acceptance by Owyhee County on December 18, 1950, as provided for in Idaho Code **§** 40-202(3). *See* Owyhee County Commissioner Minutes, Book 11 at pages 57-58, dated December 18, 1950.

**160.** This Road was given R.S. 2477 status by grant issued by the USA, through BLM, via its right-of-way file IDI-020724, on April 3, 1984.

**161.** This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between December 18, 1950, and October 21, 1976, and even through the date of filing of this Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Application dated March 29, 1984, wherein Owyhee County claimed R.S. 2477 status as to such road, as illustrated on Map Sheet 1 on such Application; (c)  Short Note Transmittal dated April 2, 1984, from Sally Carpenter, Boise District BLM, wherein it was documented the "posting to the MTPs" aka Master Title Plats, the rights-of-way under file I-20724 as "roads constructed under authority of R.S. 2477"; (d) Letter from Oscar Anderson, Owyhee Field Office Manager, BLM, to Owyhee County, wherein BLM acknowledges receipt of Owyhee County Application dated March 29, 1984, and wherein BLM advised Owyhee County that "the official records are being noted to show that the public roads indicated on your maps are now authorized by Right-of-Way I-20724" with a width of 60 feet, i.e., 30 feet on each side of existing centerline; (e) Owyhee County Resolution No. 94-03 dated February 14, 1994; (f) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (g) Owyhee County Resolution 2011-01 dated January 4, 2011; (h) Owyhee County Resolution 2011-21 dated September 12, 2011; (i) Owyhee County Resolution 2017-21 dated July 3, 2017; (j) Owyhee County Commissioner Minutes dated

**COMPLAINT**                                                                                                      **49**

December 18, 1950; (k) Owyhee County Annual Maintenance or Inventory Maps in 1969 and 1976; and (l) BLM Compliance Check dated September 13, 2006 stating that this road, as a portion of Owyhee County's recognized R.S. 2477 assertion, is in compliance.

162.     Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the McBride Creek Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 60 feet in width, i.e., 30-feet on each side of center line.

163.     (10) <u>Mecham Road</u>

164.     The Mecham Road is more specifically illustrated on the "Final Map" identified as Bruneau Dunes (Map #120), which is available online at Owyhee County's official website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

165.     This Road was created by a positive act of acceptance by Owyhee County on December 9, 1974, as provided for in Idaho Code **§** 40-202(3). *See* Owyhee County Commissioner Minutes, Book 11 at pages 190-192.

166.     This Road was given R.S. 2477 status by grant issued by the USA, through BLM, via its right-of-way file IDI-020724, on April 3, 1984.

167.     This Road was created by public use and periodic maintenance at least after June 14, 1948, but before October 21, 1976, as provided for in Idaho Code § 40-202(3).

168.     This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Application dated

COMPLAINT                                                                                                               50

March 29, 1984, wherein Owyhee County claimed R.S. 2477 status as to such road, as illustrated on Map Sheet 4 on such Application; (c) Short Note Transmittal dated April 2, 1984, from Sally Carpenter, Boise District BLM, wherein it was documented the "posting to the MTPs" aka Master Title Plats, the rights-of-way under file I-20724 as "roads constructed under authority of R.S. 2477"; (d) Letter from Oscar Anderson, Owyhee Field Office Manager, BLM, to Owyhee County, wherein BLM acknowledges receipt of Owyhee County Application dated March 29, 1984, and wherein BLM advised Owyhee County that "the official records are being noted to show that the public roads indicated on your maps are now authorized by Right-of-Way I-20724" with a width of 60 feet, i.e., 30 feet on each side of existing centerline; (e) Owyhee County Resolution No. 94-03 dated February 14, 1994; (f) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (g) Owyhee County Resolution 2011-01 dated January 4, 2011; (h) Owyhee County Resolution 2011-21 dated September 12, 2011; (i) Owyhee County Resolution 2017-21 dated July 3, 2017; (j) Owyhee County Commissioner Minutes dated December 9, 1974; and (k) Owyhee County Annual Maintenance or Inventory Maps in 1974 and 1975.

**169.** Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Mecham Creek Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 60 feet in width, i.e., 30-feet on each side of center line.

**170.** (11) <u>Mud Flat Road</u>

**171.** The Mud Flat Road is more specifically illustrated on the "Final Map" identified as Big Springs Ranch (Map #71), Chalk Hills (Map #97), Clover Mtn. (Map #70), Grand View (Map

#96), Hurry Up Creek (Map #59), Perjue Canyon (Map #88),  Rough Mnt. NE (Map #78), Snow Creek (Map #80), Wagon Box Basin (Map #60) which are available online at Owyhee County's official website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

**172.**     This Road was created by a positive act of acceptance by Owyhee County on June 14, 1948, as provided for in Idaho Code **§** 40-202(3). *See* Owyhee County Commissioner Minutes, Book 11 at pages 256-258, dated June 14, 1948.

**173.**     This Road was given R.S. 2477 status by grant issued by the USA, through BLM, via its right-of-way file IDI-020724, on April 3, 1984.

**174.**     This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Application dated March 29, 1984, wherein Owyhee County claimed R.S. 2477 status as to such road, as illustrated on Map Sheet 2 and Map Sheet 3 on such Application; (c)  Short Note Transmittal dated April 2, 1984, from Sally Carpenter, Boise District BLM, wherein it was documented the "posting to the MTPs" aka Master Title Plats, the rights-of-way under file I-20724 as "roads constructed under authority of R.S. 2477"; (d) Letter from Oscar Anderson, Owyhee Field Office Manager, BLM, to Owyhee County, wherein BLM acknowledges receipt of Owyhee County Application dated March 29, 1984, and wherein BLM advised Owyhee County that "the official records are being noted to show that the public roads indicated on your maps are now authorized by Right-of-Way I-20724" with a width of 60 feet, i.e., 30 feet on each side of existing centerline; (e) Owyhee County Resolution No. 94-03 dated February 14, 1994; (f) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (g) Owyhee County Resolution 2011-01 dated

**COMPLAINT**                                                                                                          **52**

January 4, 2011; (h) Owyhee County Resolution 2011-21 dated September 12, 2011; (i) Owyhee County Resolution 2017-21 dated July 3, 2017; (j) Owyhee County Annual Maintenance or Inventory Maps in 1957, 1960, 1961, 1962, 1964, 1969, 1976; and (k) Owyhee County Commissioner Minutes dated June 13, 1949, August 18, 1949, and May 8, 1961.

**175.**     Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Mud Flat Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 60 feet in width, i.e., 30-feet on each side of center line.

**176.**     (12) <u>Oreana Loop Road (aka Browns Creek Road)</u>.

**177.**     The Oreana Loop Road, or the Browns Creek Road, is more specifically illustrated on the "Final Map" identified as Castle Butte (Map #77), Oreana (Map #67), which are available online at Owyhee County's official website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

**178.**     This Road was created by a positive act of acceptance by Owyhee County on June 14, 1948, as provided for in Idaho Code **§** 40-202(3). *See* Owyhee County Commissioner Minutes, Book 11 at pages 256-258, dated June 14, 1948.

**179.**     This Road was given R.S. 2477 status by grant issued by the USA, through BLM, via its right-of-way file IDI-020724, on April 3, 1984.

**180.**     This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Application dated March 29, 1984, wherein Owyhee County claimed R.S. 2477 status as to such road, as illustrated

on Map Sheet 3 on such Application; (c)  Short Note Transmittal dated April 2, 1984, from Sally

Carpenter, Boise District BLM, wherein it was documented the "posting to the MTPs" aka

Master Title Plats, the rights-of-way under file I-20724 as "roads constructed under authority of

R.S. 2477"; (d) Letter from Oscar Anderson, Owyhee Field Office Manager, BLM, to Owyhee

County, wherein BLM acknowledges receipt of Owyhee County Application dated March 29,

1984, and wherein BLM advised Owyhee County that "the official records are being noted to

show that the public roads indicated on your maps are now authorized by Right-of-Way I-

20724" with a width of 60 feet, i.e., 30 feet on each side of existing centerline; (e) Owyhee

County Resolution No. 94-03 dated February 14, 1994; (f) Owyhee County Application of

Assertion of Right of Way dated March 28, 1994; (g) Owyhee County Resolution 2011-01 dated

January 4, 2011; (h) Owyhee County Resolution 2011-21 dated September 12, 2011; (i) Owyhee

County Resolution 2017-21 dated July 3, 2017; (j) Owyhee County Commissioner Minutes dated

March 14, 1949 and December 7, 1959; and (k) Owyhee County Annual Maintenance or

Inventory Maps in 1969, 1970, 1971 and 1976.

**181.**     Wherefore, based upon the foregoing evidence and such other evidence that may be

offered and proven at trial, the Oreana Loop Road, or the Browns Creek Road, -- as it exists

across the lands owned by USA --  is a "public right-of-way" under Idaho State law with all the

rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 60 feet in

width, i.e., 30-feet on each side of center line.

**182.**     (13) <u>Pleasant Valley Road</u>.

**183.**     The Pleasant Valley Road is more specifically illustrated on the "Final Map" identified as

Jordan Valley (Map #7), Parsnip Peak (Map #8), Stonehouse Creek (Map #21), which are

available online at Owyhee County's official website:

https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

**184.**     This Road was created by a positive act of acceptance by Owyhee County on June 14, 1948, as provided for in Idaho Code **§** 40-202(3). *See* Owyhee County Commissioner Minutes, Book 11 at pages 256-258, dated June 14, 1948.

**185.**     This Road was given R.S. 2477 status by grant issued by the USA, through BLM, via its right-of-way file IDI-020724, on April 3, 1984.

**186.**     This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948 and October 21, 1976, and even through the date of filing of this Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Application dated March 29, 1984, wherein Owyhee County claimed R.S. 2477 status as to such road, as illustrated on Map Sheet 2 on such Application; (c)  Short Note Transmittal dated April 2, 1984, from Sally Carpenter, Boise District BLM, wherein it was documented the "posting to the MTPs" aka Master Title Plats, the rights-of-way under file I-20724 as "roads constructed under authority of R.S. 2477"; (d) Letter from Oscar Anderson, Owyhee Field Office Manager, BLM, to Owyhee County, wherein BLM acknowledges receipt of Owyhee County Application dated March 29, 1984, and wherein BLM advised Owyhee County that "the official records are being noted to show that the public roads indicated on your maps are now authorized by Right-of-Way I-20724" with a width of 60 feet, i.e., 30 feet on each side of existing centerline; (e) Owyhee County Resolution No. 94-03 dated February 14, 1994; (f) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (g) Owyhee County Resolution 2011-01 dated January 4, 2011; (h) Owyhee County Resolution 2011-21 dated September 12, 2011; (i) Owyhee County Resolution 2017-21 dated July 3, 2017; (j) Owyhee County Commissioner Minutes dated

**COMPLAINT**                                                                                                                           **55**

March 10, 1958, June 13, 1960 and October 8, 1962; and (k) Owyhee County Annual

Maintenance or Inventory Maps in 1957, 1960, 1965 and 1976.

187.    Wherefore, based upon the foregoing evidence and such other evidence that may be

offered and proven at trial, the Pleasant Valley Road-- as it exists across the lands owned by

USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges

allowed under Idaho State law and R.S. 2477, within a scope of 60 feet in width, i.e., 30-feet on

each side of center line.

188.    (14) Poison Creek Cutoff Road.

189.    The Poison Creek Cutoff Road is more specifically illustrated on the "Final Map"

identified as Castle Butte (Map #77), Perjue Canyon (Map #88), Rough Mountain (Map #79),

Rough Mtn. NE (Map #78), which are available online at Owyhee County's official website:

https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on

January 21, 2021 @ 2:45 P.M.).

190.    This Road was created by a positive act of acceptance by Owyhee County on June 14

1948, and again on December 18, 1950, as provided for in Idaho Code § 40-202(3). *See* Owyhee

County Commissioner Minutes, Book 11 at pages 256-258, dated June 14, 1948; *see also*

Owyhee County Commissioner Minutes, Book 11 at pages 56-57, dated December 18, 1950.

191.    This Road was given R.S. 2477 status by grant issued by the USA, through BLM, via its

right-of-way file IDI-020724, on April 3, 1984.

192.    This Road maintained its status as public right-of-way under Idaho Law and under R.S.

2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this

Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Application dated

March 29, 1984, wherein Owyhee County claimed R.S. 2477 status as to such road, as illustrated

on Map Sheet 3 on such Application; (c)  Short Note Transmittal dated April 2, 1984, from Sally

Carpenter, Boise District BLM, wherein it was documented the "posting to the MTPs" aka

Master Title Plats, the rights-of-way under file I-20724 as "roads constructed under authority of

R.S. 2477"; (d) Letter from Oscar Anderson, Owyhee Field Office Manager, BLM, to Owyhee

County, wherein BLM acknowledges receipt of Owyhee County Application dated March 29,

1984, and wherein BLM advised Owyhee County that "the official records are being noted to

show that the public roads indicated on your maps are now authorized by Right-of-Way I-

20724" with a width of 60 feet, i.e., 30 feet on each side of existing centerline; (e) Owyhee

County Resolution No. 94-03 dated February 14, 1994; (f) Owyhee County Application of

Assertion of Right of Way dated March 28, 1994; (g) Owyhee County Resolution 2011-01 dated

January 4, 2011; (h) Owyhee County Resolution 2011-21 dated September 12, 2011; (i) Owyhee

County Resolution 2017-21 dated July 3, 2017; (j) Owyhee County Commissioner Minutes dated

December 18, 1950; and (k) Owyhee County Annual Maintenance or Inventory Maps in 1969,

1970 and 1976.

**193.**    Wherefore, based upon the foregoing evidence and such other evidence that may be

offered and proven at trial, the Poison Creek Cutoff Road-- as it exists across the lands owned by

USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges

allowed under Idaho State law and R.S. 2477, within a scope of 60 feet in width, i.e., 30-feet on

each side of center line.

**194.**    (15) Rabbit Creek Road.

**195.**    The Rabbit Creek Road is more specifically illustrated on the "Final Map" identified as

Murphy (Map #55), Reynolds (Map #44), which are available online at Owyhee County's

official website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

196.     This Road was created by a positive act of acceptance by Owyhee County on June 14, 1948, as provided for in Idaho Code § 40-202(3). *See* Owyhee County Commissioner Minutes, Book 11 at pages 256-258, dated June 14, 1948.

197.     This Road was given R.S. 2477 status by grant issued by the USA, through BLM, via its right-of-way file IDI-020724, on April 3, 1984.

198.     This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Application dated March 29, 1984, wherein Owyhee County claimed R.S. 2477 status as to such road, as illustrated on Map Sheet 1 on such Application; (c)  Short Note Transmittal dated April 2, 1984, from Sally Carpenter, Boise District BLM, wherein it was documented the "posting to the MTPs" aka Master Title Plats, the rights-of-way under file I-20724 as "roads constructed under authority of R.S. 2477"; (d) Letter from Oscar Anderson, Owyhee Field Office Manager, BLM, to Owyhee County, wherein BLM acknowledges receipt of Owyhee County Application dated March 29, 1984, and wherein BLM advised Owyhee County that "the official records are being noted to show that the public roads indicated on your maps are now authorized by Right-of-Way I-20724" with a width of 60 feet, i.e., 30 feet on each side of existing centerline; (e) Owyhee County Resolution No. 94-03 dated February 14, 1994; (f) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (g) Owyhee County Resolution 2011-01 dated January 4, 2011; (h) Owyhee County Resolution 2011-21 dated September 12, 2011; (i) Owyhee County Resolution 2017-21 dated July 3, 2017; (j) Owyhee County Annual Maintenance or

COMPLAINT                                                                                                    58

Inventory Maps in 1969, 1970, 1976; and (k) Owyhee County Commissioner Minutes dated December 18, 1961.

199.    Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Rabbit Creek Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 60 feet in width, i.e., 30-feet on each side of center line.

200.    (16) Reynolds Creek Road (aka Road #1).

201.    The Reynolds Creek Road, or Road #1, is more specifically illustrated on the "Final Map" identified as Reynolds (Map #44), Wilson Peak (Map #43),  which are available online at Owyhee County's official website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

202.    This Road was created by a positive act of acceptance by Owyhee County on June 14, 1948, as provided for in Idaho Code § 40-202(3). *See* Owyhee County Commissioner Minutes, Book 11 at pages 256-258, dated June 14, 1948.

203.    This Road was given R.S. 2477 status by grant issued by the USA, through BLM, via its right-of-way file IDI-020724, on April 3, 1984.

204.    This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Application dated March 29, 1984, wherein Owyhee County claimed R.S. 2477 status as to such road, as illustrated on Map Sheet 1 on such Application; (c) Short Note Transmittal dated April 2, 1984, from Sally Carpenter, Boise District BLM, wherein it was documented the "posting to the MTPs" aka

COMPLAINT                                                                                                    59

Master Title Plats, the rights-of-way under file I-20724 as "roads constructed under authority of R.S. 2477"; (d) Letter from Oscar Anderson, Owyhee Field Office Manager, BLM, to Owyhee County, wherein BLM acknowledges receipt of Owyhee County Application dated March 29, 1984, and wherein BLM advised Owyhee County that "the official records are being noted to show that the public roads indicated on your maps are now authorized by Right-of-Way I-20724" with a width of 60 feet, i.e., 30 feet on each side of existing centerline; (e) BLM Land Patent to James A. Hackler and W. Irene Hackler dated July 19, 1984, wherein Owyhee County was given notice of a change in ownership in a parcel of land where a portion of the Reynold's Road right-of-way crossed the land; (f) Owyhee County Resolution No. 94-03 dated February 14, 1994; (g) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (h) Owyhee County Resolution 2011-01 dated January 4, 2011; (i) Owyhee County Resolution 2011-21 dated September 12, 2011; (j) Owyhee County Resolution 2017-21 dated July 3, 2017; (k) Owyhee County Commissioner Minutes dated June 12, 1950, June 26, 1950, February 12, 1951, April 14, 1952,  June 9, 1958 and May 13, 1974; and (l) Owyhee County Annual Maintenance or Inventory Maps in 1963, 1969 and 1976.

**205.**     Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Reynolds Creek Road, or Road #1, -- as it exists across the lands owned by USA --  is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 60 feet in width, i.e., 30-feet on each side of center line.

**206.**     (17) River Road (aka Road #9).

**207.**     The River Road (aka Road #9) is more specifically illustrated on the "Final Map" identified as CJ Strike (Map #104), Grand View (Map #96), which are available online at

**COMPLAINT**                                                                                                                    **60**

Owyhee County's official website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

208.    This Road was created by a positive act of acceptance by Owyhee County on June 14, 1948, as provided for in Idaho Code § 40-202(3). *See* Owyhee County Commissioner Minutes, Book 11 at pages 256-258, dated June 14, 1948.

209.    This Road was given R.S. 2477 status by grant issued by the USA, through BLM, via its right-of-way file IDI-020724, on April 3, 1984.

210.    This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Application dated March 29, 1984, wherein Owyhee County claimed R.S. 2477 status as to such road, as illustrated on Map Sheet 4 on such Application; (c)  Short Note Transmittal dated April 2, 1984, from Sally Carpenter, Boise District BLM, wherein it was documented the "posting to the MTPs" aka Master Title Plats, the rights-of-way under file I-20724 as "roads constructed under authority of R.S. 2477"; (d) Letter from Oscar Anderson, Owyhee Field Office Manager, BLM, to Owyhee County, wherein BLM acknowledges receipt of Owyhee County Application dated March 29, 1984, and wherein BLM advised Owyhee County that "the official records are being noted to show that the public roads indicated on your maps are now authorized by Right-of-Way I-20724" with a width of 60 feet, i.e., 30 feet on each side of existing centerline; (e) Owyhee County Resolution No. 94-03 dated February 14, 1994; (f) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (g) Owyhee County Resolution 2011-01 dated January 4, 2011; (h) Owyhee County Resolution 2011-21 dated September 12, 2011; (i) Owyhee

County Resolution 2017-21 dated July 3, 2017; and (j) Owyhee County Annual Maintenance or Inventory Maps in 1960, 1962, 1964, 1969, 1976.

211.    Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the River Road (aka Road #9) -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 60 feet in width, i.e., 30-feet on each side of center line.

212.    (18) Rowland Route Road

213.    The Rowland Route Road is more specifically illustrated on the "Final Map" identified as Antelope Creek (Map #118), Black Leg Creek (Map #119), Buster Butte (Map #117), Grasmere Reservoir (Map #109), Triguero Lake (Map #126), Triplet Butte (Map #127), which are available online at Owyhee County's official website:

https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

214.    This Road was created by a positive act of acceptance by Owyhee County on June 14, 1948, as provided for in Idaho Code § 40-202(3). *See* Owyhee County Commissioner Minutes, Book 11 at pages 256-258, dated June 14, 1948.

215.    This Road was given R.S. 2477 status by grant issued by the USA, through BLM, via its right-of-way file IDI-020724, on April 3, 1984.

216.    This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Application dated March 29, 1984, wherein Owyhee County claimed R.S. 2477 status as to such road, as illustrated

on Map Sheet 8 on such Application; (c) Short Note Transmittal dated April 2, 1984, from Sally Carpenter, Boise District BLM, wherein it was documented the "posting to the MTPs" aka Master Title Plats, the rights-of-way under file I-20724 as "roads constructed under authority of R.S. 2477"; (d) Letter from Oscar Anderson, Owyhee Field Office Manager, BLM, to Owyhee County, wherein BLM acknowledges receipt of Owyhee County Application dated March 29, 1984, and wherein BLM advised Owyhee County that "the official records are being noted to show that the public roads indicated on your maps are now authorized by Right-of-Way I-20724" with a width of 60 feet, i.e., 30 feet on each side of existing centerline; (e) Owyhee County Resolution No. 94-03 dated February 14, 1994; (f) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (g) Owyhee County Resolution 2011-01 dated January 4, 2011; (h) Owyhee County Resolution 2011-21 dated September 12, 2011; (i) Owyhee County Resolution 2017-21 dated July 3, 2017; and (j) Owyhee County Annual Maintenance or Inventory Maps in 1960, 1969, 1975 and 1976.

