UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| OWYHEE COUNTY, STATE OF IDAHO; GEM HIGHWAY DISTRICT, OWYHEE COUNTY; and THREE CREEK GOOD ROAD DISTRICT, OWYHEE COUNTY,<br><br>Plaintiffs,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 1:21-cv-00070-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant's motion to dismiss. (Dkt. 14.) The motion is fully briefed and at issue. Having reviewed the entire record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding delay, and because the decisional process would not be significantly aided by oral argument, the motion will be decided on the record. Dist. Idaho L. Civ. Rule 7.1(d). For the reasons that follow, the Court will grant the motion but will afford Plaintiffs leave to amend certain claims.

## BACKGROUND

This lawsuit concerns ninety-three rights-of-way that cross public lands in Owyhee County, Idaho. The public lands themselves are owned by the United States of America and managed by the United States Department of the Interior, Bureau of Land Management (BLM). Plaintiffs assert the rights-of-way are public roads in accordance with the Act of July 26, 1866, codified as 43 U.S.C. § 932, (commonly referred to as "R.S. 2477"), and the Idaho Road Validation process, Idaho Code Section 40-203A. (Dkt. 1, 16.)[1]

Plaintiffs are Owyhee County and two road districts located within Owyhee County – Gem Highway District and Three Creek Good Road District. (Dkt. 1.) Plaintiffs filed this action seeking to "validate" and "declare the rights and other legal relations" of the rights-of-way as public roads under R.S. 2477 and Idaho law. (Dkt. 1 at ¶ 4.) The first and second claims for relief allege title to the roads is not disputed by the United States and, therefore, relief is appropriate under the Declaratory Judgment Act, 28 U.S.C. § 2201. Alternatively, the third, fourth, fifth, and sixth claims for relief allege title to the roads is disputed by the United States and, therefore, seek relief under the Quiet Title Act (QTA), 28 U.S.C. § 2409a.

---

[1] In 1866, Congress passed R.S. 2477, which provides: "The right-of-way for the construction of highways over public lands, not reserved for public uses, is hereby granted." 43 U.S.C. § 932, 14 Stat. 253 (1886). It was enacted to assist in the development of the West by granting "rights of way for construction of highways over public lands to miners, farmers, ranchers, and homesteaders." Harry R. Bader, *Potential Legal Standards for Resolving the R.S. 2477 Right of Way Crisis*, 11 Pace Envtl. L. Rev. 485, 485 (1993). R.S. 2477 was repealed 110 years later by the Federal Land Policy Management Act of 1976 (FLPMA), § 706(a), Pub. L. No. 94-579, 90 Stat. 2793. Thus, no new R.S. 2477 rights-of-way can be created after 1976. However, all rights-of-way existing at the time of R.S. 2477's repeal in 1976 remain valid.

**MEMORANDUM DECISION AND ORDER - 2**

The United States filed the motion to dismiss presently before the Court pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. 14.) The United States seeks dismissal of the Complaint in its entirety, arguing claim one should be dismissed for failure to state a claim, and that all claims should be dismissed for lack of subject matter jurisdiction. (Dkt. 15.) The Court finds as follows.

## STANDARDS OF LAW

1. **Federal Rule of Civil Procedure 12(b)(1)**

"Federal courts are courts of limited jurisdiction" and may only hear cases as authorized by Article III of the United States Constitution and statutes enacted by Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, federal courts cannot consider claims for which they lack subject matter jurisdiction. *See Wang ex rel. United States v. FMC Corp.*, 975 F.2d 1412, 1415 (9th Cir. 1992).

The party invoking the Court's jurisdiction bears the burden of proving that the case is properly in federal court. *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001); *Dunn & Black P.S. v. United States*, 492 F.3d 1084, 1088 (9th Cir. 2007) (The party asserting a claim against the United States bears "the burden of establishing that its action falls within an unequivocally expressed waiver of sovereign immunity by Congress.").

Federal Rule of Civil Procedure 12(b)(1) governs challenges to subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Lack of sovereign immunity is a defense properly raised under Rule 12(b)(1). *Tobar v. United States*, 639 F.3d 1191, 1194 (9th Cir. 2011).