217.    Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Rowland Route Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 60 feet in width, i.e., 30-feet on each side of center line.

218.    (19) <u>Shoofly Cutoff Road</u>

219.    The Shoofly Cutoff Road is more specifically illustrated on the "Final Map" identified as Chalk Hills (Map #97), Little Valley (Map #105), which are available online at Owyhee County's official website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

COMPLAINT                                                                                           63

**220.** This Road was created by a positive act of acceptance by Owyhee County on June 14, 1948, as provided for in Idaho Code § 40-202(3). *See* Owyhee County Commissioner Minutes, Book 11 at pages 256-258, dated June 14, 1948.

**221.** This Road was given R.S. 2477 status by grant issued by the USA, through BLM, via its right-of-way file IDI-020724, on April 3, 1984.

**222.** This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Application dated March 29, 1984, wherein Owyhee County claimed R.S. 2477 status as to such road, as illustrated on Map Sheet 3 on such Application; (c)  Short Note Transmittal dated April 2, 1984, from Sally Carpenter, Boise District BLM, wherein it was documented the "posting to the MTPs" aka Master Title Plats, the rights-of-way under file I-20724 as "roads constructed under authority of R.S. 2477"; (d) Letter from Oscar Anderson, Owyhee Field Office Manager, BLM, to Owyhee County, wherein BLM acknowledges receipt of Owyhee County Application dated March 29, 1984, and wherein BLM advised Owyhee County that "the official records are being noted to show that the public roads indicated on your maps are now authorized by Right-of-Way I-20724" with a width of 60 feet, i.e., 30 feet on each side of existing centerline; (e) Owyhee County Resolution No. 94-03 dated February 14, 1994; (f) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (g) Owyhee County Resolution 2011-01 dated January 4, 2011; (h) Owyhee County Resolution 2011-21 dated September 12, 2011; (i) Owyhee County Resolution 2017-21 dated July 3, 2017; and (j) Owyhee County Annual Maintenance or Inventory Maps in 1960, 1969, 1970, 1976.

**223.** Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Shoofly Cutoff Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 60 feet in width, i.e., 30-feet on each side of center line.

**224.** (20) <u>Short Cut Road (aka Road 7a)</u>

**225.** The Short Cut Road (aka Road 7a) is more specifically illustrated on the "Final Map" identified as Castle Butte (Map #77), Oreana (Map #67), which are available online at Owyhee County's official website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

**226.** This Road was created by a positive act of acceptance by Owyhee County on June 14, 1948, and again on December 18, 1950, as provided for in Idaho Code § 40-202(3). *See* Owyhee County Commissioner Minutes, Book 11 at pages 256-258, dated June 14, 1948; *see also* Owyhee County Commissioner Minutes, Book 11 at pages 56-57, dated December 18, 1950.

**227.** This Road was given R.S. 2477 status by grant issued by the USA, through BLM, via its right-of-way file IDI-020724, on April 3, 1984.

**228.** This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Application dated March 29, 1984, wherein Owyhee County claimed R.S. 2477 status as to such road, as illustrated on Map Sheet 3 on such Application; (c)  Short Note Transmittal dated April 2, 1984, from Sally Carpenter, Boise District BLM, wherein it was documented the "posting to the MTPs" aka Master Title Plats, the rights-of-way under file I-20724 as "roads constructed under authority of

COMPLAINT                                                                                          65

R.S. 2477"; (d) Letter from Oscar Anderson, Owyhee Field Office Manager, BLM, to Owyhee County, wherein BLM acknowledges receipt of Owyhee County Application dated March 29, 1984, and wherein BLM advised Owyhee County that "the official records are being noted to show that the public roads indicated on your maps are now authorized by Right-of-Way I-20724" with a width of 60 feet, i.e., 30 feet on each side of existing centerline; (e) BLM Land Patents both "subject to those rights for an existing highway exercised under R.S. 2477 and noted under serial number I-20724" dated December 23, 1985 and January 13, 1986 respectively; (f) Owyhee County Resolution No. 94-03 dated February 14, 1994; (g) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (h) Owyhee County Resolution 2011-01 dated January 4, 2011; (i) Owyhee County Resolution 2011-21 dated September 12, 2011; (j) Owyhee County Resolution 2017-21 dated July 3, 2017; and (k) Owyhee County Annual Maintenance or Inventory Maps in 1969, 1970, 1971, 1976.

**229.**    Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Short Cut Road (aka Road 7a) -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 60 feet in width, i.e., 30-feet on each side of center line.

**230.**    (21) <u>Silver City Road</u>.

**231.**    The Silver City Road is more specifically illustrated on the "Final Map" identified as Murphy (Map #55), Silver City (Map #45), Sinker Canyon (Map #56), which are available online at Owyhee County's official website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

**COMPLAINT**                                                                                              **66**

**232.** This Road was created by a positive act of acceptance by Owyhee County on June 14, 1948, as provided for in Idaho Code § 40-202(3). *See* Owyhee County Commissioner Minutes, Book 11 at pages 256-258, dated June 14, 1948.

**233.** This Road was given R.S. 2477 status by grant issued by the USA, through BLM, via its right-of-way file IDI-020724, on April 3, 1984.

**234.** This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Application dated March 29, 1984, wherein Owyhee County claimed R.S. 2477 status as to such road, as illustrated on Map Sheet 1, Map Sheet 2, and Map Sheet 3 on such Application; (c)  Short Note Transmittal dated April 2, 1984, from Sally Carpenter, Boise District BLM, wherein it was documented the "posting to the MTPs" aka Master Title Plats, the rights-of-way under file I-20724 as "roads constructed under authority of R.S. 2477"; (d) Letter from Oscar Anderson, Owyhee Field Office Manager, BLM, to Owyhee County, wherein BLM acknowledges receipt of Owyhee County Application dated March 29, 1984, and wherein BLM advised Owyhee County that "the official records are being noted to show that the public roads indicated on your maps are now authorized by Right-of-Way I-20724" with a width of 60 feet, i.e., 30 feet on each side of existing centerline; (e) Owyhee County Resolution No. 94-03 dated February 14, 1994; (f) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (g) Owyhee County Resolution 2011-01 dated January 4, 2011; (h) Owyhee County Resolution 2011-21 dated September 12, 2011; (i) Owyhee County Resolution 2017-21 dated July 3, 2017; (j) Owyhee County Annual Maintenance or Inventory Maps in 1957, 1960, 1969, 1976; (k) Owyhee County Commissioner Minutes dated May 8, 1950, January 8, 1951, April 9, 1956, August 8, 1966,

**COMPLAINT**                                                                                                 **67**

December 4, 1967, and December 15, 1969; and (l) C. Kingston Letter wherein the Silver City Road was recognized by the BLM as part of right-of-way IDI-20724 dated April 6, 1990.

**235.**     Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Silver City Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 60 feet in width, i.e., 30-feet on each side of center line.

**236.**     (22) <u>South Mountain Road (aka Road 6a)</u>

**237.**     The South Mountain Road, or Road 6a, is more specifically illustrated on the "Final Map" identified as Cliffs (Map #23), Jordan Valley (Map #7), Stonehouse Creek (Map #21), Williams Creek (Map #22),  which are available online at Owyhee County's official website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

**238.**     This Road was created by a positive act of acceptance by Owyhee County on June 14, 1948, and again on December 18, 1950, as provided for in Idaho Code **§** 40-202(3). *See* Owyhee County Commissioner Minutes, Book 11 at pages 256-258, dated June 14, 1948; *see also* Owyhee County Commissioner Minutes, Book 11 at pages 56-57, dated December 18, 1950.

**239.**     This Road was given R.S. 2477 status by grant issued by the USA, through BLM, via its right-of-way file IDI-020724, on April 3, 1984.

**240.**     This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Application dated March 29, 1984, wherein Owyhee County claimed R.S. 2477 status as to such road, as illustrated

COMPLAINT                                                                                                    68

on Map Sheet 2 on such Application; (c)  Short Note Transmittal dated April 2, 1984, from Sally

Carpenter, Boise District BLM, wherein it was documented the "posting to the MTPs" aka

Master Title Plats, the rights-of-way under file I-20724 as "roads constructed under authority of

R.S. 2477"; (d) Letter from Oscar Anderson, Owyhee Field Office Manager, BLM, to Owyhee

County, wherein BLM acknowledges receipt of Owyhee County Application dated March 29,

1984, and wherein BLM advised Owyhee County that "the official records are being noted to

show that the public roads indicated on your maps are now authorized by Right-of-Way I-

20724" with a width of 60 feet, i.e., 30 feet on each side of existing centerline; (e) Owyhee

County Resolution No. 94-03 dated February 14, 1994; (f) Owyhee County Application of

Assertion of Right of Way dated March 28, 1994; (g) Owyhee County Resolution 2011-01 dated

January 4, 2011; (h) Owyhee County Resolution 2011-21 dated September 12, 2011; (i) Owyhee

County Resolution 2017-21 dated July 3, 2017; (j) Owyhee County Commissioner Minutes dated

December 18, 1950, July 9, 1951, August 13, 1951, June 9, 1952 and March 10, 1958; and (k)

Owyhee County Annual Maintenance or Inventory Maps in 1957, 1960, 1961, 1969 and 1976.

**241.**     Wherefore, based upon the foregoing evidence and such other evidence that may be

offered and proven at trial, the South Mountain Road, or Road (6)a, -- as it exists across the

lands owned by USA --  is a "public right-of-way" under Idaho State law with all the rights and

privileges allowed under Idaho State law and R.S. 2477, within a scope of 60 feet in width, i.e.,

30-feet on each side of center line.

**242.**     (23) <u>Triangle Road</u>.

**243.**     The Triangle Road is more specifically illustrated on the "Final Map" identified as Toy

Pass (Map #57) Triangle Flat (Map #47), which are available online at Owyhee County's official

website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

244.    This Road was created by a positive act of acceptance by Owyhee County on June 14, 1948, as provided for in Idaho Code § 40-202(3). *See* Owyhee County Commissioner Minutes, Book 11 at pages 256-258, dated June 14, 1948.

245.    This Road was given R.S. 2477 status by grant issued by the USA, through BLM, via its right-of-way file IDI-020724, on April 3, 1984.

246.    This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Application dated March 29, 1984, wherein Owyhee County claimed R.S. 2477 status as to such road, as illustrated on Map Sheet 2 on such Application; (c)  Short Note Transmittal dated April 2, 1984, from Sally Carpenter, Boise District BLM, wherein it was documented the "posting to the MTPs" aka Master Title Plats, the rights-of-way under file I-20724 as "roads constructed under authority of R.S. 2477"; (d) Letter from Oscar Anderson, Owyhee Field Office Manager, BLM, to Owyhee County, wherein BLM acknowledges receipt of Owyhee County Application dated March 29, 1984, and wherein BLM advised Owyhee County that "the official records are being noted to show that the public roads indicated on your maps are now authorized by Right-of-Way I-20724" with a width of 60 feet, i.e., 30 feet on each side of existing centerline; (e) Owyhee County Resolution No. 94-03 dated February 14, 1994; (f) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (g) Owyhee County Resolution 2011-01 dated January 4, 2011; (h) Owyhee County Resolution 2011-21 dated September 12, 2011; (i) Owyhee County Resolution 2017-21 dated July 3, 2017; (j) Owyhee County Annual Maintenance or

COMPLAINT                                                                                                                                                  70

Inventory Maps in 1957, 1960, 1969 and 1976; and (k) public comments received by Owyhee County during its 2011-2017 categorization process from S. Miller dated May 12, 2014.

247.    Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Triangle Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 60 feet in width, i.e., 30-feet on each side of center line.

248.    (24) Trout Creek Road

249.    The Trout Creek Road is more specifically illustrated on the "Final Map" identified as Jordan Valley (Map #7), Stonehouse Creek (Map #21), Swisher Mtn. (Map #20), which is available online at Owyhee County's official website:

https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

250.    This Road was created by a positive act of acceptance by Owyhee County on June 14, 1948, as provided for in Idaho Code § 40-202(3). *See* Owyhee County Commissioner Minutes, Book 11 at pages 256-258, dated June 14, 1948.

251.    This Road was given R.S. 2477 status by grant issued by the USA, through BLM, via its right-of-way file IDI-020724, on April 3, 1984.

252.    This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Application dated March 29, 1984, wherein Owyhee County claimed R.S. 2477 status as to such road, as illustrated on Map Sheet 2 on such Application; (c)  Short Note Transmittal dated April 2, 1984, from Sally

COMPLAINT                                                                                                          71

Carpenter, Boise District BLM, wherein it was documented the "posting to the MTPs" aka Master Title Plats, the rights-of-way under file I-20724 as "roads constructed under authority of R.S. 2477"; (d) Letter from Oscar Anderson, Owyhee Field Office Manager, BLM, to Owyhee County, wherein BLM acknowledges receipt of Owyhee County Application dated March 29, 1984, and wherein BLM advised Owyhee County that "the official records are being noted to show that the public roads indicated on your maps are now authorized by Right-of-Way I-20724" with a width of 60 feet, i.e., 30 feet on each side of existing centerline; (e) Owyhee County Resolution No. 94-03 dated February 14, 1994; (f) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (g) Owyhee County Resolution 2011-01 dated January 4, 2011; (h) Owyhee County Resolution 2011-21 dated September 12, 2011; (i) Owyhee County Resolution 2017-21 dated July 3, 2017; (j) Owyhee County Commissioner Minutes dated May 12, 1975, December 8, 1975 and October 18, 1976; (k) Owyhee County Annual Maintenance or Inventory Maps in 1957, 1960, 1965 and 1976; and (l) C. Kingston Letter wherein the Trout Creek Road was recognized by the BLM as part of right-of-way IDI-20724 dated April 6, 1990.

253.    Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Trout Creek Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 60 feet in width, i.e., 30-feet on each side of center line.

## B. THREE CREEK GOOD ROAD DISTRICT

254.    (25) Clover Three Creek Road

**255.** The Clover-Three Creek Road is more specifically illustrated on the "Final Map" identified as Clover Butte N (Map #140), Clover Butte S. (Map #141),  Crowbar Gulch (Map #122), Hodge Station (Map #139), Hot Springs (Map #121), Pot Hole Butte (Map #130), Winter Camp (Map #131), which are available online at Owyhee County's official website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

**256.** This Road was created by a positive act of acceptance by Owyhee County on June 14 1948, and again on December 18, 1950, as provided for in Idaho Code **§** 40-202(3). *See* Owyhee County Commissioner Minutes, Book 11 at pages 256-258, dated June 14, 1948; *see also* Owyhee County Commissioner Minutes, Book 11 at pages 56-57, dated December 18, 1950.

**257.**  This Road was given R.S. 2477 status by grant issued by the USA, through BLM, via its right-of-way file IDI-020724, on April 3, 1984.

**258.** This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Application dated March 29, 1984, wherein Owyhee County claimed R.S. 2477 status as to such road; (c) Short Note Transmittal dated April 2, 1984, from Sally Carpenter, Boise District BLM, wherein it was documented the "posting to the MTPs" aka Master Title Plats, the rights-of-way under file I-20724 as "roads constructed under authority of R.S. 2477"; (d) Letter from Oscar Anderson, Owyhee Field Office Manager, BLM, to Owyhee County, wherein BLM acknowledges receipt of Owyhee County Application dated March 29, 1984, and wherein BLM advised Owyhee County that "the official records are being noted to show that the public roads indicated on your maps are now authorized by Right-of-Way I-20724" with a width of 60 feet, i.e., 30 feet on each

side of existing centerline; (e) Owyhee County Resolution No. 94-03 dated February 14, 1994;

(f) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (g)

Owyhee County Resolution 2011-01 dated January 4, 2011; (h) Owyhee County Resolution

2011-21 dated September 12, 2011; (i) Owyhee County Resolution 2017-21 dated July 3, 2017;

(j) Three Creek Highway District Annual Maintenance or Inventory Maps in 1958, 1960, 1962,

1964, 1969, 1971, 1975 and 1976; (k) statements issued by Chet Brackett, specifically that

Three-Clover Creek Road ". . .received maintenance twice a year, were graded, drained and had

borrow pits. These were official roads that were turned into the State of Idaho for maintenance

reimbursement" dated January 31, 2017; and (l) public comments issued by Chet Brackett,

specifically that Clover-Three Creek Road was "okay" and maintained as needed, dated January

23, 2017.

**259.**     Wherefore, based upon the foregoing evidence and such other evidence that may be

offered and proven at trial, the Clover-Three Creek Road -- as it exists across the lands owned by

USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges

allowed under Idaho State law and R.S. 2477, within a scope of 60 feet in width, i.e., 30-feet on

each side of center line.

### FOURTH CLAIM FOR RELIEF – *VALIDATE* "PUBLIC[S] RIGHT-OF-WAY" VIA DEDICATION BY OWYHEE COUNTY

**260.**     Plaintiffs reallege and incorporate by reference paragraphs 1-78 herein.

**261.**     Defendant disputes Plaintiffs' title, 28 U.S.C. § 2409a(a); characterizing the Plaintiffs'

assertions under R.S. 2477 as only "inchoate rights". *E.g. Owyhee County, Idaho*, 179 IBLA at

28.

**262.**     Plaintiffs disagree.

**COMPLAINT**                                                                                          **74**

**263.**     The several public rights-of-way alleged in this Fourth Claim for Relief were created by a positive act of acceptance by Owyhee County on June 14, 1948, and/or on December 18, 1950, as provided for in Idaho Code **§** 40-202(3), which states in applicable part that "all highways … located and recorded by order of a board of commissioners, are highways. *See also* Idaho Session Laws approved March 9, 1950, 1st Extraordinary Session, Chapter 87, Sections 4(b), 12.

**264.**     These several public rights-of-way are individually and separately alleged in the sub-claims for relief below, as within the jurisdiction of Plaintiff Owyhee County and Plaintiff GHD. Each road intends to be its own separate sub-claim for relief.

### A. OWYHEE COUNTY

**265.**     (26) <u>Antelope Springs Road</u>.

**266.**     The Antelope Springs Road is more specifically illustrated on the "Final Map" identified as Clover Mtn. (Map #70), Hurry Up Creek (Map #59), Triangle Flat (Map #47), Triangle Reservoir (Map #58), which are available online at Owyhee County's official website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

**267.**     This Road was created by a positive act of acceptance by Owyhee County on December 18, 1950, as provided for in Idaho Code **§** 40-202(3). *See* Owyhee County Commissioner Minutes, Book 11 at pages 56-57, dated December 18, 1950.

**268.**     This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between December 18, 1950, and October 21, 1976, and even through the date of filing of this Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Resolution No. 94-03 dated February 14, 1994; (c) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (d) Owyhee County Resolution 2011-01 dated January 4, 2011; (e)

COMPLAINT                                                                                                                   75

Owyhee County Resolution 2011-21 dated September 12, 2011; (f) Owyhee County Resolution 2017-21 dated July 3, 2017; (g) Owyhee County Commissioner Minutes dated December 18, 1950; (h) Owyhee County Annual Maintenance or Inventory Maps in 1957, 1960 and 1969; and (i) public comments received by Owyhee County during its 2011-2017 categorization process from S. Miller dated May 12, 2014.

269.    Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Antelope Springs Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 50 feet in width as per Idaho Code § 40-2312(2).

270.    (27) <u>Balanced Rock Road</u>.

271.    The Balanced Rock Road is more specifically illustrated on the "Final Map" identified as Castleford Butte (Map #157), Crows Nest Butte (Map #145), which is available online at Owyhee County's official website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.)

272.    This Road was created by a positive act of acceptance by Owyhee County on December 18, 1950, as provided for in Idaho Code § 40-202(3). See Owyhee County Commissioner Minutes, Book 11 at pages 56-57, dated December 18, 1950.

273.    This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between December 18, 1950, and October 21, 1976, and even through the date of this Report, as demonstrated by: (a) continued public use; (b) Owyhee County Application dated March 29, 1984, wherein Owyhee County claimed R.S. 2477 status as to such road, as illustrated on Map Sheet 5 on such Application; (c) Short Note Transmittal dated April 2, 1984, from Sally

Carpenter, Boise District BLM, wherein it was documented the "posting to the MTPs" aka Master Title Plats, the rights-of-way under file I-20724 as "roads constructed under authority of R.S. 2477"; (d) Letter from Oscar Anderson, Owyhee Field Office Manager, BLM, to Owyhee County, wherein BLM acknowledges receipt of Owyhee County Application dated March 29, 1984, and wherein BLM advised Owyhee County that "the official records are being noted to show that the public roads indicated on your maps are now authorized by Right-of-Way I-20724" with a width of 60 feet, i.e., 30 feet on each side of existing centerline; (e) BLM Land Patent  wherein Owyhee County was given notice of a change in ownership in a parcel of land where a portion of the Balanced Rock Road right-of-way crossed the land dated March 6, 1989 at page 9-10.; (f) Owyhee County Resolution No. 94-03 dated February 14, 1994; (g) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (h) Owyhee County Resolution 2011-01 dated January 4, 2011; (i) Owyhee County Resolution 2011-21 dated September 12, 2011; (j) Owyhee County Resolution 2017-21 dated July 3, 2017; (k) Owyhee County Commissioner Minutes dated December 18, 1950; (l) Owyhee County Annual Maintenance or Inventory Maps in 1969 and 1975; (m) Statements issued by Chet Brackett, specifically that Balanced Rock Road was ". . . used annually and continually from 1948 through 1976" and "maintained as needed, certainly more than 5 times between 1948 and 1976" dated January 31, 2017; see also (n) BLM grant of right of way TCGRD dated February 20, 1992 under IDI 16779.