A Rule 12(b)(1) jurisdictional attack may be facial or factual. *See White v. Lee*,

227 F.3d 1214, 1242 (9th Cir. 2000). Here, Defendant presents a facial challenge to the Court's jurisdiction. (Dkt. 15 at 5.) In a facial attack, the challenging party asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

When considering a "facial" attack made pursuant to Rule 12(b)(1), a court must consider the allegations of the complaint to be true and construe them in the light most favorable to the plaintiff. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, it is improper to rule on a Rule 12(b)(1) motion when the "jurisdictional issue and the substantive issues . . . are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits." *Safe Air for Everyone*, 373 F.3d at 1040; *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) ("A court may not resolve genuinely disputed facts where 'the question of jurisdiction is dependent on the resolution of factual issues going to the merits.'") (quoting *Augustine*, 704 F.2d at 1077). In such a case, "the jurisdictional determination should await a determination of the relevant facts on either a motion going to the merits or at trial." *Augustine*, 704 F.2d at 1077.

2.   **Federal Rule of Civil Procedure 12(b)(6)**

A suit must be dismissed if the complaint fails to "state a claim upon which relief can be granted." Fed. R. Civ. Proc. 12(b)(6). To defeat a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts "to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the factual

content pleaded allows a court "to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678.

When evaluating a Rule 12(b)(6) motion, the Court must accept all material factual allegations as true and draw any reasonable inferences in the non-moving party's favor. *Id*. However, the Court is "'not bound to accept as true a legal conclusion couched as a factual allegation,'" or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Id*. (quoting *Twombly*, 550 U.S. at 555).

## DISCUSSION

The definitive issue on this motion is whether the Court has jurisdiction to adjudicate Plaintiffs' claims. The United States asserts claims one and two must be dismissed because the Declaratory Judgment Act does not provide a waiver of sovereign immunity for claims brought against the United States, and because the QTA is the exclusive remedy available to Plaintiffs. (Dkt. 15.) The United States argues remaining claims three, four, five, and six should be dismissed also because the Complaint fails to plead allegations establishing the conditions required for the limited waiver of sovereign immunity provided under the QTA. Plaintiffs oppose the motion, arguing claim one properly pleads a cognizable legal theory, and that subject matter jurisdiction exists on all claims under the Declaratory Judgment Act or, alternatively, under the QTA. (Dkt. 16.)

1. **Claim One and Claim Two – Declaratory Judgment Act**

Federal courts have original jurisdiction over certain specific types of actions brought against the United States. *See* 28 U.S.C. § 1346. "It is elementary that the United States, as sovereign, is immune from suit save as it [expressly and affirmatively] consents

to be sued." *Tobar v. United States*, 639 F.3d 1191, 1195 (9th Cir. 2011) (quoting *United States v. Mitchell*, 445 U.S. 535, 538 (1980)).

"The waiver of sovereign immunity is a prerequisite to federal-court jurisdiction." *Id.* (citing *United States v. Mitchell*, 463 U.S. 206, 212 (1983)). Absent a waiver of sovereign immunity, the Court lacks subject matter jurisdiction over a suit against the United States or one of its agencies. *See Mills v. United States*, 742 F.3d 400, 404 (9th Cir. 2014); *McGuire v. United States*, 550 F.3d 903, 910 (9th Cir. 2008). A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text. *Lane v. Pena*, 518 U.S. 187, 192 (1996).

Claims one and two are brought against the United States under the Declaratory Judgment Act, asserting the United States does not dispute title to the roads as public rights-of-way under R.S. 2477. (Dkt. 1.) The Declaratory Judgment Act, however, does not waive sovereign immunity. *Brownell v. Ketcham Wire & Mfg. Co.*, 211 F.2d 121, 128 (9th Cir. 1954) ("[T]he Declaratory Judgment Act is not a consent of the United States to be sued . . . ."); *Burns Ranches, Inc. v. U.S. Dept. of the Interior*, 851 F.Supp.2d 1267, 1271 (D. Or. 2011). It "merely grants an additional remedy in cases where jurisdiction already exists in the court." *Brownell*, 211 F.2d at 128; *see also Shell Gulf of Mex., Inc. v. Ctr. for Biological Diversity*, 771 F.3d 632, 635 (9th Cir. 2014) ("This statute does not create new substantive rights, but merely expands the remedies available in federal courts."). Indeed, "the Declaratory Judgment Act does not by itself confer federal subject-matter jurisdiction." *Nationwide Mut. Ins. Co. v. Liberatore*, 408 F.3d 1158, 1161 (9th Cir. 2005). Thus, the Court is without jurisdiction over the claims brought against

**MEMORANDUM DECISION AND ORDER - 6**

the United States under the Declaratory Judgment Act, regardless of whether title is undisputed as Plaintiffs allege. *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.").