**274.**     Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Balanced Rock Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges

allowed under Idaho State law and R.S. 2477, within a scope of 50 feet in width, as per Idaho Code § 40-2312(2).

**275.**   (28) <u>Bates Creek Road</u>

**276.**   The Bates Creek Road is more specifically illustrated on the "Final Map" identified as Oreana (Map #67), Sinker Canyon (Map #56), which are available online at Owyhee County's official website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

**277.**   This Road was created by a positive act of acceptance by Owyhee County on December 18, 1950, as provided for in Idaho Code **§** 40-202(3). *See* Owyhee County Commissioner Minutes, Book 11 at pages 56-57, dated December 18, 1950.

**278.**   This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between December 18, 1950, and October 21, 1976, and even through the date of filing of this Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Resolution No. 94-03 dated February 14, 1994; (c) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (d) Owyhee County Resolution 2011-01 dated January 4, 2011; (e) Owyhee County Resolution 2011-21 dated September 12, 2011; (f) Owyhee County Resolution 2017-21 dated July 3, 2017; (g) Owyhee County Commissioner Minutes dated December 18, 1950; and (h) Owyhee County Annual Maintenance or Inventory Maps in 1969.

**279.**   Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Bates Creek Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 50 feet in width as per Idaho Code § 40-2312(2).

COMPLAINT                                                                                                  78

**280.**     (29) <u>Castleford Road</u>

**281.**     The Castleford Road is more specifically illustrated on the "Final Map" identified as

Black Butte East (Map #144) Black Butte West (Map #138), Clover Butte N. (Map #140),

Crowbar Gulch (Map #122), Crows Nest (Map #151), Crows Nest Butte (Map #145), Juniper

Butte (Map #147), Juniper Ranch (Map #146), Mosquito Lake Butte (Map #148), Murphy Hot

Springs (Map #149), Pot Hole Butte (Map #130), which are available online at Owyhee

County's official website: https://owyheecounty.net/departments/community-

development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

**282.**     This Road was created by a positive act of acceptance by Owyhee County on June 14,

1948, and again on December 18, 1950, as provided for in Idaho Code **§** 40-202(3). *See* Owyhee

County Commissioner Minutes, Book 11 at pages 256-258, dated June 14, 1948; *see also*

Owyhee County Commissioner Minutes, Book 11 at pages 56-57, dated December 18, 1950.

**283.**     This Road was subject of an Application for Transportation and Utility Systems and

Facilities on Federal Land dated March 28, 1984, wherein Owyhee County applied for R.S. 2477

status for this road, though, under information and belief, the USA did not include a right-of-way

grant under R.S. 2477 as to this road on or after April 3, 1984, as the USA did as to other roads

subject to this complaint and right-of-way file IDI 020724.  It is unknown the reason for the

omission by the USA in not including this road in right-of-way file IDI 020724, and it is

apparent to the Plaintiffs that the omission was advertent by the USA.

**284.**     This Road maintained its status as public right-of-way under Idaho Law and under R.S.

2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this

Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Application dated

March 29, 1984, wherein Owyhee County claimed R.S. 2477 status as to such road, as illustrated

COMPLAINT                                                                                                              79

on Map Sheet 5 on such Application; (c)  Short Note Transmittal dated April 2, 1984, from Sally

Carpenter, Boise District BLM, wherein it was documented the "posting to the MTPs" aka

Master Title Plats, the rights-of-way under file I-20724 as "roads constructed under authority of

R.S. 2477"; (d) Letter from Oscar Anderson, Owyhee Field Office Manager, BLM, to Owyhee

County, wherein BLM acknowledges receipt of Owyhee County Application dated March 29,

1984, and wherein BLM advised Owyhee County that "the official records are being noted to

show that the public roads indicated on your maps are now authorized by Right-of-Way I-

20724" with a width of 60 feet, i.e., 30 feet on each side of existing centerline; (e) Owyhee

County Resolution No. 94-03 dated February 14, 1994; (f) Owyhee County Application of

Assertion of Right of Way dated March 28, 1994; (g) Owyhee County Resolution 2011-01 dated

January 4, 2011; (h) Owyhee County Resolution 2011-21 dated September 12, 2011; (i) Owyhee

County Resolution 2017-21 dated July 3, 2017; and (j) Owyhee County Annual Maintenance or

Inventory Maps in 1960, 1969 and 1975.

**285.**   Wherefore, based upon the foregoing evidence and such other evidence that may be

offered and proven at trial, the Castleford Road -- as it exists across the lands owned by USA --

is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under

Idaho State law and R.S. 2477, within a scope of 50 feet in width, as per Idaho Code § 40-

2312(2).

**286.**   (30) <u>Indian Cove Bridge Road</u>

**287.**   The Indian Cove Bridge Road is more specifically illustrated on the "Final Map"

identified as Indian Cove (Map #128), which is available online at Owyhee County's official

website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last

checked on January 21, 2021 @ 2:45 P.M.).

COMPLAINT                                                                                          80

**288.**     This Road was created by a positive act of acceptance by Owyhee County on June 14, 1948, as provided for in Idaho Code **§** 40-202(3). *See* Owyhee County Commissioner Minutes, Book 11 at pages 256-258, dated June 14, 1948.

**289.**     This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Commissioner Minutes dating from 1949 to 1964; (c) Owyhee County Resolution No. 94-03 dated February 14, 1994; (d) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (e) Owyhee County Resolution 2011-01 dated January 4, 2011; (f) Owyhee County Resolution 2011-21 dated September 12, 2011; and (g) Owyhee County Resolution 2017-21 dated July 3, 2017.

**290.**     Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Indian Cove Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 50 feet in width as per Idaho Code § 40-2312(2).

**291.**     (31) Rye Patch Road

**292.**     The Rye Patch Road is more specifically illustrated on the "Final Map" identified as Oreana (Map #67), which is available online at Owyhee County's official website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

**293.** This Road was created by a positive act of acceptance by Owyhee County on December 9, 1974, as provided for in Idaho Code § 40-202(3). *See* Owyhee County Commissioner Minutes, Book 11 at pages 190-192, dated December 9, 1974.

**294.** This Road was subject of an Application for Transportation and Utility Systems and Facilities on Federal Land dated March 29, 1984, wherein Owyhee County applied for R.S. 2477 status for this road, though, under information and belief, the USA did not include a right-of-way grant under R.S. 2477 as to this road on or after April 3, 1984, as the USA did as to other roads subject to this complaint and right-of-way file IDI 020724.  It is unknown the reason for the omission by the USA in not including this road in right-of-way file IDI 020724, and it is apparent to the Plaintiffs that the omission was advertent by the USA.

**295.** This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Application dated March 29, 1984, wherein Owyhee County claimed R.S. 2477 status as to such road, as illustrated on Map Sheet 3 on such Application; (c) Short Note Transmittal dated April 2, 1984, from Sally Carpenter, Boise District BLM, wherein it was documented the "posting to the MTPs" aka Master Title Plats, the rights-of-way under file I-20724 as "roads constructed under authority of R.S. 2477"; (d) Letter from Oscar Anderson, Owyhee Field Office Manager, BLM, to Owyhee County, wherein BLM acknowledges receipt of Owyhee County Application dated March 29, 1984, and wherein BLM advised Owyhee County that "the official records are being noted to show that the public roads indicated on your maps are now authorized by Right-of-Way I-20724" with a width of 60 feet, i.e., 30 feet on each side of existing centerline; (e) Owyhee County Resolution No. 94-03 dated February 14, 1994; (f) Owyhee County Application of

**COMPLAINT**                                                                                                    **82**

Assertion of Right of Way dated March 28, 1994; (g) Owyhee County Resolution 2011-01 dated January 4, 2011; (h) Owyhee County Resolution 2011-21 dated September 12, 2011; (i) Owyhee County Resolution 2017-21 dated July 3, 2017; and (j) Owyhee County Commissioner Minutes dated December 9, 1974.

296.    Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Rye Patch Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 50 feet in width, as per Idaho Code § 40-2312(2).

297.    (32) <u>State Highway 51</u>

298.    The State Highway 51 is more specifically illustrated on the "Final Map" identified as Bruneau (Map #112), Bruneau Dunes (Map #120), Grasmere (Map #108), Grasmere Reservoir (Map #109), Hole In Rock (Map #106), Little Blue Table (Map #101), Little Valley (Map #105), Riddle (Map #102), Sugar Valley (Map #113), Wickahoney Crossing (Map #107), which are available online at Owyhee County's official website:

https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

299.    This Road was created by a positive act of acceptance by Owyhee County on June 14, 1948, as provided for in Idaho Code § 40-202(3). *See* Owyhee County Commissioner Minutes, Book 11 at pages 256-258, dated June 14, 1948.

300.    This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this Complaint, as demonstrated by: (a) continued public use; (b) BLM Land Patent to Idaho Parks

and Recreation dated July 19, 1984, wherein Owyhee County was given notice of a change in ownership in a parcel of land where a portion of the State Highway 51 right-of-way crossed the land; (c) Owyhee County Commissioner Minutes dating from 1949 to 1952; (d) Owyhee County Resolution No. 94-03 dated February 14, 1994; (e) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (f) Owyhee County Resolution 2011-01 dated January 4, 2011; (g) Owyhee County Resolution 2011-21 dated September 12, 2011; (h) Owyhee County Resolution 2017-21 dated July 3, 2017; and (i) Owyhee County Annual Maintenance or Inventory Maps in 1960 and 1976.

301.    Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the State Highway 51 Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 50 feet in width as per Idaho Code § 40-2312(2).

## B. THREE CREEK GOOD ROAD DISTRICT

302.    (33) Balanced Rock Road.

303.    The Balanced Rock Road is more specifically illustrated on the "Final Map" identified as Coonskin Butte NE (Map #158) which is available online at Owyhee County's official website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

304.    This Road was created by a positive act of acceptance by Owyhee County on December 18, 1950, as provided for in Idaho Code § 40-202(3). See Owyhee County Commissioner Minutes, Book 11 at pages 56-57, dated December 18, 1950.

**COMPLAINT**                                                                                              **84**

**305.**     This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between December 18, 1950, and October 21, 1976, and even through the date of this Report, as demonstrated by: (a) continued public use; (b) Owyhee County Application dated March 29, 1984, wherein Owyhee County claimed R.S. 2477 status as to such road, as illustrated on Map Sheet 5 on such Application; (c) Owyhee County Resolution No. 94-03 dated February 14, 1994; (d) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (e) Owyhee County Resolution 2011-01 dated January 4, 2011; (f) Owyhee County Resolution 2011-21 dated September 12, 2011; (g) Owyhee County Resolution 2017-21 dated July 3, 2017; (h) Owyhee County Commissioner Minutes dated December 18, 1950; (i) Owyhee County Annual Maintenance or Inventory Maps in 1969, 1970, and 1975; (j) statements issued by Chet Brackett, specifically that Airport Road ". . .received maintenance twice a year, were graded, drained and had borrow pits. These were official roads that were turned into the State of Idaho for maintenance reimbursement" dated January 31, 2017; (k) public comments issued by Chet Brackett, specifically that Airport Road received maintenance in 1968, dated January 23, 2017; (l) BLM grant of right of way TCGRD dated February 20, 1992 under IDI 16779; and (m) BLM Land Patent  wherein Owyhee County was given notice of a change in ownership in a parcel of land where a portion of the Balanced Rock Road right-of-way crossed the land dated March 6, 1989 at page 9-10.

**306.**     Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at the time of trial, the Balanced Rock Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 50 feet in width as per Idaho Code § 40-2312(2).

**FIFTH CLAIM FOR RELIEF – *VALIDATE* "PUBLIC[S] RIGHT-OF-WAY" VIA
PUBLIC USE & MAINTAINENACE AND VIA GRANT BY THE U.S. DEPARTMENT
OF THE INTERIOR, BUREAU OF LAND MANAGEMENT**

**307.** Plaintiffs reallege and incorporate by reference paragraphs 1-78 herein.

**308.** Defendant disputes Plaintiffs' title, 28 U.S.C. § 2409a(a); characterizing the Plaintiffs'

assertions under R.S. 2477 as only "inchoate rights". *E.g. Owyhee County, Idaho*, 179 IBLA at

28.

**309.** Plaintiffs disagree.

**310.** The several public rights-of-way alleged in this Fifth Claim for Relief were created by

compliance with the road creation statute in existence on and after June 14, 1948, but before

October 21, 1976, as provided for in Idaho Code **§** 40-202(3), which states in applicable part that

"all highways used for a period of five (5) years, provided they shall have been worked and kept

up at the expense of the public … are highways." *See also* Idaho Code § 40-114(3)

("'Maintenance' means to preserve from failure or decline, or repair, refurbish, repaint or

otherwise keep an existing … public right-of-way in a suitable state for use including, without

limitation, snow removal, sweeping, litter control, weed abatement and placement or repair of

public safety signage.")

**311.** These *same* public rights-of-way alleged in this Fifth Claim for Relief were also created

by a grant issued by the USA, through BLM, as modified, in part, over time due to changes in

land status of some public lands in Owyhee County, as part of BLM's own right-of-way file IDI

020724.

**312.** These several public rights-of-way are individually and separately alleged in the sub-

claims for relief below, as within the jurisdiction of Plaintiff Owyhee County, Plaintiff TCGRD,

and Plaintiff GHD.  Each road intends to be its own separate sub-claim for relief.

## A. OWYHEE COUNTY

**313.**    (34) <u>Black Sands Road</u>

**314.**    The Black Sands Road is more specifically illustrated on the "Final Map" identified as CJ Strike (Map #104), which is available online at Owyhee County's official website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

**315.**    This Road was created by public use and periodic maintenance at least after June 14, 1948, but before October 21, 1976, as provided for in Idaho Code § 40-202(3).

**316.**    This Road was given R.S. 2477 status by grant issued by the USA, through BLM, via its right-of-way file IDI-020724.

**317.**    This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Resolution No. 94-03 dated February 14, 1994; (c) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (d) Owyhee County Resolution 2011-01 dated January 4, 2011; (e) Owyhee County Resolution 2011-21 dated September 12, 2011; (f) Owyhee County Resolution 2017-21 dated July 3, 2017; and (g) Owyhee County Annual Maintenance or Inventory Maps in 1969 and 1976.

**318.**    Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Black Sands Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 60 feet in width, i.e., 30-feet on each side of center line.

COMPLAINT                                                                                                    87

**319.**    (35) <u>Bruneau Sand Dunes Road</u>

**320.**    The Bruneau Sand Dunes Road is more specifically illustrated on the "Final Map"

identified as Bruneau Dunes (Map #120), which is available online at Owyhee County's official

website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last

checked on January 21, 2021 @ 2:45 P.M.).

**321.**    This Road was created by public use and periodic maintenance at least after June 14,

1948, but before October 21, 1976, as provided for in Idaho Code § 40-202(3).

**322.**    This Road was given R.S. 2477 status by grant issued by the USA, through BLM, via its

right-of-way file IDI-020724, on April 3, 1984.

**323.**    This Road maintained its status as public right-of-way under Idaho Law and under R.S.

2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this

Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Application dated

March 29, 1984, wherein Owyhee County claimed R.S. 2477 status as to such road, as illustrated

on Map Sheet 4 on such Application; (c)  Short Note Transmittal dated April 2, 1984, from Sally

Carpenter, Boise District BLM, wherein it was documented the "posting to the MTPs" aka

Master Title Plats, the rights-of-way under file I-20724 as "roads constructed under authority of

R.S. 2477"; (d) Letter from Oscar Anderson, Owyhee Field Office Manager, BLM, to Owyhee

County, wherein BLM acknowledges receipt of Owyhee County Application dated March 29,

1984, and wherein BLM advised Owyhee County that "the official records are being noted to

show that the public roads indicated on your maps are now authorized by Right-of-Way I-

20724" with a width of 60 feet, i.e., 30 feet on each side of existing centerline; (e) Owyhee

County Resolution No. 94-03 dated February 14, 1994; (f) Owyhee County Application of

Assertion of Right of Way dated March 28, 1994; (g) Owyhee County Resolution 2011-01 dated

January 4, 2011; (h) Owyhee County Resolution 2011-21 dated September 12, 2011; (i) Owyhee County Resolution 2017-21 dated July 3, 2017; and (j) Owyhee County Annual Maintenance or Inventory Maps in 1960, 1968, 1969 and 1976.

324.    Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Bruneau Sand Dunes Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 60 feet in width, i.e., 30-feet on each side of center line.

325.    (36) Cottonwood Road

326.    The Cottonwood Road is more specifically illustrated on the "Final Map" identified as CJ Strike (Map #104), which is available online at Owyhee County's official website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

327.    This Road was created by public use and periodic maintenance at least after June 14, 1948, but before October 21, 1976, as provided for in Idaho Code § 40-202(3).

328.    This Road was given R.S. 2477 status by grant issued by the USA, through BLM, via its right-of-way file IDI-020724, on April 3, 1984.

329.    This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Application dated March 29, 1984, wherein Owyhee County claimed R.S. 2477 status as to such road, as illustrated on Map Sheet 4 on such Application; (c) Short Note Transmittal dated April 2, 1984, from Sally Carpenter, Boise District BLM, wherein it was documented the "posting to the MTPs" aka

COMPLAINT                                                                                                  89

Master Title Plats, the rights-of-way under file I-20724 as "roads constructed under authority of R.S. 2477"; (d) Letter from Oscar Anderson, Owyhee Field Office Manager, BLM, to Owyhee County, wherein BLM acknowledges receipt of Owyhee County Application dated March 29, 1984, and wherein BLM advised Owyhee County that "the official records are being noted to show that the public roads indicated on your maps are now authorized by Right-of-Way I-20724" with a width of 60 feet, i.e., 30 feet on each side of existing centerline; (e) Owyhee County Resolution No. 94-03 dated February 14, 1994; (f) Owyhee County Application of Assertion of Right of Way dated March 28, 1994 (g) Owyhee County Resolution 2011-01 dated January 4, 2011; (h) Owyhee County Resolution 2011-21 dated September 12, 2011; (i) Owyhee County Resolution 2017-21 dated July 3, 2017; (j) Owyhee County Annual Maintenance or Inventory Maps in 1960, 1969, and 1976; and (k) email from C. Werven, Realty Specialist for the BLM, dated January 31, 2011 stating Owyhee County claimed Cottonwood Road ". . . as part of the R.S.-2477 assertion filed with the BLM and it was recognized as a pre-FLPMA existing road Right-of-Way for public transportation purposes."

**330.**    Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Cottonwood Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 60 feet in width, i.e., 30-feet on each side of center line.

**331.**    (37) <u>Crane Falls Road</u>

**332.**    The Crane Falls Road is more specifically illustrated on the "Final Map" identified as Bruneau (Map #112), which is available online at Owyhee County's official website:

https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

**333.** This Road was created by public use and periodic maintenance at least after June 14, 1948, but before October 21, 1976, as provided for in Idaho Code **§** 40-202(3).

**334.** This Road was given R.S. 2477 status by grant issued by the USA, through BLM, via its right-of-way file IDI-020724, on April 3, 1984.

**335.** This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Application dated March 29, 1984, wherein Owyhee County claimed R.S. 2477 status as to such road, as illustrated on Map Sheet 4 on such Application; (c)  Short Note Transmittal dated April 2, 1984, from Sally Carpenter, Boise District BLM, wherein it was documented the "posting to the MTPs" aka Master Title Plats, the rights-of-way under file I-20724 as "roads constructed under authority of R.S. 2477"; (d) Letter from Oscar Anderson, Owyhee Field Office Manager, BLM, to Owyhee County, wherein BLM acknowledges receipt of Owyhee County Application dated March 29, 1984, and wherein BLM advised Owyhee County that "the official records are being noted to show that the public roads indicated on your maps are now authorized by Right-of-Way I-20724" with a width of 60 feet, i.e., 30 feet on each side of existing centerline; (e) Owyhee County Resolution No. 94-03 dated February 14, 1994; (f) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (g) Owyhee County Resolution 2011-01 dated January 4, 2011; (h) Owyhee County Resolution 2011-21 dated September 12, 2011; (i) Owyhee County Resolution 2017-21 dated July 3, 2017; and (j) Owyhee County Annual Maintenance or Inventory Maps in 1960, 1968, 1969, 1974, 1975, and 1976.

COMPLAINT                                                                                                      91

**336.**     Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Crane Falls Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 60 feet in width, i.e., 30-feet on each side of center line.

**337.**     (38) <u>Falls Road</u>

**338.**     The Falls Road is more specifically illustrated on the "Final Map" identified as Bruneau (Map #112), which is available online at Owyhee County's official website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

**339.**     This Road was created by public use and periodic maintenance at least after June 14, 1948, but before October 21, 1976, as provided for in Idaho Code **§** 40-202(3).

**340.**     This Road was given R.S. 2477 status by grant issued by the USA, through BLM, via its right-of-way file IDI-020724, on April 3, 1984.