Moreover, as discussed further below, Plaintiffs' claims effectively seek to quiet title. (Dkt. 1 at ¶ 4) ("Plaintiffs bring this action to declare the rights and other legal relations" of the ninety-three roads identified in the Complaint as public rights-of-ways under R.S. 2477.). Such claims can be brought only under the QTA. *See Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 284-86 (1983) (party may not use "artful pleading" to escape QTA's limits on suits against the United States); *Friends of Panamint Valley v. Kempthorne*, 499 F.Supp.2d 1165, 1178 (E.D. Cal. 2007) ("Plaintiffs' second claim seeks to quiet title through declaratory relief, ... [but a] claim that seeks a title determination against the United States can only be brought under the [QTA], not the Declaratory Judgment Act or any other law.").

Based on the foregoing, the Court finds it is without jurisdiction to adjudicate Plaintiffs' first and second claims brought against the United States pursuant to the Declaratory Judgment Act. Accordingly, the motion to dismiss as to the first and second claims will be granted with prejudice and without leave to amend. Because the jurisdictional challenge is dispositive of the Declaratory Judgment Act claims, the Court will not address the other arguments raised by the parties concerning claims one and

two.[2]

## 2. Claims Three, Four, Five, and Six – Quiet Title Act

The QTA is the "exclusive means by which adverse claimants [can] challenge the United States' title to real property." *Alaska v. Babbitt*, 38 F.3d 1068, 1073 (9th Cir. 1994) (quoting *Block*, 461 U.S. at 286); *see also Tombstone, City of v. United States*, 2015 WL 11120851, at 9 (D. Ariz. March 12, 2015). The QTA provides a limited waiver of sovereign immunity in a civil action to adjudicate a disputed title to real property in which the United States claims an interest. 28 U.S.C. § 2409a(a) ("The United States may be named as a party defendant in a civil action under this section to adjudicate a disputed title to real property in which the United States claims an interest . . . ."); 28 U.S.C. § 1346(f) (providing that district courts "shall have original jurisdiction of civil actions under section 2409a to quiet title to an estate or interest in real property in which an interest is claimed by the United States"); *Alaska*, 38 F.3d at 1073 ("[W]hen the United States has an interest in the disputed property, the waiver of sovereign immunity must be found, if at all, within the QTA").

As with all waivers of sovereign immunity, the QTA is strictly construed in favor

---

[2] The Court notes briefly Plaintiffs' argument that federal question jurisdiction under 28 U.S.C. § 1331 affords the Court subject matter jurisdiction over the first and second claims. (Dkt. 16 at 10-12.) That argument, however, does not address whether sovereign immunity is waived. *Burns Ranches, Inc. v. U.S. Dept. of the Interior*, 851 F.Supp.2d 1267, 1271-72 (D.Or. 2011). Section 1331 concerns the Court's authority to adjudicate a particular type of claim and provide the relief sought. It does not constitute a waiver of sovereign immunity. *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985) ("[Section] 1331 merely provides that the district court shall have original jurisdiction in all civil actions arising under the Constitution, laws or treaties of the United States, it cannot by itself be construed as constituting a waiver of the government's defense of sovereign immunity.").

of the United States. *Block*, 461 U.S. at 275–76. Absent a waiver of sovereign immunity as provided by the QTA, Plaintiffs' claims challenging the titles or interests in land held by the United States are barred. *Mills*, 742 F.3d at 404; *McGuire*, 550 F.3d at 910.[3]

"[T]wo conditions must exist before a district court can exercise jurisdiction over an action under the [QTA]: (1) the United States must claim an interest in the property at issue, and (2) there must be a disputed title to real property." *Leisnoi, Inc. v. United States*, 170 F.3d 1188, 1191 (9th Cir. 1999). Stated differently, the QTA's waiver of sovereign immunity is expressly limited to the following specific conditions: (1) where the plaintiff "set[s] forth with particularity" the "right, title, or interest claimed by the United States," and (2) where the plaintiff identifies a "disputed title to real property in which the United States claims an interest." 28 U.S.C. § 2409a(a), (d). "If either condition is absent, the [QTA] . . . does not apply and the district court lacks jurisdiction to entertain the action." *Leisnoi*, 170 F.3d at 1191. For title to be disputed under the QTA, the United States must have "adopted a position in conflict with a third party regarding that title." *See Mills*, 742 F.3d at 405.