**341.**     This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Application dated March 29, 1984, wherein Owyhee County claimed R.S. 2477 status as to such road, as illustrated on Map Sheet 4 on such Application; (c)  Short Note Transmittal dated April 2, 1984, from Sally Carpenter, Boise District BLM, wherein it was documented the "posting to the MTPs" aka Master Title Plats, the rights-of-way under file I-20724 as "roads constructed under authority of R.S. 2477"; (d) Letter from Oscar Anderson, Owyhee Field Office Manager, BLM, to Owyhee County, wherein BLM acknowledges receipt of Owyhee County Application dated March 29,

**COMPLAINT**                                                                                                     **92**

1984, and wherein BLM advised Owyhee County that "the official records are being noted to show that the public roads indicated on your maps are now authorized by Right-of-Way I-20724" with a width of 60 feet, i.e., 30 feet on each side of existing centerline; (e) Owyhee County Resolution No. 94-03 dated February 14, 1994; (f) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (g) Owyhee County Resolution 2011-01 dated January 4, 2011; (h) Owyhee County Resolution 2011-21 dated September 12, 2011; (i) Owyhee County Resolution 2017-21 dated July 3, 2017; and (j) Owyhee County Annual Maintenance or Inventory Maps in 1960, 1968, 1969 and 1976.

342.    Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Falls Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 60 feet in width, i.e., 30-feet on each side of center line.

343.    (39) <u>Horse Butte Road</u>

344.    The Horse Butte Road is more specifically illustrated on the "Final Map" identified as Coonskin Butte (Map #153), Crows Nest (Map #151), Crows Nest Butte (Map #145), Horse Butte (Map #152), which are available online at Owyhee County's official website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

345.    This Road was created by public use and periodic maintenance at least after June 14, 1948, but before October 21, 1976, as provided for in Idaho Code § 40-202(3).

346.    This Road was given R.S. 2477 status by grant issued by the USA, through BLM, via its right-of-way file IDI-020724, on April 3, 1984.

COMPLAINT                                                                                          93

347.    This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Application dated March 29, 1984, wherein Owyhee County claimed R.S. 2477 status as to such road, as illustrated on Map Sheet 5 and Map Sheet 9 on such Application; (c)  Short Note Transmittal dated April 2, 1984, from Sally Carpenter, Boise District BLM, wherein it was documented the "posting to the MTPs" aka Master Title Plats, the rights-of-way under file I-20724 as "roads constructed under authority of R.S. 2477"; (d) Letter from Oscar Anderson, Owyhee Field Office Manager, BLM, to Owyhee County, wherein BLM acknowledges receipt of Owyhee County Application dated March 29, 1984, and wherein BLM advised Owyhee County that "the official records are being noted to show that the public roads indicated on your maps are now authorized by Right-of-Way I-20724" with a width of 60 feet, i.e., 30 feet on each side of existing centerline; (e) Owyhee County Resolution No. 94-03 dated February 14, 1994; (f) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (g) Owyhee County Resolution 2011-01 dated January 4, 2011; (h) Owyhee County Resolution 2011-21 dated September 12, 2011; (i) Owyhee County Resolution 2017-21 dated July 3, 2017; (j) Owyhee County Annual Maintenance or Inventory Maps in 1975; and (k) Statements by Chet Brackett signed January 31, 2017, wherein use and maintenance is discussed.

348.    Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Horse Butte Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 60 feet in width, i.e., 30-feet on each side of center line.

COMPLAINT                                                                                                          94

**349.**    (40) <u>Mormon Boulevard Road</u>

**350.**    The Mormon Boulevard Road is more specifically illustrated on the "Final Map" identified as CJ Strike (Map #104), which is available online at Owyhee County's official website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

**351.**    This Road was created by public use and periodic maintenance at least after June 14, 1948, but before October 21, 1976, as provided for in Idaho Code **§** 40-202(3).

**352.**    This Road was given R.S. 2477 status by grant issued by the USA, through BLM, via its right-of-way file IDI-020724.

**353.**    This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this Complaint, as demonstrated by: (a) continued public use; (b) BLM Land Patent to David L. Lahtinen and Barbara M. Lahtinen dated August 9, 1996, wherein Owyhee County was given notice of a change in ownership in a parcel of land where a portion of the Mormon Boulevard right-of-way crossed the land; (c) Owyhee County Resolution No. 94-03 dated February 14, 1994; (d) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (e) Owyhee County Resolution 2011-01 dated January 4, 2011; (f) Owyhee County Resolution 2011-21 dated September 12, 2011; (g) Owyhee County Resolution 2017-21 dated July 3, 2017; and (h) Owyhee County Annual Maintenance or Inventory Maps in 1968, 1969 and 1976.

**354.**    Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Mormon Boulevard Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges

**COMPLAINT**                                                                                                                    **95**

allowed under Idaho State law and R.S. 2477, within a scope of 60 feet in width, i.e., 30-feet on each side of center line.

**355.**   (41) <u>Pothole Road</u>

**356.**   The Pothole Road is more specifically illustrated on the "Final Map" identified as Black Butte West (Map #138), Indian Cove (Map #128), Pence Butte (Map #129), Pot Hole Butte (Map #130), Pot Hole Canyon (Map #137), which are available online at Owyhee County's official website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

**357.**   This Road was created by public use and periodic maintenance at least after June 14, 1948, but before October 21, 1976, as provided for in Idaho Code § 40-202(3).

**358.**   This Road was given R.S. 2477 status by grant issued by the USA, through BLM, via its right-of-way file IDI-020724, on April 3, 1984.

**359.**   This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Application dated March 29, 1984, wherein Owyhee County claimed R.S. 2477 status as to such road, as illustrated on Map Sheet 5 on such Application; (c)  Short Note Transmittal dated April 2, 1984, from Sally Carpenter, Boise District BLM, wherein it was documented the "posting to the MTPs" aka Master Title Plats, the rights-of-way under file I-20724 as "roads constructed under authority of R.S. 2477"; (d) Letter from Oscar Anderson, Owyhee Field Office Manager, BLM, to Owyhee County, wherein BLM acknowledges receipt of Owyhee County Application dated March 29, 1984, and wherein BLM advised Owyhee County that "the official records are being noted to show that the public roads indicated on your maps are now authorized by Right-of-Way I-

**COMPLAINT**                                                                                                    **96**

20724" with a width of 60 feet, i.e., 30 feet on each side of existing centerline; (e) Owyhee County Resolution No. 94-03 dated February 14, 1994; (f) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (g) Owyhee County Resolution 2011-01 dated January 4, 2011; (h) Owyhee County Resolution 2011-21 dated September 12, 2011; (i) Owyhee County Resolution 2017-21 dated July 3, 2017; and (j) Owyhee County Annual Maintenance or Inventory Maps in 1960, 1969, 1970, 1975, and 1976.

360.    Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Pothole Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 60 feet in width, i.e., 30-feet on each side of center line.

361.    (42) Robinson Road

362.    The Robinson Road is more specifically illustrated on the "Final Map" identified as Castle Butte (Map #77), Jackass Butte (Map #86), which are available online at Owyhee County's official website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

363.    This Road was created by public use and periodic maintenance at least after June 14, 1948, but before October 21, 1976, as provided for in Idaho Code § 40-202(3).

364.    This Road was given R.S. 2477 status by grant issued by the USA, through BLM, via its right-of-way file IDI-020724, on April 3, 1984.

365.    This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Application dated

**COMPLAINT**                                                                                                    **97**

March 29, 1984, wherein Owyhee County claimed R.S. 2477 status as to such road, as illustrated on Map Sheet 3 on such Application; (c)  Short Note Transmittal dated April 2, 1984, from Sally Carpenter, Boise District BLM, wherein it was documented the "posting to the MTPs" aka Master Title Plats, the rights-of-way under file I-20724 as "roads constructed under authority of R.S. 2477"; (d) Letter from Oscar Anderson, Owyhee Field Office Manager, BLM, to Owyhee County, wherein BLM acknowledges receipt of Owyhee County Application dated March 29, 1984, and wherein BLM advised Owyhee County that "the official records are being noted to show that the public roads indicated on your maps are now authorized by Right-of-Way I-20724" with a width of 60 feet, i.e., 30 feet on each side of existing centerline; (e) BLM C. Miracle Letter and Envirosafe Land Patent wherein Owyhee County was given notice of a change in ownership in a parcel of land where a portion of the Robinson Road right-of-way crossed the land dated May 10, 1996;  (f) Owyhee County Resolution No. 94-03 dated February 14, 1994; (g) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (h) Owyhee County Resolution 2011-01 dated January 4, 2011; (i) Owyhee County Resolution 2011-21 dated September 12, 2011; (j) Owyhee County Resolution 2017-21 dated July 3, 2017; (k) Owyhee County Annual Maintenance or Inventory Maps in 1967, 1969 and 1976; (l) statement from M. Robinson dated March 31, 2016, as to use and maintenance; and (m) statement from C. Boland dated March 31, 2016, as to use and maintenance.

**366.**     Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Robinson Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 60 feet in width, i.e., 30-feet on each side of center line.

**COMPLAINT**                                                                                                          **98**

**367.**     (43) <u>Ruby to Silver Road</u>

**368.**     The Ruby to Silver Road is more specifically illustrated on the "Final Map" identified as

Silver City (Map #45), which is available online at Owyhee County's official website:

https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on

January 21, 2021 @ 2:45 P.M.).

**369.**     This Road was created by public use and periodic maintenance at least after June 14,

1948, but before October 21, 1976, as provided for in Idaho Code § 40-202(3).

**370.**     This Road was given R.S. 2477 status by grant issued by the USA, through BLM, via its

right-of-way file IDI-020724.

**371.**     This Road maintained its status as public right-of-way under Idaho Law and under R.S.

2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this

Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Resolution No. 94-

03 dated February 14, 1994; (c) Owyhee County Application of Assertion of Right of Way dated

March 28, 1994; (d) Owyhee County Resolution 2011-01 dated January 4, 2011; (e) Owyhee

County Resolution 2011-21 dated September 12, 2011; (f) Owyhee County Resolution 2017-21

dated July 3, 2017; (g) Citizen Affidavits in which Linda Jantz, Carol Leonard, Paul Nettleton,

Jim Hyslop, Pat Ihli, Jerry Hoagland, and Jan Beckwith state that they personally traveled on

Ruby to Silver Road, owned property surrounding the Road, or witnessed Owyhee County

maintaining the Road, dated July 16, 2016;  (h) Owyhee County Annual Maintenance or

Inventory Maps in 1957, 1960, 1969 and 1976; and (i) C. Kingston Letter dated April 6, 1990,

wherein the Ruby to Silver City Road was recognized by the BLM as part of right-of-way IDI-

20724.

**COMPLAINT**                                                                                                           **99**

**372.**    Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Ruby to Silver Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 60 feet in width, i.e., 30-feet on each side of center line.

**373.**    (44) <u>Soldier Cap Unnamed Road 06S08E18</u>

**374.**    The Soldier Cap Unnamed Road 06S08E18 is more specifically illustrated on the "Final Map" identified as Indian Cove (Map #128),  Pence Butte (Map #129), Pot Hole Canyon (Map #137), which are available online at Owyhee County's official website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

**375.**    This Road was created by public use and periodic maintenance at least after June 14, 1948, but before October 21, 1976, as provided for in Idaho Code **§** 40-202(3).

**376.**    This Road was given R.S. 2477 status by grant issued by the USA, through BLM, via its right-of-way file IDI-020724, on April 3, 1984.

**377.**    This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Application dated March 29, 1984, wherein Owyhee County claimed R.S. 2477 status as to such road, as illustrated on Map Sheet 5 on such Application; (c)  Short Note Transmittal dated April 2, 1984, from Sally Carpenter, Boise District BLM, wherein it was documented the "posting to the MTPs" aka Master Title Plats, the rights-of-way under file I-20724 as "roads constructed under authority of R.S. 2477"; (d) Letter from Oscar Anderson, Owyhee Field Office Manager, BLM, to Owyhee

**COMPLAINT**                                                                                              **100**

County, wherein BLM acknowledges receipt of Owyhee County Application dated March 29, 1984, and wherein BLM advised Owyhee County that "the official records are being noted to show that the public roads indicated on your maps are now authorized by Right-of-Way I-20724" with a width of 60 feet, i.e., 30 feet on each side of existing centerline; (e) Owyhee County Resolution No. 94-03 dated February 14, 1994; (f) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (g) Owyhee County Resolution 2011-01 dated January 4, 2011; (h) Owyhee County Resolution 2011-21 dated September 12, 2011; (i) Owyhee County Resolution 2017-21 dated July 3, 2017; and (j) Owyhee County Annual Maintenance or Inventory Maps in 1969 and 1976.

378.    Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Soldier Cap Unnamed Road 06S08E18 -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 60 feet in width, i.e., 30-feet on each side of center line.

379.    (45) Steiner Road

380.    The Steiner Road is more specifically illustrated on the "Final Map" identified as  Sugar Valley (Map #113), which is available online at Owyhee County's official website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

381.    This Road was created by public use and periodic maintenance at least after June 14, 1948, but before October 21, 1976, as provided for in Idaho Code § 40-202(3).

382.    This Road was given R.S. 2477 status by grant issued by the USA, through BLM, via its right-of-way file IDI-020724, on April 3, 1984.

COMPLAINT                                                                                                                        101

**383.** This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Application dated March 29, 1984, wherein Owyhee County claimed R.S. 2477 status as to such road, as illustrated on Map Sheet 4 on such Application; (c)  Short Note Transmittal dated April 2, 1984, from Sally Carpenter, Boise District BLM, wherein it was documented the "posting to the MTPs" aka Master Title Plats, the rights-of-way under file I-20724 as "roads constructed under authority of R.S. 2477"; (d) Letter from Oscar Anderson, Owyhee Field Office Manager, BLM, to Owyhee County, wherein BLM acknowledges receipt of Owyhee County Application dated March 29, 1984, and wherein BLM advised Owyhee County that "the official records are being noted to show that the public roads indicated on your maps are now authorized by Right-of-Way I-20724" with a width of 60 feet, i.e., 30 feet on each side of existing centerline; (e) Owyhee County Resolution No. 94-03 dated February 14, 1994; (f) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (g) Owyhee County Resolution 2011-01 dated January 4, 2011; (h) Owyhee County Resolution 2011-21 dated September 12, 2011; (i) Owyhee County Resolution 2017-21 dated July 3, 2017; (j) Owyhee County Annual Maintenance or Inventory Maps in 1960, 1973 and 1976; and (k) K. Steiner Letter stating that Owyhee County periodically maintained Steiner Road, dated May 17, 2016.

**384.** Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Steiner Road-- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 60 feet in width, i.e., 30-feet on each side of center line.

**385.**    (46) <u>Wilson Cemetery Road</u>

**386.**    The Wilson Cemetery Road is more specifically illustrated on the "Final Map" identified as Wilson Peak (Map #43), which is available online at Owyhee County's official website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

**387.**    This Road was created by public use and periodic maintenance at least after June 14, 1948, but before October 21, 1976, as provided for in Idaho Code **§** 40-202(3).

**388.**    This Road was given R.S. 2477 status by grant issued by the USA, through BLM, via its right-of-way file IDI-020724, on April 3, 1984.

**389.**    This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Application dated March 29, 1984, wherein Owyhee County claimed R.S. 2477 status as to such road, as illustrated on Map Sheet 1 on such Application; (c)  Short Note Transmittal dated April 2, 1984, from Sally Carpenter, Boise District BLM, wherein it was documented the "posting to the MTPs" aka Master Title Plats, the rights-of-way under file I-20724 as "roads constructed under authority of R.S. 2477"; (d) Letter from Oscar Anderson, Owyhee Field Office Manager, BLM, to Owyhee County, wherein BLM acknowledges receipt of Owyhee County Application dated March 29, 1984, and wherein BLM advised Owyhee County that "the official records are being noted to show that the public roads indicated on your maps are now authorized by Right-of-Way I-20724" with a width of 60 feet, i.e., 30 feet on each side of existing centerline; (e) Owyhee County Resolution No. 94-03 dated February 14, 1994; (f) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (g) Owyhee County Resolution 2011-01 dated

**COMPLAINT**                                                                                                                                                       **103**

January 4, 2011; (h) Owyhee County Resolution 2011-21 dated September 12, 2011; (i) Owyhee County Resolution 2017-21 dated July 3, 2017; and (j) Owyhee County Annual Maintenance or Inventory Map in 1969.

390.     Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Wilson Cemetery Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 60 feet in width, i.e., 30-feet on each side of center line.

391.     (47) Wilson Creek Road

392.     The Wilson Creek Road is more specifically illustrated on the "Final Map" identified as Wilson Peak (Map #43), which is available online at Owyhee County's official website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

393.     This Road was created by public use and periodic maintenance at least after June 14, 1948, but before October 21, 1976, as provided for in Idaho Code § 40-202(3).

394.     This Road was given R.S. 2477 status by grant issued by the USA, through BLM, via its right-of-way file IDI-020724, on April 3, 1984.

395.     This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Application dated March 29, 1984, wherein Owyhee County claimed R.S. 2477 status as to such road, as illustrated on Map Sheet 1 on such Application; (c)  Short Note Transmittal dated April 2, 1984, from Sally Carpenter, Boise District BLM, wherein it was documented the "posting to the MTPs" aka

COMPLAINT                                                                                                         104

Master Title Plats, the rights-of-way under file I-20724 as "roads constructed under authority of R.S. 2477"; (d) Letter from Oscar Anderson, Owyhee Field Office Manager, BLM, to Owyhee County, wherein BLM acknowledges receipt of Owyhee County Application dated March 29, 1984, and wherein BLM advised Owyhee County that "the official records are being noted to show that the public roads indicated on your maps are now authorized by Right-of-Way I-20724" with a width of 60 feet, i.e., 30 feet on each side of existing centerline; (e) Owyhee County Resolution No. 94-03 dated February 14, 1994; (f) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (g) Owyhee County Resolution 2011-01 dated January 4, 2011; (h) Owyhee County Resolution 2011-21 dated September 12, 2011; (i) Owyhee County Resolution 2017-21 dated July 3, 2017; (j) Owyhee County Annual Maintenance or Inventory Maps in 1974, 1975 and 1976; and (k) Richard Brandau Affidavit dated July 25, 2016 stating that the Wilson Creek Road was used by the public between 1948 and 1976, specifically for property access, access for firefighters and used by hunters, additionally, the BLM used county funds to pave portions of the road.

**396.**     Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Wilson Creek Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 60 feet in width, i.e., 30-feet on each side of center line.

## B. THREE CREEK GOOD ROAD DISTRICT

**397.**     (48) <u>Airport Road</u>

**398.**     The Airport Road is more specifically illustrated on the "Final Map" identified as Murphy Hot Springs (Map #149), which is available online at Owyhee County's official website:

https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

399.    This Road was created by public use and periodic maintenance at least after June 14, 1948, but before October 21, 1976, as provided for in Idaho Code § 40-202(3).

400.    This Road was given R.S. 2477 status by grant issued by the USA, through BLM, via its right-of-way file IDI-020724.

401.    This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Resolution No. 94-03 dated February 14, 1994; (c) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (d) Owyhee County Resolution 2011-01 dated January 4, 2011; (e) Owyhee County Resolution 2011-21 dated September 12, 2011; (f) Owyhee County Resolution 2017-21 dated July 3, 2017; (g) Three Creek Highway District Annual Maintenance or Inventory Maps in 1962, 1975 and 1976; (h) Chet Brackett Affidavit wherein he stated that Airport Road was "[g]raded annually to maintain access to state funded airport" dated March 3, 2017; (i) statements issued by Chet Brackett, specifically that Airport Road ". . .received maintenance twice a year, were graded, drained and had borrow pits. These were official roads that were turned into the State of Idaho for maintenance reimbursement" dated January 31, 2017; and (j) public comments issued by Chet Brackett, specifically that Airport Road received maintenance in 1968, dated January 23, 2017.

402.    Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Airport Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under

COMPLAINT                                                                                                              106

Idaho State law and R.S. 2477, within a scope of 60 feet in width, i.e., 30-feet on each side of center line.

**403.**     (49) <u>Big Bend Road</u>

**404.**     The Big Bend Road is more specifically illustrated on the "Final Map" identified as Big Bend Crossing (Map #159), Coonskin Butte (Map #153), which are available online at Owyhee County's official website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

**405.**     This Road was created by public use and periodic maintenance at least after June 14, 1948, but before October 21, 1976, as provided for in Idaho Code § 40-202(3).

**406.**     This Road was given R.S. 2477 status by grant issued by the USA, through BLM, via its right-of-way file IDI-020724, on April 3, 1984.

**407.**     This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Application dated March 29, 1984, wherein Owyhee County claimed R.S. 2477 status as to such road; (c) Short Note Transmittal dated April 2, 1984, from Sally Carpenter, Boise District BLM, wherein it was documented the "posting to the MTPs" aka Master Title Plats, the rights-of-way under file I-20724 as "roads constructed under authority of R.S. 2477"; (d) Letter from Oscar Anderson, Owyhee Field Office Manager, BLM, to Owyhee County, wherein BLM acknowledges receipt of Owyhee County Application dated March 29, 1984, and wherein BLM advised Owyhee County that "the official records are being noted to show that the public roads indicated on your maps are now authorized by Right-of-Way I-20724" with a width of 60 feet, i.e., 30 feet on each side of existing centerline; Owyhee County Resolution No. 94-03 dated February 14, 1994; (e)

**COMPLAINT**                                                                                                          **107**

Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (f) Owyhee County Resolution 2011-01 dated January 4, 2011; (g) Owyhee County Resolution 2011-21 dated September 12, 2011; (h) Owyhee County Resolution 2017-21 dated July 3, 2017; (i) statements issued by Chet Brackett, specifically that Big Bend Road was ". . . used annually and continually from 1948 through 1976" and "maintained as needed, certainly more than 5 times between 1948 and 1976" dated January 31, 2017; and (j) public comments issued by Chet Brackett, specifically that Big Bend Road received maintenance, dated January 23, 2017.