On this motion, the United States challenges both conditions, arguing the

---

[3] This lawsuit is brought against the United States, making it notably distinct from the case relied on by Plaintiffs, *Nemeth v. Shoshone County*, 453 P.3d 844 (Idaho 2019). In *Nemeth*, property owners brought a declaratory judgment action against a county seeking validation of a public right-of-way across federal land. The Idaho Supreme Court concluded that the QTA is not the exclusive means to validate an R.S. 2977 road when title is not disputed. Where title is undisputed, the court held that the QTA does not preclude state courts from validating federal land rights-of-way under R.S. 2477 using state law. *Id.* at 849. In contrast, the claims in this lawsuit are brought against the United States. The Court's jurisdiction is therefore limited to claims where the United States has expressly waived its sovereign immunity. Plaintiff's reliance on *Nemeth* does not resolve the sovereign immunity issue presented in this matter.

**MEMORANDUM DECISION AND ORDER - 9**

allegations in the Complaint are insufficient on their face to invoke federal jurisdiction, because Plaintiffs' QTA claims have not set forth with particularity the right, title, or interest in the rights-of-way claimed by the United States or that there is a dispute of title to the rights-of-way. (Dkt. 17 at 8.) In response, Plaintiffs contend the Complaint contains general and specific allegations sufficient to show the United States claims an interest in and disputes title to each of the ninety-three rights-of-way identified in claims three, four, five, and six. (Dkt. 16 at 6-9, 17-19.)

Plaintiffs argue the Complaint generally alleges the United States disputes title to the rights-of-way by characterizing Plaintiffs' assertions under R.S. 2477 as "inchoate rights." (Dkt. 16 at 6, 18-19) (citing Dkt. 1 at ¶¶ 4, 46-49, 104, 105, 260, 261, 307, 308, and 493.) More specifically, Plaintiffs contend the Complaint alleges the United States provided notification of its claim to and dispute of title to the rights-of-way on March 29, 2010, in a decision issued by the United States Department of the Interior, Office of Hearings and Appeals, Board of Land Appeals (IBLA).[4]

Plaintiffs' arguments arise from the BLM's approval of the Murphy Subregion Travel Management Plan (MSR-TMP) pursuant to the Omnibus Public Land Management Act of 2009. During the process of developing the MSR-TMP, Plaintiffs allege that Owyhee County submitted comments and coordinated discussions with the

---

[4] The IBLA decision is quoted in the Complaint and relied on by both parties in their briefing. Accordingly, the Court takes judicial notice of the IBLA decision, *Owyhee County, Idaho*, 179 IBLA 18 (2010), and has considered it in ruling on the present motion to dismiss. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); Fed. R. Evid. 201; *Sciotto v. Association of Apartment Owners of Hanalei Bay Resort*, 2019 WL 7373026, at *8 n. 2 (D. Hawai'i Dec. 31, 2019).

**MEMORANDUM DECISION AND ORDER - 10**

BLM regarding its "R.S. 2477 assertions" of public lands within Owyhee County. (Dkt. 1 at ¶ 48.) The BLM declined to adopt Owyhee County's proposed alternative regarding off-highway vehicle (OHV) use and approving the MSR-TMP. Owyhee County filed an administrative appeal of the MSR-TMP to the IBLA arguing, in relevant part, that the MSR-TMP's OHV designations conflict with Owyhee County's "R.S. 2477 assertions."

On March 29, 2010, the IBLA issued a decision affirming the MSR-TMP, stating:

> A County right-of-way over roads on Federal lands exists and attaches after its R.S. 2477 assertions are validated under the Quiet Title Act. *See Wilderness Society vs. Kane County,* 581 F.3d 1198, 1218-19 (10th Cir. 2009); *SUWA v. BLM,* 425 F.3d at 755-58. Until validated, it has inchoate rights; thereafter, they will be recognized by BLM. BLM is not compelled by law or precedent to concede management authority over these roads to the County prior to a judicial validation of its assertions. See *Kane County v. Salazar,* 562 F.3d 1077, 1087-88 (10th Cir. 2009); EA at 17 ("Where court rulings validate RS-2477 assertions, the TMP route designations would be modified to incorporate these findings"). We find no error in BLM so addressing the County's assertions or including their affected roads in the TMP.

(Dkt. 1 at ¶ 48) (citing *Owyhee County, Idaho*, 179 IBLA at 28.) Plaintiffs contend the IBLA decision, coupled with the BLM's adoption of the MSR-TMP, establishes the United States official and explicit notice to Plaintiffs of the United States: (1) disagreement over Plaintiffs' road assertions under R.S. 2477, and (2) intention to continue management authority over such roads. (Dkt. 16 at 7) (citing Dkt. 1 at ¶¶ 48, 49, 104, 260, 307, and 493.))

Having carefully reviewed the pleadings, record, and the parties' submissions, the Court finds Plaintiffs have failed to sufficiently plead facts demonstrating the adverse right, title, or interest claimed by the United States to the rights-of-way making up Plaintiffs' claims three, four, five, and six in the Complaint. 28 U.S.C. § 2409a(d).