**408.**    Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Big Bend Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 60 feet in width, i.e., 30-feet on each side of center line.

**409.**    (50) Blossom Lane Road

**410.**    The Blossom Lane Road is more specifically illustrated on the "Final Map" identified as Three Creek (Map #155), which is available online at Owyhee County's official website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

**411.**    This Road was created by public use and periodic maintenance at least after June 14, 1948, but before October 21, 1976, as provided for in Idaho Code § 40-202(3).

**412.**    This Road was given R.S. 2477 status by grant issued by the USA, through BLM, via its right-of-way file IDI-020724, on April 3, 1984.

**413.**    This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this

Complaint, as demonstrated by: (a) continued public use;  (b) Owyhee County Application dated March 29, 1984, wherein Owyhee County claimed R.S. 2477 status as to such road; (c) Short Note Transmittal dated April 2, 1984, from Sally Carpenter, Boise District BLM, wherein it was documented the "posting to the MTPs" aka Master Title Plats, the rights-of-way under file I-20724 as "roads constructed under authority of R.S. 2477"; (d) Letter from Oscar Anderson, Owyhee Field Office Manager, BLM, to Owyhee County, wherein BLM acknowledges receipt of Owyhee County Application dated March 29, 1984, and wherein BLM advised Owyhee County that "the official records are being noted to show that the public roads indicated on your maps are now authorized by Right-of-Way I-20724" with a width of 60 feet, i.e., 30 feet on each side of existing centerline; Owyhee County Resolution No. 94-03 dated February 14, 1994; (e) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (f) Owyhee County Resolution 2011-01 dated January 4, 2011; (g) Owyhee County Resolution 2011-21 dated September 12, 2011; (h) Owyhee County Resolution 2017-21 dated July 3, 2017; (i) Three Creek Highway District Annual Maintenance or Inventory Maps in 1960, 1962, 1964, 1969, 1975 and 1976; and (j) statements issued by Chet Brackett, specifically that Blossom Lane Road ". . . received maintenance twice a year, [was] graded, drained, had borrow pits [and] were official roads that were turned into the State of Idaho for maintenance reimbursement" dated January 31, 2017.

**414.**   Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Blossom Lane Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 50 feet in width as per Idaho Code § 40-2312(2).

**415.**    (51) <u>Crawfish Loop Road</u>

**416.**    The Crawfish Loop Road is more specifically illustrated on the "Final Map" identified as

Salls Crossing (Map #154), Three Creek (Map #155), which are available online at Owyhee

County's official website: https://owyheecounty.net/departments/community-

development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

**417.**    This Road was created by public use and periodic maintenance at least after June 14,

1948, but before October 21, 1976, as provided for in Idaho Code **§** 40-202(3).

**418.**    This Road was given R.S. 2477 status by grant issued by the USA, through BLM, via its

right-of-way file IDI-020724, on April 3, 1984.

**419.**    This Road maintained its status as public right-of-way under Idaho Law and under R.S.

2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this

Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Application dated

March 29, 1984, wherein Owyhee County claimed R.S. 2477 status as to such road; (c) Short

Note Transmittal dated April 2, 1984, from Sally Carpenter, Boise District BLM, wherein it was

documented the "posting to the MTPs" aka Master Title Plats, the rights-of-way under file I-

20724 as "roads constructed under authority of R.S. 2477"; (d) Letter from Oscar Anderson,

Owyhee Field Office Manager, BLM, to Owyhee County, wherein BLM acknowledges receipt

of Owyhee County Application dated March 29, 1984, and wherein BLM advised Owyhee

County that "the official records are being noted to show that the public roads indicated on your

maps are now authorized by Right-of-Way I-20724" with a width of 60 feet, i.e., 30 feet on each

side of existing centerline; (e) Owyhee County Resolution No. 94-03 dated February 14, 1994;

(f) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (g)

Owyhee County Resolution 2011-01 dated January 4, 2011; (h) Owyhee County Resolution

COMPLAINT                                                                                                              110

2011-21 dated September 12, 2011; (i) Owyhee County Resolution 2017-21 dated July 3, 2017; (j) Three Creek Highway District Annual Maintenance or Inventory Maps in 1958, 1960, 1961, 1962, 1964, 1968, 1969, 1975 and 1976; (k) statements issued by Chet Brackett, specifically that Crawfish Loop Road ". . .received maintenance twice a year, were graded, drained and had borrow pits. These were official roads that were turned into the State of Idaho for maintenance reimbursement" dated January 31, 2017; and (l) public comments issued by Chet Brackett, specifically that Crawfish Loop Road was scheduled for a validation hearing, dated January 23, 2017.

420.    Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Crawfish Loop Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 60 feet in width, i.e., 30-feet on each side of center line.

421.    (52) Deadwood Lane Road

422.    The Deadwood Lane Road is more specifically illustrated on the "Final Map" identified as Curtis Draw (Map #161), which is available online at Owyhee County's official website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

423.    This Road was created by public use and periodic maintenance at least after June 14, 1948, but before October 21, 1976, as provided for in Idaho Code § 40-202(3).

424.    This Road was given R.S. 2477 status by grant issued by the USA, through BLM, via its right-of-way file IDI-020724, on April 3, 1984.

**COMPLAINT**                                                                                          **111**

**425.** This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Application dated March 29, 1984, wherein Owyhee County claimed R.S. 2477 status as to such road; (c) Short Note Transmittal dated April 2, 1984, from Sally Carpenter, Boise District BLM, wherein it was documented the "posting to the MTPs" aka Master Title Plats, the rights-of-way under file I-20724 as "roads constructed under authority of R.S. 2477"; (d) Letter from Oscar Anderson, Owyhee Field Office Manager, BLM, to Owyhee County, wherein BLM acknowledges receipt of Owyhee County Application dated March 29, 1984, and wherein BLM advised Owyhee County that "the official records are being noted to show that the public roads indicated on your maps are now authorized by Right-of-Way I-20724" with a width of 60 feet, i.e., 30 feet on each side of existing centerline; (e) Owyhee County Resolution No. 94-03 dated February 14, 1994; (f) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (g) Owyhee County Resolution 2011-01 dated January 4, 2011; (h) Owyhee County Resolution 2011-21 dated September 12, 2011; (i) Owyhee County Resolution 2017-21 dated July 3, 2017; (j) Three Creek Highway District Annual Maintenance or Inventory Maps in 1960, 1962, 1964, 1969, 1975 and 1976; (k) statements issued by Chet Brackett, specifically that Deadwood Lane Road ". . .received maintenance twice a year, were graded, drained and had borrow pits. These were official roads that were turned into the State of Idaho for maintenance reimbursement" dated January 31, 2017; and (l) public comments dated January 23, 2017, issued by Chet Brackett, specifically that Deadwood Lane was given to Owyhee County for maintenance from the BLM.

**COMPLAINT**                                                                                                    **112**

**426.**     Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Deadwood Lane Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 60 feet in width, i.e., 30-feet on each side of center line.

**427.**     (53) Elk Mountain Road

**428.**     The Elk Mountain Road is more specifically illustrated on the "Final Map" identified as Three Creek (Map #155), which is available online at Owyhee County's official website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

**429.**     This Road was created by public use and periodic maintenance at least after June 14, 1948, but before October 21, 1976, as provided for in Idaho Code § 40-202(3).

**430.**     This Road was given R.S. 2477 status by grant issued by the USA, through BLM, via its right-of-way file IDI-020724, on April 3, 1984.

**431.**     This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Application dated March 29, 1984, wherein Owyhee County claimed R.S. 2477 status as to such road; (c) Short Note Transmittal dated April 2, 1984, from Sally Carpenter, Boise District BLM, wherein it was documented the "posting to the MTPs" aka Master Title Plats, the rights-of-way under file I-20724 as "roads constructed under authority of R.S. 2477"; (d) Letter from Oscar Anderson, Owyhee Field Office Manager, BLM, to Owyhee County, wherein BLM acknowledges receipt of Owyhee County Application dated March 29, 1984, and wherein BLM advised Owyhee

COMPLAINT                                                                                     **113**

County that "the official records are being noted to show that the public roads indicated on your maps are now authorized by Right-of-Way I-20724" with a width of 60 feet, i.e., 30 feet on each side of existing centerline; (e) Owyhee County Resolution No. 94-03 dated February 14, 1994; (f) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (g) Owyhee County Resolution 2011-01 dated January 4, 2011; (h) Owyhee County Resolution 2011-21 dated September 12, 2011; (i) Owyhee County Resolution 2017-21 dated July 3, 2017; (j) Three Creek Highway District Annual Maintenance or Inventory Maps in 1958, 1960, 1961, 1962, 1964, 1965, 1969, 1975 and 1976; (k) statements issued by Chet Brackett, specifically that Elk Mountain Road ". . .received maintenance twice a year, were graded, drained and had borrow pits. These were official roads that were turned into the State of Idaho for maintenance reimbursement" dated January 31, 2017; and (l) public comments issued by Chet Brackett, specifically that Crawfish Loop Road was scheduled for a validation hearing, dated January 23, 2017.

**432.**    Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Elk Mountain Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 60 feet in width, i.e., 30-feet on each side of center line.

**433.**    (54) <u>Grassy Hills Road</u>

**434.**    The Grassy Hills Road is more specifically illustrated on the "Final Map" identified as Coonskin Butte (Map #153), Grassy Hills (Map #160), Salls Crossing (Map #154), which are available online at Owyhee County's official website:

https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on

January 21, 2021 @ 2:45 P.M.).

**435.**    This Road was created by public use and periodic maintenance at least after June 14,

1948, but before October 21, 1976, as provided for in Idaho Code **§** 40-202(3).

**436.**    This Road was given R.S. 2477 status by grant issued by the USA, through BLM, via its

right-of-way file IDI-020724, on April 3, 1984.

**437.**    This Road maintained its status as public right-of-way under Idaho Law and under R.S.

2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this

Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Application dated

March 29, 1984, wherein Owyhee County claimed R.S. 2477 status as to such road; (c) Short

Note Transmittal dated April 2, 1984, from Sally Carpenter, Boise District BLM, wherein it was

documented the "posting to the MTPs" aka Master Title Plats, the rights-of-way under file I-

20724 as "roads constructed under authority of R.S. 2477"; (d) Letter from Oscar Anderson,

Owyhee Field Office Manager, BLM, to Owyhee County, wherein BLM acknowledges receipt

of Owyhee County Application dated March 29, 1984, and wherein BLM advised Owyhee

County that "the official records are being noted to show that the public roads indicated on your

maps are now authorized by Right-of-Way I-20724" with a width of 60 feet, i.e., 30 feet on each

side of existing centerline; (e) Owyhee County Resolution No. 94-03 dated February 14, 1994;

(f) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (g)

Owyhee County Resolution 2011-01 dated January 4, 2011; (h) Owyhee County Resolution

2011-21 dated September 12, 2011; (i) Owyhee County Resolution 2017-21 dated July 3, 2017;

(j) Three Creek Highway District Annual Maintenance or Inventory Maps in 1975; (k)

statements issued by Chet Brackett, specifically that Grassy Hills Road was ". . . used annually

**COMPLAINT**                                                                                                                         **115**

and continually from 1948 through 1976" and "maintained as needed, certainly more than 5 times between 1948 and 1976" dated January 31, 2017; and (l) public comments issued by Chet Brackett, specifically that portions of Grassy Hills Road was maintained as needed, dated January 23, 2017.

**438.**    Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Grassy Hills Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 60 feet in width, i.e., 30-feet on each side of center line.

**439.**    (55) <u>Horse Butte Road</u>

**440.**    The Horse Butte Road is more specifically illustrated on the "Final Map" identified as Coonskin Butte (Map #153), Crows Nest (Map #151), Crows Nest Butte (Map #145), Horse Butte (Map #152), which are available online at Owyhee County's official website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

**441.**    This Road was created by public use and periodic maintenance at least after June 14, 1948, but before October 21, 1976, as provided for in Idaho Code § 40-202(3).

**442.**    This Road was given R.S. 2477 status by grant issued by the USA, through BLM, via its right-of-way file IDI-020724, on April 3, 1984.

**443.**    This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Application dated March 29, 1984, wherein Owyhee County claimed R.S. 2477 status as to such road; (c) Short

COMPLAINT                                                                                                                      116

Note Transmittal dated April 2, 1984, from Sally Carpenter, Boise District BLM, wherein it was documented the "posting to the MTPs" aka Master Title Plats, the rights-of-way under file I-20724 as "roads constructed under authority of R.S. 2477"; (d) Letter from Oscar Anderson, Owyhee Field Office Manager, BLM, to Owyhee County, wherein BLM acknowledges receipt of Owyhee County Application dated March 29, 1984, and wherein BLM advised Owyhee County that "the official records are being noted to show that the public roads indicated on your maps are now authorized by Right-of-Way I-20724" with a width of 60 feet, i.e., 30 feet on each side of existing centerline; (e) Owyhee County Resolution No. 94-03 dated February 14, 1994; (f) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (g) Owyhee County Resolution 2011-01 dated January 4, 2011; (h) Owyhee County Resolution 2011-21 dated September 12, 2011; (i) Owyhee County Resolution 2017-21 dated July 3, 2017; (j) Three Creek Highway District Annual Maintenance or Inventory Maps in 1975; and (k) statements issued by Chet Brackett, specifically that Horse Butte Road was ". . . used annually and continually from 1948 through 1976" and "maintained as needed, certainly more than 5 times between 1948 and 1976" dated January 31, 2017;

**444.**     Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Horse Butte Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 60 feet in width, i.e., 30-feet on each side of center line.

**445.**     (56) <u>Jarbidge Canyon Road</u>

**446.**     The Jarbidge Canyon Road is more specifically illustrated on the "Final Map" identified as Dishpan (Map #143), Murphy Hot Springs (Map #149), which are available online at Owyhee

County's official website: https://owyheecounty.net/departments/community-

development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

**447.** This Road was created by public use and periodic maintenance at least after June 14,

1948, but before October 21, 1976, as provided for in Idaho Code **§** 40-202(3).

**448.** This Road was given R.S. 2477 status by grant issued by the USA, through BLM, via its

right-of-way file IDI-020724, on April 3, 1984.

**449.** This Road maintained its status as public right-of-way under Idaho Law and under R.S.

2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this

Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Application dated

March 29, 1984, wherein Owyhee County claimed R.S. 2477 status as to such road; (c) Short

Note Transmittal dated April 2, 1984, from Sally Carpenter, Boise District BLM, wherein it was

documented the "posting to the MTPs" aka Master Title Plats, the rights-of-way under file I-

20724 as "roads constructed under authority of R.S. 2477"; (d) Letter from Oscar Anderson,

Owyhee Field Office Manager, BLM, to Owyhee County, wherein BLM acknowledges receipt

of Owyhee County Application dated March 29, 1984, and wherein BLM advised Owyhee

County that "the official records are being noted to show that the public roads indicated on your

maps are now authorized by Right-of-Way I-20724" with a width of 60 feet, i.e., 30 feet on each

side of existing centerline; (e) Owyhee County Resolution No. 94-03 dated February 14, 1994;

(f) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (g)

Owyhee County Resolution 2011-01 dated January 4, 2011; (h) Owyhee County Resolution

2011-21 dated September 12, 2011; (i) Owyhee County Resolution 2017-21 dated July 3, 2017;

(j) Three Creek Highway District Annual Maintenance or Inventory Maps in 1958, 1960, 1962,

1964, 1969, 1970, 1971, 1975 and 1976; (k) statements issued by Chet Brackett, specifically that

COMPLAINT                                                                                           **118**

Jarbidge Canyon Road ". . . received maintenance twice a year, [was] graded, drained, had borrow pits [and] were official roads that were turned into the State of Idaho for maintenance reimbursement" dated January 31, 2017; and (l) public comments issued by Chet Brackett, specifically that Jarbidge Canyon Road received some maintenance from Owyhee County, dated January 23, 2017.

**450.**    Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Jarbidge Canyon Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 60 feet in width, i.e., 30-feet on each side of center line.

**451.**    (57) Pole Creek Road

**452.**    The Pole Creek Road is more specifically illustrated on the "Final Map" identified as Three Creek (Map #155) which is available online at Owyhee County's official website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

**453.**    This Road was created by public use and periodic maintenance at least after June 14, 1948, but before October 21, 1976, as provided for in Idaho Code § 40-202(3).

**454.**    This Road was given R.S. 2477 status by grant issued by the USA, through BLM, via its right-of-way file IDI-020724, on April 3, 1984.

**455.**    This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Application dated March 29, 1984, wherein Owyhee County claimed R.S. 2477 status as to such road; (c) Short

COMPLAINT                                                                                                    119

Note Transmittal dated April 2, 1984, from Sally Carpenter, Boise District BLM, wherein it was documented the "posting to the MTPs" aka Master Title Plats, the rights-of-way under file I-20724 as "roads constructed under authority of R.S. 2477"; (d) Letter from Oscar Anderson, Owyhee Field Office Manager, BLM, to Owyhee County, wherein BLM acknowledges receipt of Owyhee County Application dated March 29, 1984, and wherein BLM advised Owyhee County that "the official records are being noted to show that the public roads indicated on your maps are now authorized by Right-of-Way I-20724" with a width of 60 feet, i.e., 30 feet on each side of existing centerline; (e) Owyhee County Resolution No. 94-03 dated February 14, 1994; (f) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (g) Owyhee County Resolution 2011-01 dated January 4, 2011; (h) Owyhee County Resolution 2011-21 dated September 12, 2011; (i) Owyhee County Resolution 2017-21 dated July 3, 2017; (j) Three Creek Highway District Annual Maintenance or Inventory Maps in 1958, 1962, 1964, 1969, 1975 and 1976; and (k) statements issued by Chet Brackett, specifically that Pole Creek Road ". . . received maintenance twice a year, [was] graded, drained, had borrow pits [and] were official roads that were turned into the State of Idaho for maintenance reimbursement" dated January 31, 2017.

**456.**    Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Pole Creek Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 60 feet in width, i.e., 30-feet on each side of center line.

**457.**    (58) Salls Road

**COMPLAINT**                                                                                        **120**

**458.**    The Salls Road is more specifically illustrated on the "Final Map" identified as Mosquito

Lake Butte (Map #148), Salls Crossing (Map #154), which are available online at Owyhee

County's official website: https://owyheecounty.net/departments/community-

development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

**459.**    This Road was created by public use and periodic maintenance at least after June 14,

1948, but before October 21, 1976, as provided for in Idaho Code § 40-202(3).

**460.**    This Road was given R.S. 2477 status by grant issued by the USA, through BLM, via its

right-of-way file IDI-020724, on April 3, 1984.

**461.**    This Road maintained its status as public right-of-way under Idaho Law and under R.S.

2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this

Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Application dated

March 29, 1984, wherein Owyhee County claimed R.S. 2477 status as to such road; (c) Short

Note Transmittal dated April 2, 1984, from Sally Carpenter, Boise District BLM, wherein it was

documented the "posting to the MTPs" aka Master Title Plats, the rights-of-way under file I-

20724 as "roads constructed under authority of R.S. 2477"; (d) Letter from Oscar Anderson,

Owyhee Field Office Manager, BLM, to Owyhee County, wherein BLM acknowledges receipt

of Owyhee County Application dated March 29, 1984, and wherein BLM advised Owyhee

County that "the official records are being noted to show that the public roads indicated on your

maps are now authorized by Right-of-Way I-20724" with a width of 60 feet, i.e., 30 feet on each

side of existing centerline; (e) Owyhee County Resolution No. 94-03 dated February 14, 1994;

(f) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (g)

Owyhee County Resolution 2011-01 dated January 4, 2011; (h) Owyhee County Resolution

2011-21 dated September 12, 2011; (i) Owyhee County Resolution 2017-21 dated July 3, 2017;

COMPLAINT                                                                                                      121

(j) Three Creek Highway District Annual Maintenance or Inventory Maps in 1958, 1960, 1962, 1964, 1968, 1969, 1970, 1971, 1975 and 1976; and (k) statements issued by Chet Brackett, specifically that Salls Road ". . . received maintenance twice a year, [was] graded, drained, had borrow pits [and] were official roads that were turned into the State of Idaho for maintenance reimbursement" dated January 31, 2017.

**462.**    Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Salls Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 60 feet in width, i.e., 30-feet on each side of center line.

**463.**    (59) <u>Summer Camp Road</u>

**464.**    The Summer Camp Road is more specifically illustrated on the "Final Map" identified as Three Creek (Map #155), which is available online at Owyhee County's official website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

**465.**    This Road was created by public use and periodic maintenance at least after June 14, 1948, but before October 21, 1976, as provided for in Idaho Code § 40-202(3).

**466.**    This Road was given R.S. 2477 status by grant issued by the USA, through BLM, via its right-of-way file IDI-020724, on April 3, 1984.

**467.**    This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Application dated March 29, 1984, wherein Owyhee County claimed R.S. 2477 status as to such road; (c) Short

Note Transmittal dated April 2, 1984, from Sally Carpenter, Boise District BLM, wherein it was documented the "posting to the MTPs" aka Master Title Plats, the rights-of-way under file I-20724 as "roads constructed under authority of R.S. 2477"; (d) Letter from Oscar Anderson, Owyhee Field Office Manager, BLM, to Owyhee County, wherein BLM acknowledges receipt of Owyhee County Application dated March 29, 1984, and wherein BLM advised Owyhee County that "the official records are being noted to show that the public roads indicated on your maps are now authorized by Right-of-Way I-20724" with a width of 60 feet, i.e., 30 feet on each side of existing centerline; (e) Owyhee County Resolution No. 94-03 dated February 14, 1994; (f) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (g) Owyhee County Resolution 2011-01 dated January 4, 2011; (h) Owyhee County Resolution 2011-21 dated September 12, 2011; (i) Owyhee County Resolution 2017-21 dated July 3, 2017; (j) Three Creek Highway District Annual Maintenance or Inventory Maps in 1962, 1964, 1969, 1975, and 1976; (k) statements issued by Chet Brackett, specifically that Summer Camp Road ". . . received maintenance twice a year, [was] graded, drained, had borrow pits [and] were official roads that were turned into the State of Idaho for maintenance reimbursement" dated January 31, 2017; and (l) public comments issued by Chet Brackett, specifically that Summer Camp Road received some maintenance from Owyhee County, dated January 23, 2017.