**MEMORANDUM DECISION AND ORDER - 11**

The Complaint details the several R.S. 2477 rights-of-way claimed by Plaintiffs and the circumstances under which the rights-of-way were allegedly acquired. (Dkt. 1.) However, the Complaint does not identify with particularity what rights-of-way the United States claims title to that are adverse to Plaintiffs' claims of title. Plaintiffs reliance on the MSR-TMP and the IBLA decision fails to establish that the United States claims interest in and disputes title to the rights-of-way at issue in this lawsuit.

The Complaint generally references Owyhee County's "R.S. 2477 assertions" made to the BLM and the IBLA during the development and appeal of the MSR-TMP. (Dkt. 1 at ¶¶ 48, 49.) The IBLA decision in turn refers to "R.S. 2477 assertions" by Owyhee County contained in "Ordinance No. 08-03" and "County Resolution No. 94-13." 179 IBLA at 27. *Owyhee County, Idaho*, 179 IBLA at 28. However, the Complaint does not identify which rights-of-way were included in Owyhee County's "R.S. 2477 assertions" or the county ordinances referenced in the IBLA decision. Nor does the Complaint specify whether Owyhee County's "R.S. 2477 assertions" were for the same rights-of-way that make up claims three, four, five, and six in the Complaint. Thus, it is unclear whether the "R.S. 2477 assertions" made by Owyhee County in relation to the MSR-TMP and IBLA appeal are the same rights-of-way asserted in the QTA claims.

Taking the allegations in the Complaint as true, the MSR-TMP and the IBLA decision, at most, generally demonstrate that the United States disputes title to the rights-of-way located within the MSR-TMP that were asserted by Owyhee County during the development of the MSR-TMP and the IBLA appeal. Again, however, the Complaint fails to establish that the rights-of-way asserted in relation to the MSR-TMP are the same

**MEMORANDUM DECISION AND ORDER - 12**

as the rights-of-way at issue in claims three, four, five, and six. Moreover, the Complaint does not allege facts establishing that the United States claims or disputes title for the rights-of-way located outside of the Murphy Subregion or the MSR-TMP, or for any rights-of-way claimed by the other named Plaintiffs to the extent they are different from Owyhee County's "R.S. 2477 assertions."

The Complaint also does not include allegations concerning how the MSR-TMP establishes the United States' exercise of control or management over the particular rights-of-way at issue that is adverse to Plaintiffs' claims of ownership to the same roads. For instance, Plaintiffs do not identify how the BLM, through the MSR-TMP, will allow or restrict OHV travel, or manage, or otherwise act in a manner indicative of ownership over the rights-of-way at issue in conflict with Plaintiffs' R.S. 2477 claims. *See e.g.*, *North Dakota ex rel. Stenehjem v. United States*, 257 F.Supp.3d 1039 (D. N.D. 2017) (discussing whether the Forest Service's management of roads pursuant to a travel plan was sufficient to put State on notice of the government's claim to property).

Based on the foregoing, the Court finds the allegations in the Complaint are insufficient to establish the jurisdictional requirements for the QTA claims. The Complaint fails to allege with sufficient particularity which rights-of-way at issue in claims three, four, five, and six that the United States has asserted an interest adverse to Plaintiffs. *Leisnoi*, 170 F.3d at 1191. Accordingly, the Court will dismiss without prejudice claims three, four, five, and six in the Complaint.

Plaintiffs, however, will be afforded leave to amend the Complaint to cure the deficiencies to the QTA claims, as it is not certain that doing so would be futile. *Lopez v.*

*Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (stating leave to amend should be granted "unless [the court] determines that the pleading could not possibly be cured by the allegation of other facts.").

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (Dkt. 14) is **GRANTED** as follows:

1) Claims One and Two are **DISMISSED WITH PREJUDICE**.

2) Claims Three, Four, Five, and Six are **DISMISSED WITHOUT PREJUDICE**. Plaintiffs may file an amended complaint on or before **February 1, 2022**.

IT IS FURTHER ORDERED that a telephonic scheduling conference is set for **February 8, 2022 at 9:30 a.m. (MT)**. The parties are to use the Court's Zoom teleconferencing line to connect to this hearing, by dialing: 1-669-254-5252, Meeting ID: 161 5442 0149, Passcode: 787003. The parties must file with the Court the joint litigation plan and discovery plan on or before **February 1, 2022**, in accordance with the litigation order. (Dkt. 11.)

DATED: January 5, 2022

Honorable Candy W. Dale
Chief United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 14**