**468.**    Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Summer Camp Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 60 feet in width, i.e., 30-feet on each side of center line.

**469.**    (60) Three Creek Road

470.    The Three Creek Road is more specifically illustrated on the "Final Map" identified as Curtis Draw (Map #161), Murphy Hot Springs (Map #149), Three Creek (Map #155), which are available online at Owyhee County's official website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

471.    This Road was created by public use and periodic maintenance at least after June 14, 1948, but before October 21, 1976, as provided for in Idaho Code § 40-202(3).

472.    This Road was given R.S. 2477 status by grant issued by the USA, through BLM, via its right-of-way file IDI-020724, on April 3, 1984.

473.    This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Application dated March 29, 1984, wherein Owyhee County claimed R.S. 2477 status as to such road; (c) Short Note Transmittal dated April 2, 1984, from Sally Carpenter, Boise District BLM, wherein it was documented the "posting to the MTPs" aka Master Title Plats, the rights-of-way under file I-20724 as "roads constructed under authority of R.S. 2477"; (d) Letter from Oscar Anderson, Owyhee Field Office Manager, BLM, to Owyhee County, wherein BLM acknowledges receipt of Owyhee County Application dated March 29, 1984, and wherein BLM advised Owyhee County that "the official records are being noted to show that the public roads indicated on your maps are now authorized by Right-of-Way I-20724" with a width of 60 feet, i.e., 30 feet on each side of existing centerline; (e) Owyhee County Resolution No. 94-03 dated February 14, 1994; (f) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (g) Owyhee County Resolution 2011-01 dated January 4, 2011; (h) Owyhee County Resolution

COMPLAINT                                                                                                          124

2011-21 dated September 12, 2011; (i) Owyhee County Resolution 2017-21 dated July 3, 2017;

(j) Three Creek Highway District Annual Maintenance or Inventory Maps in 1958, 1962, 1964,

1965, 1967, 1968, 1969, 1970, 1975 and 1976; (k) BLM Grant IDI-12975 dated July 8, 1991; (l)

IDI-2213 dated December 30, 1991; and (m) IDI-9423 dated February 20, 1992; (n)

Commissioner minutes dated December, 13, 1954.

**474.**     Wherefore, based upon the foregoing evidence and such other evidence that may be

offered and proven at trial, the Three Creek Road -- as it exists across the lands owned by USA -

- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed

under Idaho State law and R.S. 2477, within a scope of 60 feet in width, i.e., 30-feet on each side

of center line.

**475.**     (61) <u>Walters Road</u>

**476.**     The Walters Road is more specifically illustrated on the "Final Map" identified as Three

Creek (Map #155), which is available online at Owyhee County's official website:

https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on

January 21, 2021 @ 2:45 P.M.).

**477.**     This Road was created by public use and periodic maintenance at least after June 14,

1948, but before October 21, 1976, as provided for in Idaho Code **§** 40-202(3).

**478.**     This Road was given R.S. 2477 status by grant issued by the USA, through BLM, via its

right-of-way file IDI-020724, on April 3, 1984.

**479.**     This Road maintained its status as public right-of-way under Idaho Law and under R.S.

2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this

Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Application dated

March 29, 1984, wherein Owyhee County claimed R.S. 2477 status as to such road; (c) Short

COMPLAINT                                                                                                    **125**

Note Transmittal dated April 2, 1984, from Sally Carpenter, Boise District BLM, wherein it was documented the "posting to the MTPs" aka Master Title Plats, the rights-of-way under file I-20724 as "roads constructed under authority of R.S. 2477"; (d) Letter from Oscar Anderson, Owyhee Field Office Manager, BLM, to Owyhee County, wherein BLM acknowledges receipt of Owyhee County Application dated March 29, 1984, and wherein BLM advised Owyhee County that "the official records are being noted to show that the public roads indicated on your maps are now authorized by Right-of-Way I-20724" with a width of 60 feet, i.e., 30 feet on each side of existing centerline; (e) Owyhee County Resolution No. 94-03 dated February 14, 1994; (f) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (g) Owyhee County Resolution 2011-01 dated January 4, 2011; (h) Owyhee County Resolution 2011-21 dated September 12, 2011; (i) Owyhee County Resolution 2017-21 dated July 3, 2017; (j) Three Creek Highway District Annual Maintenance or Inventory Maps 1960, 1962, 1964, 1969, 1975 and 1976; (k) statements issued by Chet Brackett, specifically that Walters Road ". . . received maintenance twice a year, [was] graded, drained, had borrow pits [and] were official roads that were turned into the State of Idaho for maintenance reimbursement" dated January 31, 2017; and (l) public comments issued by Chet Brackett, specifically that Summer Camp Road received some maintenance from Owyhee County, dated January 23, 2017.

**480.**    Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Walters Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 60 feet in width, i.e., 30-feet on each side of center line.

**COMPLAINT**                                                                                           **126**

## C. GEM HIGHWAY DISTRICT

**481.**    (62) Rats Nest/Clark Road

**482.**    The Rates Nest/Clark Road is more specifically illustrated on the "Final Map" identified as Opalene Gulch (Opalene) (Map #30), which is available online at Owyhee County's official website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

**483.**    This Road was created by public use and periodic maintenance at least after June 14, 1948, but before October 21, 1976, as provided for in Idaho Code § 40-202(3).

**484.**    This Road was given R.S. 2477 status by grant issued by the USA, through BLM, via its right-of-way file IDI-020724, on April 3, 1984.

**485.**    This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Application dated March 29, 1984, wherein Owyhee County claimed R.S. 2477 status as to such road; (c) Short Note Transmittal dated April 2, 1984, from Sally Carpenter, Boise District BLM, wherein it was documented the "posting to the MTPs" aka Master Title Plats, the rights-of-way under file I-20724 as "roads constructed under authority of R.S. 2477."; (d) Letter from Oscar Anderson, Owyhee Field Office Manager, BLM, to Owyhee County, wherein BLM acknowledges receipt of Owyhee County Application dated March 29, 1984, and wherein BLM advised Owyhee County that "the official records are being noted to show that the public roads indicated on your maps are now authorized by Right-of-Way I-20724" with a width of 60 feet, i.e., 30 feet on each side of existing centerline; (e) Owyhee County Resolution No. 94-03 dated February 14, 1994; (f) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (g)

**COMPLAINT**                                                                                                       **127**

Owyhee County Resolution 2011-01 dated January 4, 2011; (h) Owyhee County Resolution 2011-21 dated September 12, 2011; (i) Owyhee County Resolution 2017-21 dated July 3, 2017; and (j) Gem Highway District Annual Maintenance or Inventory Maps in 1958, 1961, 1969, 1972 and 1976.

486.    Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Rats Nest/Clark Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 60 feet in width, i.e., 30-feet on each side of center line.

487.    (63) <u>Sommer Camp Road</u>

488.    The Sommer Road is more specifically illustrated on the "Final Map" identified as Opalene Gulch (Opalene) (Map #30), which is available online at Owyhee County's official website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

489.    This Road was created by public use and periodic maintenance at least after June 14, 1948, but before October 21, 1976, as provided for in Idaho Code § 40-202(3).

490.    This Road was given R.S. 2477 status by grant issued by the USA, through BLM, via its right-of-way file IDI-020724, on April 3, 1984.

491.    This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Application dated March 29, 1984, wherein Owyhee County claimed R.S. 2477 status as to such road; (c) Owyhee County Resolution No. 94-03 dated February 14, 1994; (d) Owyhee County Application of

Assertion of Right of Way dated March 28, 1994; (e) Owyhee County Resolution 2011-01 dated January 4, 2011; (f) Owyhee County Resolution 2011-21 dated September 12, 2011; (g) Owyhee County Resolution 2017-21 dated July 3, 2017; (h) Gem Highway District Annual Maintenance or Inventory Maps in 1958, 1961, 1966, 1969, and 1976; (i) Short Note Transmittal dated April 2, 1984, from Sally Carpenter, Boise District BLM, wherein it was documented the "posting to the MTPs" aka Master Title Plats, the rights-of-way under file I-20724 as "roads constructed under authority of R.S. 2477."; and (j) Letter from Oscar Anderson, Owyhee Field Office Manager, BLM, to Owyhee County, wherein BLM acknowledges receipt of Owyhee County Application dated March 29, 1984, and wherein BLM advised Owyhee County that "the official records are being noted to show that the public roads indicated on your maps are now authorized by Right-of-Way I-20724" with a width of 60 feet, i.e., 30 feet on each side of existing centerline;

**492.**     Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Sommer Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 60 feet in width, i.e., 30-feet on each side of center line.

**SIXTH CLAIM FOR RELIEF – *VALIDATE* "PUBLIC[S] RIGHT-OF-WAY" VIA PUBLIC USE & MAINTANENACE**

**493.**     Plaintiffs reallege and incorporate by reference paragraphs 1-78 herein.

**494.**     Defendant disputes Plaintiffs' title, 28 U.S.C. § 2409a(a); characterizing the Plaintiffs' assertions under R.S. 2477 as only "inchoate rights". *E.g. Owyhee County, Idaho*, 179 IBLA at 28.

**COMPLAINT**                                                                                                    **129**

**495.**     Plaintiffs disagree.

**496.**     The several public rights-of-way alleged in this Sixth Claim for Relief were created by compliance with the road creation statute in existence on and after June 14, 1948, but before October 21, 1976, as provided for in Idaho Code **§** 40-202(3), which states in applicable part that "all highways used for a period of five (5) years, provided they shall have been worked and kept up at the expense of the public … are highways." *See also* Idaho Code § 40-114(3) ("'Maintenance' means to preserve from failure or decline, or repair, refurbish, repaint or otherwise keep an existing … public right-of-way in a suitable state for use including, without limitation, snow removal, sweeping, litter control, weed abatement and placement or repair of public safety signage.")

**497.**     These several public rights-of-way are individually and separately alleged in the sub-claims for relief below, as within the jurisdiction of Plaintiff Owyhee County, Plaintiff TCGRD, and Plaintiff GHD. Each road intends to be its own separate sub-claim for relief.

## A. OWYHEE COUNTY

**498.**     (64) Blackstone Grasmere Road

**499.**     The Blackstone Grasmere Road is more specifically illustrated on the "Final Map" identified as Austin Butte (Map #123), Blackstone Reservoir (Map #116), Broken Wagon Flat (Map #114), Buster Butte (Map #117), Cave Draw (Map #124), Crowbar Gulch (Map #122), Grasmere Reservoir (Map #109), Hot Springs (Map #121), Sugar Valley (Map #113), Table Butte (Map #115), which is available online at Owyhee County's official website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

**500.**     This Road was created by public use and periodic maintenance at least after June 14, 1948, but before October 21, 1976, as provided for in Idaho Code § 40-202(3).

**501.**     This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948, and October 21, 1976, and even through the date of this Report, as demonstrated by: (a) continued public use; (b) Owyhee County Application dated March 29, 1984, wherein Owyhee County claimed R.S. 2477 status as to such road, as illustrated on Map Sheet 4 on such Application; (c) Short Note Transmittal dated April 2, 1984, from Sally Carpenter, Boise District BLM, wherein it was documented the "posting to the MTPs" aka Master Title Plats, the rights-of-way under file I-20724 as "roads constructed under authority of R.S. 2477"; (d) Letter from Oscar Anderson, Owyhee Field Office Manager, BLM, to Owyhee County, wherein BLM acknowledges receipt of Owyhee County Application dated March 29, 1984, and wherein BLM advised Owyhee County that "the official records are being noted to show that the public roads indicated on your maps are now authorized by Right-of-Way I-20724" with a width of 60 feet, i.e., 30 feet on each side of existing centerline; (e) Owyhee County Resolution No. 94-03 dated February 14, 1994; (f) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (g) Owyhee County Resolution 2011-01 dated January 4, 2011; (h) Owyhee County Resolution 2011-21 dated September 12, 2011; (i) Owyhee County Resolution 2017-21 dated July 3, 2017; and (j) Owyhee County Annual Maintenance or Inventory Maps in 1960 and 1969.

**502.**     Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at time of the hearing on February 28, 2020, the Blackstone Grasmere Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law

with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 50 feet in width, as per Idaho Code § 40-2312(2).

**503.**    (65) <u>Buckhorn Road</u>

**504.**    The Buckhorn Road is more specifically illustrated on the "Final Map" identified as Buckhorn (Map #110), Riddle (Map #102), which are available online at Owyhee County's official website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

**505.**    This Road was created by public use and periodic maintenance at least after June 14, 1948, but before October 21, 1976, as provided for in Idaho Code § 40-202(3).

**506.**    This Road was subject of an Application for Transportation and Utility Systems and Facilities on Federal Land dated March 28, 1984, wherein Owyhee County applied for R.S. 2477 status for this road, though, under information and belief, the USA did not include a right-of-way grant under R.S. 2477 as to this road on or after April 3, 1984, as the USA did as to other roads subject to this complaint and right-of-way file IDI 020724.  It is unknown the reason for the omission by the USA in not including this road in right-of-way file IDI 020724, and it is apparent to the Plaintiffs that the omission was advertent by the USA.

**507.**    This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Application dated March 29, 1984, wherein Owyhee County claimed R.S. 2477 status as to such road, as illustrated on Map Sheet 7 and Map Sheet 8 on such Application; (c) Short Note Transmittal dated April 2, 1984, from Sally Carpenter, Boise District BLM, wherein it was documented the "posting to the MTPs" aka Master Title Plats, the rights-of-way under file I-20724 as "roads constructed under

**COMPLAINT**                                                                                              **132**

authority of R.S. 2477"; (d) Letter from Oscar Anderson, Owyhee Field Office Manager, BLM, to Owyhee County, wherein BLM acknowledges receipt of Owyhee County Application dated March 29, 1984, and wherein BLM advised Owyhee County that "the official records are being noted to show that the public roads indicated on your maps are now authorized by Right-of-Way I-20724" with a width of 60 feet, i.e., 30 feet on each side of existing centerline; (e) Owyhee County Resolution No. 94-03 dated February 14, 1994; (f) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (g) Owyhee County Resolution 2011-01 dated January 4, 2011; (h) Owyhee County Resolution 2011-21 dated September 12, 2011; (i) Owyhee County Resolution 2017-21 dated July 3, 2017; and (j) Owyhee County Annual Maintenance or Inventory Maps in 1960, 1969, 1971, 1972, 1975 and 1976.

508.    Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Buckhorn Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 50 feet in width, as per Idaho Code § 40-2312(2).

509.    (66) Coonskin Road

510.    The Coonskin Road is more specifically illustrated on the "Final Map" identified as Castleford Butte (Map #157), Coonskin Butte (Map #153), Crows Nest (Map #151), and Horse Butte (Map #152), which is available online at Owyhee County's official website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

511.    This Road was created by public use and periodic maintenance at least after June 14, 1948, but before October 21, 1976, as provided for in Idaho Code § 40-202(3).

**512.**     This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948, and October 21, 1976, and even through the date of this Report, as demonstrated by: (a) continued public use; (b) Owyhee County Application dated March 29, 1984, wherein Owyhee County claimed R.S. 2477 status as to such road; (c) Owyhee County Resolution No. 94-03 dated February 14, 1994; (d) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (e) Owyhee County Resolution 2011-01 dated January 4, 2011; (f) Owyhee County Resolution 2011-21 dated September 12, 2011; (g) Owyhee County Resolution 2017-21 dated July 3, 2017; (h) Three Creek Highway District Annual Maintenance or Inventory Maps in 1975; (i) statements issued by Chet Brackett, specifically that Coonskin Road was "used annually and continually from 1948 through 1976 [and] maintained as needed, certainly more than five times between 1948 and 1976." Dated January 31, 2017; and (j) public comments issued by Chet Brackett, specifically that Owyhee County was responsible for maintenance on Coonskin Road, dated January 23, 2017.

**513.**     Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at time of trial, the Coonskin Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 50 feet in width as per Idaho Code § 40-2312(2).

**514.**     (67) <u>Crows Nest Road</u>

**515.**     The Crows Nest Road is more specifically illustrated on the "Final Map" identified as Black Butte East (Map #144), Crows Nest (Map #151), Crows Nest Butte (Map #145), and Crows Nest NE (Map #156), which is available online at Owyhee County's official website:

https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

516. This Road was created by public use and periodic maintenance at least after June 14, 1948, but before October 21, 1976, as provided for in Idaho Code § 40-202(3).

517. This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948, and October 21, 1976, and even through the date of this Report, as demonstrated by: (a) continued public use; (b) Owyhee County Application dated March 29, 1984, wherein Owyhee County claimed R.S. 2477 status as to such road, as illustrated on Map Sheet 5 on such Application; (c) Short Note Transmittal dated April 2, 1984, from Sally Carpenter, Boise District BLM, wherein it was documented the "posting to the MTPs" aka Master Title Plats, the rights-of-way under file I-20724 as "roads constructed under authority of R.S. 2477"; (d) Letter from Oscar Anderson, Owyhee Field Office Manager, BLM, to Owyhee County, wherein BLM acknowledges receipt of Owyhee County Application dated March 29, 1984, and wherein BLM advised Owyhee County that "the official records are being noted to show that the public roads indicated on your maps are now authorized by Right-of-Way I-20724" with a width of 60 feet, i.e., 30 feet on each side of existing centerline; (c) Owyhee County Resolution No. 94-03 dated February 14, 1994; (d) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (e) Owyhee County Resolution 2011-01 dated January 4, 2011; (f) Owyhee County Resolution 2011-21 dated September 12, 2011; (g) Owyhee County Resolution 2017-21 dated July 3, 2017; and (h) Owyhee County Annual Maintenance or Inventory Maps in 1969, 1971, 1975 and 1976.

518. Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Crows Nest Road -- as it exists across the lands owned by USA --

COMPLAINT                                                                                                    135

is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under

Idaho State law and R.S. 2477, within a scope of 50 feet in width, as per Idaho Code § 40-

2312(2).

**519.**   (68) <u>Duncan Butte</u>

**520.**   The Duncan Butte Road is more specifically illustrated on the "Final Map" identified as

Grasmere (Map #108), Hill Pasture (Map #99), Lost Valley (Map #82), Turner Table (Map #91),

Wickahoney Crossing (Map #107), which are available online at Owyhee County's official

website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last

checked on January 21, 2021 @ 2:45 P.M.).

**521.**   This Road was created by public use and periodic maintenance at least after June 14,

1948, but before October 21, 1976, as provided for in Idaho Code § 40-202(3).

**522.**   This Road was subject of an Application for Transportation and Utility Systems and

Facilities on Federal Land dated March 28, 1984, wherein Owyhee County applied for R.S. 2477

status for this road, though, under information and belief, the USA did not include a right-of-way

grant under R.S. 2477 as to this road on or after April 3, 1984, as the USA did as to other roads

subject to this complaint and right-of-way file IDI 020724.  It is unknown the reason for the

omission by the USA in not including this road in right-of-way file IDI 020724, and it is

apparent to the Plaintiffs that the omission was advertent by the USA.

**523.**   This Road maintained its status as public right-of-way under Idaho Law and under R.S.

2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this

Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Application dated

March 29, 1984, wherein Owyhee County claimed R.S. 2477 status as to such road, as illustrated

on Map Sheet 7 and Map Sheet 8 on such Application; (c) Short Note Transmittal dated April 2,

1984, from Sally Carpenter, Boise District BLM, wherein it was documented the "posting to the MTPs" aka Master Title Plats, the rights-of-way under file I-20724 as "roads constructed under authority of R.S. 2477"; (d) Letter from Oscar Anderson, Owyhee Field Office Manager, BLM, to Owyhee County, wherein BLM acknowledges receipt of Owyhee County Application dated March 29, 1984, and wherein BLM advised Owyhee County that "the official records are being noted to show that the public roads indicated on your maps are now authorized by Right-of-Way I-20724" with a width of 60 feet, i.e., 30 feet on each side of existing centerline; (e) Owyhee County Resolution No. 94-03 dated February 14, 1994; (f) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (g) Owyhee County Resolution 2011-01 dated January 4, 2011; (h) Owyhee County Resolution 2011-21 dated September 12, 2011; (i) Owyhee County Resolution 2017-21 dated July 3, 2017; (j) Owyhee County Annual Maintenance or Inventory Maps in 1960, 1969 and 1975; and (k) email from M. Rieske to M. Huff discussing production of a shape file showing the roads Northwest Pipeline LLC has traditionally used to access their pipeline Right-of-Way for maintenance and repairs dated April 24, 2017.

**524.**   Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Duncan Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 50 feet in width, as per Idaho Code § 40-2312(2).

**525.**   (69) <u>Mary's Creek Road</u>

**526.**   The Mary's Creek Road is more specifically illustrated on the "Final Map" identified as Buster Butte (Map #117), Grasmere Reservoir (Map #109), which are available online at

Owyhee County's official website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

527.    This Road was created by public use and periodic maintenance at least after June 14, 1948, but before October 21, 1976, as provided for in Idaho Code § 40-202(3).

528.    This Road was subject of an Application for Transportation and Utility Systems and Facilities on Federal Land dated March 28, 1984, wherein Owyhee County applied for R.S. 2477 status for this road, though, under information and belief, the USA did not include a right-of-way grant under R.S. 2477 as to this road on or after April 3, 1984, as the USA did as to other roads subject to this complaint and right-of-way file IDI 020724.  It is unknown the reason for the omission by the USA in not including this road in right-of-way file IDI 020724, and it is apparent to the Plaintiffs that the omission was advertent by the USA.

529.    This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Application dated March 29, 1984, wherein Owyhee County claimed R.S. 2477 status as to such road, as illustrated on Map Sheet 8 on such Application; (c) Short Note Transmittal dated April 2, 1984, from Sally Carpenter, Boise District BLM, wherein it was documented the "posting to the MTPs" aka Master Title Plats, the rights-of-way under file I-20724 as "roads constructed under authority of R.S. 2477"; (d) Letter from Oscar Anderson, Owyhee Field Office Manager, BLM, to Owyhee County, wherein BLM acknowledges receipt of Owyhee County Application dated March 29, 1984, and wherein BLM advised Owyhee County that "the official records are being noted to show that the public roads indicated on your maps are now authorized by Right-of-Way I-20724" with a width of 60 feet, i.e., 30 feet on each side of existing centerline; (e) Owyhee

COMPLAINT                                                                                                    138

County Resolution No. 94-03 dated February 14, 1994; (f) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (g) Owyhee County Resolution 2011-01 dated January 4, 2011; (h) Owyhee County Resolution 2011-21 dated September 12, 2011; (i) Owyhee County Resolution 2017-21 dated July 3, 2017; and (j) Owyhee County Annual Maintenance or Inventory Maps in 1960, 1969, 1975 and 1976.

530.    Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Mary's Creek Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 50 feet in width, as per Idaho Code § 40-2312(2).

531.    (70) <u>McDonald Creek Road</u>

532.    The McDonald Creek Road is more specifically illustrated on the "Final Map" identified as Black Leg Creek (Map #119), which is available online at Owyhee County's official website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

533.    This Road was created by public use and periodic maintenance at least after June 14, 1948, but before October 21, 1976, as provided for in Idaho Code § 40-202(3).

534.    This Road was subject of an Application for Transportation and Utility Systems and Facilities on Federal Land dated March 28, 1984, wherein Owyhee County applied for R.S. 2477 status for this road, though, under information and belief, the USA did not include a right-of-way grant under R.S. 2477 as to this road on or after April 3, 1984, as the USA did as to other roads subject to this complaint and right-of-way file IDI 020724.  It is unknown the reason for the

omission by the USA in not including this road in right-of-way file IDI 020724, and it is apparent to the Plaintiffs that the omission was advertent by the USA.

**535.** This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Application dated March 29, 1984, wherein Owyhee County claimed R.S. 2477 status as to such road, as illustrated on Map Sheet 8 on such Application; (c) Short Note Transmittal dated April 2, 1984, from Sally Carpenter, Boise District BLM, wherein it was documented the "posting to the MTPs" aka Master Title Plats, the rights-of-way under file I-20724 as "roads constructed under authority of R.S. 2477"; (d) Letter from Oscar Anderson, Owyhee Field Office Manager, BLM, to Owyhee County, wherein BLM acknowledges receipt of Owyhee County Application dated March 29, 1984, and wherein BLM advised Owyhee County that "the official records are being noted to show that the public roads indicated on your maps are now authorized by Right-of-Way I-20724" with a width of 60 feet, i.e., 30 feet on each side of existing centerline; (e) Owyhee County Resolution No. 94-03 dated February 14, 1994; (f) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (g) Owyhee County Resolution 2011-01 dated January 4, 2011; (h) Owyhee County Resolution 2011-21 dated September 12, 2011; (i) Owyhee County Resolution 2017-21 dated July 3, 2017; and (j) Owyhee County Annual Maintenance or Inventory Maps in 1960, 1969, 1975 and 1976.

**536.** Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the McDonald Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under

Idaho State law and R.S. 2477, within a scope of 50 feet in width, as per Idaho Code § 40-2312(2).

**537.**   (71) <u>Murphy Flat Road</u>

**538.**   The Murphy Flat Road is more specifically illustrated on the "Final Map" identified as Murphy (Map #55), Sinker Butte (Map #66), which are available online at Owyhee County's official website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

**539.**   This Road was created by public use and periodic maintenance at least after June 14, 1948, but before October 21, 1976, as provided for in Idaho Code § 40-202(3).

**540.**   This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Resolution No. 94-03 dated February 14, 1994; (c) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (d) Owyhee County Resolution 2011-01 dated January 4, 2011; (e) Owyhee County Resolution 2011-21 dated September 12, 2011; (f) Owyhee County Resolution 2017-21 dated July 3, 2017; (g) Owyhee County Commissioner Minutes dated July 14, 1975; and (h) Owyhee County Annual Maintenance or Inventory Maps in 1965, 1967, 1969, 1971, 1972, 1974, 1975 and 1976.

**541.**   Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Murphy Flat Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 50 feet in width, as per Idaho Code § 40-2312(2).

**COMPLAINT**                                                                                                          **141**

**542.**    (72) <u>Old Highway 95 Road</u>

**543.**    The Old Highway 95 Road is more specifically illustrated on the "Final Map" identified as Jump Creek Canyon (Jump Creek) (Map #17), Opalene Gulch (Opalene) (Map #30), which are available online at Owyhee County's official website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

**544.**    This Road was created by public use and periodic maintenance at least after June 14, 1948, but before October 21, 1976, as provided for in Idaho Code **§** 40-202(3).

**545.**    This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Resolution No. 94-03 dated February 14, 1994; (c) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (d) Owyhee County Resolution 2011-01 dated January 4, 2011; (e) Owyhee County Resolution 2011-21 dated September 12, 2011; (f) Owyhee County Resolution 2017-21 dated July 3, 2017; and (g) B. Holton letter stating "[t]he Old Highway 95 was in use and maintained by the responsible highway district between the years of 1948 and 1976 and should be listed as a Right-of-Way" dated August 12, 2016.

**546.**    Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Old Highway 95 Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 50 feet in width, as per Idaho Code § 40-2312(2).

**547.**    (73) <u>Pack Rat Road</u>

**COMPLAINT**                                                                                                                    **142**

**548.**    The Pack Rat Road is more specifically illustrated on the "Final Map" identified as

Reynolds (Map #44), which is available online at Owyhee County's official website:

https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on

January 21, 2021 @ 2:45 P.M.).

**549.**    This Road was created by public use and periodic maintenance at least after June 14,

1948, but before October 21, 1976, as provided for in Idaho Code **§** 40-202(3).

**550.**    This Road maintained its status as public right-of-way under Idaho Law and under R.S.

2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this

Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Resolution No. 94-

03 dated February 14, 1994; (c) Owyhee County Application of Assertion of Right of Way dated

March 28, 1994; (d) Owyhee County Resolution 2011-01 dated January 4, 2011; (e) Owyhee

County Resolution 2011-21 dated September 12, 2011; (f) Owyhee County Resolution 2017-21

dated July 3, 2017; (g) Owyhee County Annual Maintenance or Inventory Maps in 1969; and (h)

comment from J. Hoagland dated June 20, 2016 stating that Pack Rat Road should be within the

"Red Category" because the county continuously maintained Pack Rat Road from the mid-1950s

through 1976.

**551.**    Wherefore, based upon the foregoing evidence and such other evidence that may be

offered and proven at trial, the Pack Rat Road -- as it exists across the lands owned by USA -- is

a "public right-of-way" under Idaho State law with all the rights and privileges allowed under

Idaho State law and R.S. 2477, within a scope of 50 feet in width as per Idaho Code § 40-

2312(2).

**552.**    (74) <u>Road #5633</u>

**COMPLAINT**                                                                                                          **143**

**553.**     The Road #5633 is more specifically illustrated on the "Final Map" identified as,

Stonehouse Creek (Map #21), which is available online at Owyhee County's official website:

https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on

January 21, 2021 @ 2:45 P.M.).

**554.**     This Road was created by public use and periodic maintenance at least after June 14,

1948, but before October 21, 1976, as provided for in Idaho Code § 40-202(3).

**555.**     This Road maintained its status as public right-of-way under Idaho Law and under R.S.

2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this

Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Resolution No. 94-

03 dated February 14, 1994; (c) Owyhee County Application of Assertion of Right of Way dated

March 28, 1994; (d) Owyhee County Resolution 2011-01 dated January 4, 2011; (e) Owyhee

County Resolution 2011-21 dated September 12, 2011; (f) Owyhee County Resolution 2017-21

dated July 3, 2017; (g) R. Rhoades Affidavit stating Road #5633 was maintained by the Owyhee

County Highway District road crew which included smoothing the road and removing snow

dated August 27, 2016; (h) D. Smith Affidavit stating that he has knowledge that the Owyhee

County Highway District did some maintenance on Road #5633 between the years of 1948 and

1976, dated September 14, 2016; (i) S. Quintana Affidavit stating that she personally witnessed

employees of the Owyhee County Road crew, specifically Ray Gulch, assisting the Quintana

family in maintaining Road #5633, dated August 27, 2016; and (j) T. Quintana Affidavit stating

that he personally witnessed employees of the Owyhee County Road crew, specifically Ray

Gulch, assisting the Quintana family in maintaining Road #5633, dated August 30, 2018.

**556.**     Wherefore, based upon the foregoing evidence and such other evidence that may be

offered and proven at trial, the Road #5633 -- as it exists across the lands owned by USA -- is a

"public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 50 feet in width as per Idaho Code § 40-2312(2).

**557.**   (75) <u>Sugar Valley Road</u>

**558.**   The Sugar Valley Road is more specifically illustrated on the "Final Map" identified as Hot Springs (Map #121), Sugar Valley (Map #113), which are available online at Owyhee County's official website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

**559.**   This Road was created by public use and periodic maintenance at least after June 14, 1948, but before October 21, 1976, as provided for in Idaho Code **§** 40-202(3).

**560.**   This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Resolution No. 94-03 dated February 14, 1994; (c) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (d) Owyhee County Resolution 2011-01 dated January 4, 2011; (e) Owyhee County Resolution 2011-21 dated September 12, 2011; (f) Owyhee County Resolution 2017-21 dated July 3, 2017; and (g) Owyhee County Annual Maintenance or Inventory Maps in 1960, 1969, 1970 and 1976.

**561.**   Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Sugar Valley Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 50 feet in width, i.e., as per Idaho Code § 40-2312(2).

**COMPLAINT**                                                                                             **145**

**562.**     (76) <u>Tokenbamby Unnamed Road 15S6E33 to NV</u>

**563.**     The Tokenbamby Unnamed Road 15S6E33 to NV is more specifically illustrated on the "Final Map" identified as Black Leg Creek (Map #119), which is available online at Owyhee County's official website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

**564.**     This Road was created by public use and periodic maintenance at least after June 14, 1948, but before October 21, 1976, as provided for in Idaho Code § 40-202(3).

**565.**     This Road was subject of an Application for Transportation and Utility Systems and Facilities on Federal Land dated March 28, 1984, wherein Owyhee County applied for R.S. 2477 status for this road, though, under information and belief, the USA did not include a right-of-way grant under R.S. 2477 as to this road on or after April 3, 1984, as the USA did as to other roads subject to this complaint and right-of-way file IDI 020724.  It is unknown the reason for the omission by the USA in not including this road in right-of-way file IDI 020724, and it is apparent to the Plaintiffs that the omission was advertent by the USA.

**566.**     This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Application dated March 29, 1984, wherein Owyhee County claimed R.S. 2477 status as to such road, as illustrated on Map Sheet 8 on such Application; (c) Short Note Transmittal dated April 2, 1984, from Sally Carpenter, Boise District BLM, wherein it was documented the "posting to the MTPs" aka Master Title Plats, the rights-of-way under file I-20724 as "roads constructed under authority of R.S. 2477"; (d) Letter from Oscar Anderson, Owyhee Field Office Manager, BLM, to Owyhee County, wherein BLM acknowledges receipt of Owyhee County Application dated March 29,

1984, and wherein BLM advised Owyhee County that "the official records are being noted to show that the public roads indicated on your maps are now authorized by Right-of-Way I-20724" with a width of 60 feet, i.e., 30 feet on each side of existing centerline; (e) Owyhee County Resolution No. 94-03 dated February 14, 1994; (f) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (g) Owyhee County Resolution 2011-01 dated January 4, 2011; (h) Owyhee County Resolution 2011-21 dated September 12, 2011; (i) Owyhee County Resolution 2017-21 dated July 3, 2017; and (j) Owyhee County Annual Maintenance or Inventory Maps in 1960, 1969, 1975 and 1976.

567.     Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Tokenbamby Unnamed Road 15S6E33 to NV Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 50 feet in width, as per Idaho Code § 40-2312(2).

568.     (77) Unnamed Road 16S6E5

569.     The Unnamed Road 16S6E5 is more specifically illustrated on the "Final Map" identified as Black Leg Creek (Map #119), which is available online at Owyhee County's official website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

570.     This Road was created by public use and periodic maintenance at least after June 14, 1948, but before October 21, 1976, as provided for in Idaho Code § 40-202(3).

571.     This Road was subject of an Application for Transportation and Utility Systems and Facilities on Federal Land dated March 28, 1984, wherein Owyhee County applied for R.S. 2477 status for this road, though, under information and belief, the USA did not include a right-of-way

grant under R.S. 2477 as to this road on or after April 3, 1984, as the USA did as to other roads subject to this complaint and right-of-way file IDI 020724.  It is unknown the reason for the omission by the USA in not including this road in right-of-way file IDI 020724, and it is apparent to the Plaintiffs that the omission was advertent by the USA.

572.    This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Application dated March 29, 1984, wherein Owyhee County claimed R.S. 2477 status as to such road, as illustrated on Map Sheet 8 on such Application; (c) Short Note Transmittal dated April 2, 1984, from Sally Carpenter, Boise District BLM, wherein it was documented the "posting to the MTPs" aka Master Title Plats, the rights-of-way under file I-20724 as "roads constructed under authority of R.S. 2477"; (d) Letter from Oscar Anderson, Owyhee Field Office Manager, BLM, to Owyhee County, wherein BLM acknowledges receipt of Owyhee County Application dated March 29, 1984, and wherein BLM advised Owyhee County that "the official records are being noted to show that the public roads indicated on your maps are now authorized by Right-of-Way I-20724" with a width of 60 feet, i.e., 30 feet on each side of existing centerline; (e) Owyhee County Resolution No. 94-03 dated February 14, 1994; (f) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (g) Owyhee County Resolution 2011-01 dated January 4, 2011; (h) Owyhee County Resolution 2011-21 dated September 12, 2011; (i) Owyhee County Resolution 2017-21 dated July 3, 2017; and (j) Owyhee County Annual Maintenance or Inventory Maps in 1960, 1969, 1975 and 1976.

573.    Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Unnamed Road 16S6E5 Road -- as it exists across the lands

COMPLAINT                                                                                                   148

owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 50 feet in width, as per Idaho Code § 40-2312(2).

## B. THREE CREEK GOOD ROAD DISTRICT

**574.**   (78) <u>Coonskin Road</u>

**575.**   The Coonskin Road is more specifically illustrated on the "Final Map" identified as Clover Butte N (Map # 140), Coonskin Butte NE (Map #158), Grassy Hills (Map #160), which is available online at Owyhee County's official website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

**576.**   This Road was created by public use and periodic maintenance at least after June 14, 1948, but before October 21, 1976, as provided for in Idaho Code § 40-202(3).

**577.**   This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948, and October 21, 1976, and even through the date of this Report, as demonstrated by: (a) continued public use; (b) Owyhee County Application dated March 29, 1984, wherein Owyhee County claimed R.S. 2477 status as to such road; (c) Owyhee County Resolution No. 94-03 dated February 14, 1994; (d) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (e) Owyhee County Resolution 2011-01 dated January 4, 2011; (f) Owyhee County Resolution 2011-21 dated September 12, 2011; (g) Owyhee County Resolution 2017-21 dated July 3, 2017; (h) Three Creek Highway District Annual Maintenance or Inventory Maps in 1969, 1970, and 1975; (i) statements issued by Chet Brackett, specifically that Coonskin Road was "used annually and continually from 1948 through 1976 [and] maintained as needed, certainly more than five times between 1948 and 1976" dated January 31,

2017; (j) public comments issued by Chet Brackett, specifically that Owyhee County was responsible for maintenance on Coonskin Road, dated January 23, 2017;

(k) BLM grant of right of way to TCGRD dated February 20, 1992 under IDI 16779; and (l) BLM land patent dated March 6, 1989.

**578.**    Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Coonskin Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 50 feet in width as per Idaho Code § 40-2312(2).

**579.**    (79) 7 Triangle Road

**580.**    The 7 Triangle Road is more specifically illustrated on the "Final Map" identified as Three Creek (Map #155), which is available online at Owyhee County's official website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

**581.**    This Road was created by public use and periodic maintenance at least after June 14, 1948, but before October 21, 1976, as provided for in Idaho Code § 40-202(3).

**582.**    This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Resolution No. 94-03 dated February 14, 1994; (c) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (d) Owyhee County Resolution 2011-01 dated January 4, 2011; (e) Owyhee County Resolution 2011-21 dated September 12, 2011; (f) Owyhee County Resolution 2017-21

**COMPLAINT**                                                                                       **150**

dated July 3, 2017; and (g) Owyhee County Annual Maintenance or Inventory Maps in 1962, 1964, and 1969.

583.    Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the 7 Triangle Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 50 feet in width as per Idaho Code § 40-2312(2).

584.    (80) Buck Creek Road

585.    The Buck Creek Road is more specifically illustrated on the "Final Map" identified as Dishpan (Map #143), which is available online at Owyhee County's official website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

586.    This Road was created by public use and periodic maintenance at least after June 14, 1948, but before October 21, 1976, as provided for in Idaho Code § 40-202(3).

587.    This Road was subject of an Application for Transportation and Utility Systems and Facilities on Federal Land dated March 28, 1984, wherein Owyhee County applied for R.S. 2477 status for this road, though, under information and belief, the USA did not include a right-of-way grant under R.S. 2477 as to this road on or after April 3, 1984, as the USA did as to other roads subject to this complaint and right-of-way file IDI 020724.  It is unknown the reason for the omission by the USA in not including this road in right-of-way file IDI 020724, and it is apparent to the Plaintiffs that the omission was advertent by the USA.

588.    This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this

Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Application dated March 29, 1984, wherein Owyhee County claimed R.S. 2477 status as to such road, as illustrated on Map Sheet 8 on such Application; (c) Short Note Transmittal dated April 2, 1984, from Sally Carpenter, Boise District BLM, wherein it was documented the "posting to the MTPs" aka Master Title Plats, the rights-of-way under file I-20724 as "roads constructed under authority of R.S. 2477"; (d) Letter from Oscar Anderson, Owyhee Field Office Manager, BLM, to Owyhee County, wherein BLM acknowledges receipt of Owyhee County Application dated March 29, 1984, and wherein BLM advised Owyhee County that "the official records are being noted to show that the public roads indicated on your maps are now authorized by Right-of-Way I-20724" with a width of 60 feet, i.e., 30 feet on each side of existing centerline; (e) Owyhee County Resolution No. 94-03 dated February 14, 1994; (f) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (g) Owyhee County Resolution 2011-01 dated January 4, 2011; (h) Owyhee County Resolution 2011-21 dated September 12, 2011; (i) Owyhee County Resolution 2017-21 dated July 3, 2017; (j) Three Creek Highway District Annual Maintenance or Inventory Maps in 1960, 1961, 1962, 1964, 1969, 1975 and 1976; (k) statements issued by Chet Brackett, specifically that Buck Creek Road ". . . received maintenance twice a year, [was] graded, drained, had borrow pits [and] were official roads that were turned into the State of Idaho for maintenance reimbursement" dated January 31, 2017; and (l) public comments issued by Chet Brackett, specifically that BLM gave maintenance duties for Buck Creek Road to Owyhee County, dated January 23, 2017.

**589.**     Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Buck Creek Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under

**COMPLAINT**                                                                                                   **152**

Idaho State law and R.S. 2477, within a scope of 50 feet in width as per Idaho Code § 40-2312(2).

**590.**     (81) <u>Cougar Point Road</u>

**591.**     The Cougar Point Road is more specifically illustrated on the "Final Map" identified as Murphy Hot Springs (Map #149), which is available online at Owyhee County's official website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

**592.**     This Road was created by public use and periodic maintenance at least after June 14, 1948, but before October 21, 1976, as provided for in Idaho Code § 40-202(3).

**593.**     This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Resolution No. 94-03 dated February 14, 1994; (c) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (d) Owyhee County Resolution 2011-01 dated January 4, 2011; (e) Owyhee County Resolution 2011-21 dated September 12, 2011; (f) Owyhee County Resolution 2017-21 dated July 3, 2017; (g) Chet Brackett Affidavit wherein he stated that Cougar Point Road was "[g]raded and used by Walter Wells to use semi-trucks to haul sheep from his Cougar Point Forest Allotment, dated March 3, 2017; (h) statements issued by Chet Brackett, specifically that Cougar Point Road was ". . .used annually and continually from 1948 through 1976 [and] maintained as needed, certainly more than five times between 1948 and 1976." Dated January 31, 2017; (i) public comments issued by Chet Brackett, specifically that there was a Validation Hearing for Cougar Point Road, dated January 23, 2017; (j) Bert Brackett Affidavit in which he states that Cougar Point Road was maintained at public expense at least between 1948 and 1976

COMPLAINT                                                                                                          **153**

to accommodate various ranches, dated March 8, 2017 at page 1; and (k) Three Creek FCO Inst. in which Cougar Point Road was validated as a R.S.-2477 Right-of-Way.

594.    Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Cougar Point Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 50 feet in width as per Idaho Code § 40-2312(2).

595.    (82) Dishpan Rim Road

596.    The Dishpan Rim Road is more specifically illustrated on the "Final Map" identified as Dishpan (Map #143), Murphy Hot Springs (Map #149), Poison Butte (Map #142),  which are available online at Owyhee County's official website:

https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

597.    This Road was created by public use and periodic maintenance at least after June 14, 1948, but before October 21, 1976, as provided for in Idaho Code § 40-202(3).

598.    This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Resolution No. 94-03 dated February 14, 1994; (c) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (d) Owyhee County Resolution 2011-01 dated January 4, 2011; (e) Owyhee County Resolution 2011-21 dated September 12, 2011; (f) Owyhee County Resolution 2017-21 dated July 3, 2017; (g) Chet Brackett Affidavit wherein he stated that Dishpan Rim Road was "[g]raded over two years to maintain travel surface [and] Opal Dunn used to haul water to cattle

COMPLAINT                                                                                                          154

and horses . . ." dated March 3, 2017; (h) Bert Brackett Affidavit in which he states that Dishpan Rim Road was maintained at public expense at least between 1948 and 1976 to accommodate various ranches, dated March 8, 2017 at page 2; (i) public comments issued by Chet Brackett, specifically that there was a Validation Hearing for Dishpan Rim Road, dated January 23, 2017; and (j) Three Creek FCO Inst. in which Dishpan Rim  Road was validated as a R.S.-2477 Right-of-Way.

599.     Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Dishpan Rim Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 50 feet in width as per Idaho Code § 40-2312(2).

600.     (83) <u>Indian Hot Springs Road</u>

601.     The Indian Hot Springs Road is more specifically illustrated on the "Final Map" identified as Clover Butte N (Map #140), Inside Lakes (Map #133), Stiff Tree Draw (Map #132), which are available online at Owyhee County's official website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

602.     This Road was created by public use and periodic maintenance at least after June 14, 1948, but before October 21, 1976, as provided for in Idaho Code § 40-202(3).

603.     This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Resolution No. 94-03 dated February 14, 1994; (c) Owyhee County Application of Assertion of Right of Way dated

COMPLAINT                                                                                              155

March 28, 1994; (d) Owyhee County Resolution 2011-01 dated January 4, 2011; (e) Owyhee County Resolution 2011-21 dated September 12, 2011; (f) Owyhee County Resolution 2017-21 dated July 3, 2017; (g) Chet Brackett Affidavit wherein he stated that Hot Springs Road was "[g]raded over two years to maintain travel surface [and] used to haul water to livestock . . ." dated March 3, 2017; (h) Chet Brackett Statements wherein he states that Indian Hot Springs Road was ". . . used annually and continually from 1948 through 1976 [and] maintained as needed, certainly more than five times between 1948 and 1976" dated January 31, 2017; (i) Bert Brackett Affidavit in which he states that Hot Springs Road was maintained at public expense at least between 1948 and 1976 to accommodate various ranches, dated March 8, 2017 at page 3; (j) public comments issued by Chet Brackett, specifically that there was a Validation Hearing for Hot Springs Road, dated January 23, 2017; and (k) Three Creek FCO Inst. in which Hot Springs Road was validated as a R.S.-2477 Right-of-Way.

**604.** Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Indian Hot Springs Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 50 feet in width as per Idaho Code § 40-2312(2).

**605.** (84) <u>Kinyon Road</u>

**606.** The Kinyon Road is more specifically illustrated on the "Final Maps" identified as Clover Butte N (Map #140) and Clover Butte S. (Map #141) which is available online at Owyhee County's official website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

**607.** This Road was created by public use and periodic maintenance at least after June 14, 1948, but before October 21, 1976, as provided for in Idaho Code § 40-202(3). 57

**608.** This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Resolution No. 94-03 dated February 14, 1994; (c) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (d) Owyhee County Resolution 2011-01 dated January 4, 2011; (e) Owyhee County Resolution 2011-21 dated September 12, 2011; (f) Owyhee County Resolution 2017-21 dated July 3, 2017; (g) Three Creek Highway District Annual Maintenance or Inventory Maps in 1970, and 1975; (h) Chet Brackett Statements wherein he states that Kinyon Road was ". . . used annually and continually from 1948 through 1976 [and] maintained as needed, certainly more than five times between 1948 and 1976" dated January 31, 2017; (i) public comments issued by Chet Brackett, specifically that maintenance was completed on Kinyon Road, dated January 23, 2017; see also (j) BLM grant of right of way to TCGRD dated February 20, 1992 under IDI 16779; and (k) Raft River comment dated June 20, 2017.

**609.** Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Kinyon Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 50 feet in width as per Idaho Code § 40-2312(2).

**610.** (85) North Rim Road

**611.** The North Rim Road is more specifically illustrated on the "Final Map" identified as Inside Lakes (Map #133), Poison Butte (Map #142), The Arch (Map #134), which are available

COMPLAINT                                                                                   157

online at Owyhee County's official website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

**612.** This Road was created by public use and periodic maintenance at least after June 14, 1948, but before October 21, 1976, as provided for in Idaho Code § 40-202(3).

**613.** This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Resolution No. 94-03 dated February 14, 1994; (c) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (d) Owyhee County Resolution 2011-01 dated January 4, 2011; (e) Owyhee County Resolution 2011-21 dated September 12, 2011; (f) Owyhee County Resolution 2017-21 dated July 3, 2017; (g) Chet Brackett Affidavit wherein he stated that North Rim Road was "[g]raded over two years to maintain travel surface for hauling horses" dated March 3, 2017; (h) Chet Brackett Statements wherein he states that Hot Springs Road was ". . . used annually and continually from 1948 through 1976 [and] maintained as needed, certainly more than five times between 1948 and 1976" dated January 31, 2017; (i) Bert Brackett Affidavit in which he states that Hot Springs Road was maintained at public expense at least between 1948 and 1976 to accommodate various ranches, dated March 8, 2017 at page 3; (j) public comments issued by Chet Brackett, specifically that there was a Validation Hearing for Hot Springs Road, dated January 23, 2017; and (k) Three Creek FCO Inst. in which Hot Springs Road was validated as a R.S.-2477 Right-of-Way.

**614.** Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the North Rim Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under

Idaho State law and R.S. 2477, within a scope of 50 feet in width as per Idaho Code § 40-2312(2).

**615.**     (86) <u>Opal Dunn Road</u>

**616.**     The Opal Dunn Road is more specifically illustrated on the "Final Map" identified as Mosquito Lake Butte (Map #148), Murphy Hot Springs (Map #149) which are available online at Owyhee County's official website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

**617.**     This Road was created by public use and periodic maintenance at least after June 14, 1948, but before October 21, 1976, as provided for in Idaho Code § 40-202(3).

**618.**     This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Resolution No. 94-03 dated February 14, 1994; (c) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (d) Owyhee County Resolution 2011-01 dated January 4, 2011; (e) Owyhee County Resolution 2011-21 dated September 12, 2011; (f) Owyhee County Resolution 2017-21 dated July 3, 2017; (g) Chet Brackett Affidavit wherein he stated that Opal Dunn Road was "[u]sed by Opal Dunn to access Opal Dunn well to haul water to livestock . . ." dated March 3, 2017; and (h) Three Creek FCO Inst. in which Opal Dunn Road was validated as a R.S.-2477 Right-of-Way.

**619.**     Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Opal Dunn Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under

Idaho State law and R.S. 2477, within a scope of 50 feet in width as per Idaho Code § 40-2312(2).

**620.**    (87) Opal Dunn Well Road

**621.**    The Opal Dunn Well Road is more specifically illustrated on the "Final Map" identified as Dishpan (Map #143), Poison Butte (Map #142), which are available online at Owyhee County's official website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

**622.**    This Road was created by public use and periodic maintenance at least after June 14, 1948, but before October 21, 1976, as provided for in Idaho Code § 40-202(3).

**623.**    This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Resolution No. 94-03 dated February 14, 1994; (c) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (d) Owyhee County Resolution 2011-01 dated January 4, 2011; (e) Owyhee County Resolution 2011-21 dated September 12, 2011; (f) Owyhee County Resolution 2017-21 dated July 3, 2017; and (g) Chet Brackett Affidavit wherein he stated that Opal Dunn Well Road was "[g]raded over two years to maintain travel surface for hauling horses" dated March 3, 2017.

**624.**    Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Opal Dunn Well Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 50 feet in width as per Idaho Code § 40-2312(2).

**625.**    (88) Post Office Road

**626.**     The Post Office Road is more specifically illustrated on the "Final Map" identified as

Mosquito Lake Butte (Map #148), Poison Butte (Map #142), which are available online at

Owyhee County's official website: https://owyheecounty.net/departments/community-

development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

**627.**     This Road was created by public use and periodic maintenance at least after June 14,

1948, but before October 21, 1976, as provided for in Idaho Code § 40-202(3).

**628.**     This Road maintained its status as public right-of-way under Idaho Law and under R.S.

2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this

Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Resolution No. 94-

03 dated February 14, 1994; (c) Owyhee County Application of Assertion of Right of Way dated

March 28, 1994; (d) Owyhee County Resolution 2011-01 dated January 4, 2011; (e) Owyhee

County Resolution 2011-21 dated September 12, 2011; (f) Owyhee County Resolution 2017-21

dated July 3, 2017; (g) Chet Brackett Affidavit wherein he stated that Post Office Road was

"[g]raded over two years to maintain travel surface for Brackett family to haul water to horses

and more cattle" dated March 3, 2017; (h) Chet Brackett Statements wherein he states that Post

Office Road was ". . . used annually and continually from 1948 through 1976 [and] maintained

as needed, certainly more than five times between 1948 and 1976" dated January 31, 2017; (i)

Bert Brackett Affidavit in which he states that Post Office Road was maintained at public

expense at least between 1948 and 1976 to accommodate various ranches, dated March 8, 2017

at page 2; (j) public comments issued by Chet Brackett, specifically that there was a Validation

Hearing for Post Office Road, dated January 23, 2017; and (k) Three Creek FCO Inst. in which

Post Office Road was validated as a R.S.-2477 Right-of-Way.

**629.**     Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Post Office Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 50 feet in width as per Idaho Code § 40-2312(2).

**630.**     (89) <u>Rock Corral Road</u>

**631.**     The Rock Corral Road is more specifically illustrated on the "Final Map" identified as Clover Butte S. (Map #141), Mosquito Lake Butte (Map #148), Poison Butte (Map #142), The Arch (Map #134), which are available online at Owyhee County's official website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

**632.**     This Road was created by public use and periodic maintenance at least after June 14, 1948, but before October 21, 1976, as provided for in Idaho Code § 40-202(3).

**633.**     This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Resolution No. 94-03 dated February 14, 1994; (c) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (d) Owyhee County Resolution 2011-01 dated January 4, 2011; (e) Owyhee County Resolution 2011-21 dated September 12, 2011; (f) Owyhee County Resolution 2017-21 dated July 3, 2017; (g) Chet Brackett Affidavit wherein he stated that Rock Corral Road was ". . . used to haul water from 3 Creek Well for livestock [and] used by Brackett family to haul horses and was graded annually" dated March 3, 2017; (h) Chet Brackett Statements wherein he states that Rock Corral Road was ". . .used annually and continually from 1948 through 1976 [and]

**COMPLAINT**                                                                                                    **162**

maintained as needed, certainly more than five times between 1948 and 1976" dated January 31, 2017; (i) Bert Brackett Affidavit in which he states that Rock Corral Road was maintained at public expense at least between 1948 and 1976 to accommodate various ranches, dated March 8, 2017 at page 2; (j) public comments issued by Chet Brackett, specifically there was a Validation Hearing for Rock Corral Road, dated January 23, 2017; and (k) Three Creek FCO Inst. in which Corral Rock Road was validated as a R.S.-2477 Right-of-Way.

634.    Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Corral Rock Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 50 feet in width as per Idaho Code § 40-2312(2).

635.    (90) <u>Unnamed Road 16S11E3,10 off Elk Mountain</u>

636.    The Unnamed Road 16S11E3,10 off Elk Mountain Road is more specifically illustrated on the "Final Map" identified as Three Creek (Map #155), which is available online at Owyhee County's official website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

637.    This Road was created by public use and periodic maintenance at least after June 14, 1948, but before October 21, 1976, as provided for in Idaho Code § 40-202(3).

638.    This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Resolution No. 94-03 dated February 14, 1994; (c) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (d) Owyhee County Resolution 2011-01 dated January 4, 2011; (e) Owyhee

County Resolution 2011-21 dated September 12, 2011; (f) Owyhee County Resolution 2017-21 dated July 3, 2017; and (g) Three Creek Highway District Annual Maintenance or Inventory Maps in 1958, 1962 and 1964.

**639.** Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Unnamed Road 16S11E3,10 off Elk Mountain Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 50 feet in width as per Idaho Code § 40-2312(2).

**640.** (91) <u>Unnamed Road 12S9E23</u>

**641.** The Unnamed Road 12S9E23 is more specifically illustrated on the "Final Map" identified as Juniper Butte (Map #147), Mosquito Lake Butte (Map #148), which are available online at Owyhee County's official website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

**642.** This Road was created by public use and periodic maintenance at least after June 14, 1948, but before October 21, 1976, as provided for in Idaho Code **§** 40-202(3).

**643.** This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Resolution No. 94-03 dated February 14, 1994; (c) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (d) Owyhee County Resolution 2011-01 dated January 4, 2011; (e) Owyhee County Resolution 2011-21 dated September 12, 2011; (f) Owyhee County Resolution 2017-21 dated July 3, 2017; and (g) Three Creek Highway District Annual Maintenance or Inventory Maps in 1958 and 1969.

**644.**    Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Unnamed Road 12S9E23 -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 50 feet in width as per Idaho Code § 40-2312(2).

**645.**    (92) <u>Wilkins Island Road</u>

**646.**    The Wilkins Island Road is more specifically illustrated on the "Final Map" identified as Murphy Hot Springs (Map #149) which is available online at Owyhee County's official website: https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

**647.**    This Road was created by public use and periodic maintenance at least after June 14, 1948, but before October 21, 1976, as provided for in Idaho Code § 40-202(3).

**648.**    This Road was subject of an Application for Transportation and Utility Systems and Facilities on Federal Land dated March 28, 1984, wherein Owyhee County applied for R.S. 2477 status for this road, though, under information and belief, the USA did not include a right-of-way grant under R.S. 2477 as to this road on or after April 3, 1984, as the USA did as to other roads subject to this complaint and right-of-way file IDI 020724.  It is unknown the reason for the omission by the USA in not including this road in right-of-way file IDI 020724, and it is apparent to the Plaintiffs that the omission was advertent by the USA.

**649.**    This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Application dated March 29, 1984, wherein Owyhee County claimed R.S. 2477 status as to such road, as illustrated

on Map Sheet 8 on such Application; (c) Short Note Transmittal dated April 2, 1984, from Sally Carpenter, Boise District BLM, wherein it was documented the "posting to the MTPs" aka Master Title Plats, the rights-of-way under file I-20724 as "roads constructed under authority of R.S. 2477"; (d) Letter from Oscar Anderson, Owyhee Field Office Manager, BLM, to Owyhee County, wherein BLM acknowledges receipt of Owyhee County Application dated March 29, 1984, and wherein BLM advised Owyhee County that "the official records are being noted to show that the public roads indicated on your maps are now authorized by Right-of-Way I-20724" with a width of 60 feet, i.e., 30 feet on each side of existing centerline; (e) Owyhee County Resolution No. 94-03 dated February 14, 1994; (f) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (g) Owyhee County Resolution 2011-01 dated January 4, 2011; (h) Owyhee County Resolution 2011-21 dated September 12, 2011; (i) Owyhee County Resolution 2017-21 dated July 3, 2017; (j) Chet Brackett Statements wherein he states that Wilkins Island was ". . .used annually and continually from 1948 through 1976 [and] maintained as needed, certainly more than five times between 1948 and 1976" dated January 31, 2017; (k) public comments issued by Chet Brackett, specifically that Wilkins Island Road received some maintenance from Owyhee County, dated January 23, 2017; (l) BLM grant of right of way to TCGRD dated February 20, 1992 under IDI 16779; and (m) Raft River comment dated June 20, 2017.

**650.**     Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Wilkins Island Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 50 feet in width as per Idaho Code § 40-2312(2).

**COMPLAINT**                                                                                          **166**

## C. GEM HIGHWAY DISTRICT

**651.**   (93) Old Highway 95 Road

**652.**   The Old Highway 95 Road is more specifically illustrated on the "Final Map" identified as Jump Creek Canyon (Jump Creek) (Map #17), Opalene Gulch (Opalene) (Map #30), which are available online at Owyhee County's official website:

https://owyheecounty.net/departments/community-development/rs2477-project/ (last checked on January 21, 2021 @ 2:45 P.M.).

**653.**   This Road maintained its status as public right-of-way under Idaho Law and under R.S. 2477 between June 14, 1948, and October 21, 1976, and even through the date of filing of this Complaint, as demonstrated by: (a) continued public use; (b) Owyhee County Resolution No. 94-03 dated February 14, 1994; (c) Owyhee County Application of Assertion of Right of Way dated March 28, 1994; (d) Owyhee County Resolution 2011-01 dated January 4, 2011; (e) Owyhee County Resolution 2011-21 dated September 12, 2011; (f) Owyhee County Resolution 2017-21 dated July 3, 2017; and (g) B. Holton letter stating "[t]he Old Highway 95 was in use and maintained by the responsible highway district between the years of 1948 and 1976 and should be listed as a Right-of-Way" dated August 12, 2016.

**654.**   Wherefore, based upon the foregoing evidence and such other evidence that may be offered and proven at trial, the Old Highway 95 Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho State law with all the rights and privileges allowed under Idaho State law and R.S. 2477, within a scope of 50 feet in width as per Idaho Code § 40-2312(2).

///

///

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray:

**(1)**     Under the First Claim for Relief, the court should declare under the *Federal Declaratory Judgment Act*, 28 U.S.C. § 2201(a), that the Idaho Road Validation process prescribed by Idaho Code § 40-203A was legally sufficient to validate each of the roads identified in the Third, Fourth, Fifth, and Sixth Claims for Relief as public rights-of-way under R.S. 2477, as per the Plaintiffs' Findings, Conclusions, and Order dated February 25, 2020.

**(2)**     Under the Second Claim for Relief, the court should declare under the *Federal Declaratory Judgment Act*, 28 U.S.C. § 2201(a), that the USA's grant, through BLM, dated April 3, 1984, as modified, was legally sufficient to validate each of the roads identified in the Third and Fifth Claims for Relief as public rights-of-way under R.S. 2477.

**(3)**     In the alternative to the First and Second Claims for Relief, under the Third, Fourth, Fifth, and Sixth Claims for Relief, the court should quiet title under the *Federal Quiet Title Act*, 28 U.S.C. § 2409a, that the roads alleged therein are public rights-of-way under R.S. 2477 as a result of: (1) a "positive act of acceptance by the local government", or (2) "compliance with the road creation statutes in existence at the time" with all the rights and privileges allowed under Idaho law and R.S. 2477.

**(4)**     The court declare, adjudge, or decree that the Plaintiffs, as applied within their respective jurisdictions, have the right and interest to maintain the several public rights-of-way as they cross the public lands owned by the USA consistent with Idaho law and R.S. 2477 *without* fee and *without* any additional authorization from the

**COMPLAINT**                                                                                         **168**

Defendant within the scope: (a) prescribed by the USA, through BLM, of 60 feet, i.e.,

30 feet on each side of the centerline of the road, as to the several public rights-of-way

subject to right-of-way file IDI 020724; or, (b) prescribed by Idaho Code § 40-2312,

i.e., "not less than fifty (50) feet" wide, as to the several public rights-of-way not

subject to right-of-way file IDI 020724.  In the alternative to (a) and (b), the scope of

the several public rights-of-way should be determined to be wide as reasonable for the

use and maintenance of the rights-of-way.

**(5)**        For such other and further relief as the court deems just and equitable,

including the Plaintiffs' attorney fees and costs under any applicable law, including the

*Equal Access to Justice Act*.

Respectfully submitted, this 9th day of February, 2021.

**SCHROEDER LAW**

By _____

W. Alan Schroeder
A lawyer for OWYHEE COUNTY, STATE OF IDAHO; GEM HIGHWAY
DISTRICT, OWYHEE COUNTY; and THREE CREEK GOOD ROAD
DISTRICT, OWYHEE COUNTY, *Plaintiffs*.

///

///

///

///

///

///

///

**COMPLAINT**

**NOTICE OF DEMAND FOR JURY TRIAL AS TO FIRST AND SECOND CLAIMS FOR RELIEF ALLEGED IN THE FOREGOING COMPLAINT**

OWYHEE COUNTY, GEM HIGHWAY DISTRICT, and THREE CREEK GOOD ROAD DISTRICT (cumulatively referred to as "Plaintiffs") give notice to the Defendant and otherwise demand a jury trial as to the First and Second Claims for Relief alleged in this Complaint in accordance with the Federal Rules of Civil Procedure 38 and 57.

Respectfully submitted, this 9th day of February, 2021.

**SCHROEDER LAW**

By _____

    W. Alan Schroeder,
    A lawyer for OWYHEE COUNTY, STATE OF IDAHO; GEM HIGHWAY
    DISTRICT, OWYHEE COUNTY; and THREE CREEK GOOD ROAD
    DISTRICT, OWYHEE COUNTY, *Plaintiffs*.

**COMPLAINT**

170

EXHIBIT "A"



**EXHIBIT "B"**

