UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| OWYHEE COUNTY, STATE OF IDAHO; GEM HIGHWAY DISTRICT, OWYHEE COUNTY; and THREE CREEK GOOD ROAD DISTRICT, OWYHEE COUNTY,<br><br>                    Plaintiffs,<br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>                    Defendant. | Case No. 1:21-cv-00070-DKG<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

Before the Court is Plaintiffs' Motion for leave to conduct limited jurisdictional discovery and other relief. (Dkt. 31.) Defendant opposes the Motion. (Dkt. 33.) The Motion is fully briefed and at issue. Having reviewed the entire record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding delay, and because the decisional process would not be significantly aided by oral argument, the motion will be decided on the record. Dist. Idaho L. Civ. Rule 7.1(d). For the reasons that follow, the Court will grant in part and deny in part the motion.

**MEMORANDUM DECISION AND ORDER - 1**

**BACKGROUND**

This lawsuit concerns ninety-three rights-of-way that cross public lands in

Owyhee County, Idaho. The public lands themselves are owned by the United States of

America and managed by the United States Department of the Interior, Bureau of Land

Management (BLM). Plaintiffs assert the rights-of-way are public roads in accordance

with the Act of July 26, 1866, codified as 43 U.S.C. § 932, (commonly referred to as

"R.S. 2477"), and the Idaho Road Validation process, Idaho Code Section 40-203A. (Dkt.

1, 16.)[1]

Plaintiffs are Owyhee County and two road districts located within Owyhee

County – Gem Highway District and Three Creek Good Road District. (Dkt. 1.) The

initial Complaint sought to "validate" and "declare the rights and other legal relations" of

the ninety-three rights-of-way as public roads under R.S. 2477, and Idaho law pursuant to

the Declaratory Judgment Act, 28 U.S.C. § 2201, or, in the alternative, under the Quiet

Title Act (QTA), 28 U.S.C. § 2409a. (Dkt. 1 at ¶ 4.) On January 5, 2022, the Court

granted the United States' motion to dismiss. (Dkt. 18.) Claims One and Two brought

pursuant to the Declaratory Judgment Act, were dismissed with prejudice for lack of

subject matter jurisdiction. Claims Three, Four, Five, and Six were dismissed without

prejudice, as the Court found the allegations in the Complaint insufficient to establish the

---

[1] In 1866, Congress passed R.S. 2477, which provides: "The right-of-way for the construction of highways over public lands, not reserved for public uses, is hereby granted." 43 U.S.C. § 932, 14 Stat. 253 (1886). R.S. 2477 was repealed 110 years later by the Federal Land Policy Management Act of 1976 (FLPMA), § 706(a), Pub. L. No. 94-579, 90 Stat. 2793. Thus, there can be no new R.S. 2477 rights-of-way after 1976. However, rights-of-way existing at the time of R.S. 2477's repeal in 1976, remain valid.

jurisdictional requirements of the QTA. (Dkt. 18.) Specifically, the Court found Plaintiffs had failed to sufficiently plead facts demonstrating the adverse right, title, or interest claimed by the United States to the rights-of-ways making up Claims Three, Four, Five, and Six. (Dkt. 18 at 11.) Plaintiffs were granted leave to file an amended complaint as to the QTA claims.

On February 1, 2022, Plaintiffs timely filed an Amended Complaint asserting four claims for relief under the QTA, again seeking to validate that the ninety-three roads in question are public rights-of-way under R.S. 2477, to which Plaintiffs have the right and interest in maintaining. (Dkt. 21.) On March 18, 2022, the United States filed its second motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). (Dkt. 24.) The Court granted the motion and dismissed without prejudice Plaintiffs' QTA claims. (Dkt. 29.) However, the Court also granted Plaintiffs leave to file a second amended complaint to attempt to cure certain jurisdictional deficiencies. (Dkt. 29.) On June 17, 2022, Plaintiffs filed the motion for jurisdictional discovery presently before the Court. (Dkt. 31.)[2]

## STANDARD OF LAW

District courts are "vested with broad discretion to permit or deny discovery, and a decision 'to deny discovery will not be disturbed except upon the clearest showing that the denial of discovery results in actual and substantial prejudice to the complaining

---

[2] The same day, Plaintiffs also filed a motion for extension of time seeking leave to file the second amended complaint after the Court rules on the motion for jurisdictional discovery. (Dkt. 30.) The Court granted the motion for extension of time. (Dkt. 32.)

litigant.'" *Laub v. United States Dept. of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (quoting *Hallett v. Morgan*, 287 F.3d 1193, 1212 (9th Cir. 2002)). "Discovery may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (internal quotations and citation omitted); *see also Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n. 24 (9th Cir. 1977) (District court abused its discretion in denying discovery on jurisdictional issue where the jurisdictional facts were contested or more facts were needed).

On the other hand, a request for discovery may be denied where it is "based on little more than a hunch that it might yield jurisdictionally relevant facts," *id.* (citing *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986)), or "when it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction," *Wells Fargo*, 556 F.2d at 430 n.24. That is to say, "discovery should not be permitted to conduct a fishing expedition." *Johnson v. Mitchell*, 2012 WL 1657643, at *7 (E.D. Cal. May 10, 2012).

"[T]he burden is on the party seeking to conduct additional discovery to put forth sufficient facts to show that the evidence sought exists." *Dichter-Mad Fam. Partners, LLP v. United States*, 709 F.3d 749, 751 (9th Cir. 2013) (quoting *Gager v. United States*, 149 F.3d 918, 922 (9th Cir. 1998)). Prejudice is established if there is a reasonable probability that the outcome would have been different had discovery been allowed. *Laub*, 342 F.3d at 1093. (citation omitted).

MEMORANDUM DECISION AND ORDER - 4

## ANALYSIS

On this motion, Plaintiffs request leave to conduct limited discovery relevant to the filing of their second amended complaint. (Dkt. 31.) Specifically, Plaintiffs seek to discover facts establishing the disputed title and particularity elements of their QTA claim. Plaintiffs contend they need to conduct jurisdictional discovery into the apparent "on-the-fence" litigation position of the United States relevant to the two QTA elements when, in Plaintiffs' view, the United States had taken a different position during BLM's coordination with Plaintiffs between April 17, 2009 and February 9, 2021. (Dkt. 31 at 8.)

The United States opposes the motion, arguing Plaintiffs fail to demonstrate that discovery is likely to produce evidence bearing on the jurisdictional issues presented, the requested discovery is overbroad, and responding to the anticipated discovery would be unduly burdensome. (Dkt. 33.)

In support of the motion, Plaintiffs rely on the Declaration of Joe Merrick to establish the need for jurisdictional discovery. Specifically, paragraphs 13-16. (Dkt. 31 at 8.) Merrick is the current Chairman of the Owyhee County Commissioners, and has been the Commissioner for District 3 within Owyhee County since January 2011. (Dkt. 31-2, Dec. Merrick at ¶¶ 1, 3, 5.) The relevant portions of Merrick's Declaration state:

> 14.    Before I was elected to the Owyhee County Commissioner and to this day, the Owyhee County Commission has had coordination meetings with the BLM Boise District and with the BLM Jarbidge Field Office (both hereinafter referred to as "BLM") as related to public land management and public land, land use planning within Owyhee County. This coordination has been subject to prescribed protocols between Owyhee County and BLM.

15.     The coordination meetings between Owyhee County and BLM have periodically discussed the "R.S. 2477 assertions," as well as the road management / jurisdiction over the roads which made up the "R.S. 2477 assertions" including the sub-set of "R.S. 2477 assertions" alleged in the Amended Complaint dated February 1, 2022, and generally discussed above in paragraphs 8-11. Some of these coordination meetings were what I would characterize as "heated" wherein there were disputes over the authority of the Plaintiffs, inclusive of Owyhee County, to maintain the roads via road graders or similar type of heavy equipment within the asserted rights-of-way of the "R.S. 2477 assertions." I will declare that the "heat" was sufficient enough for me, as a commissioner for District 3, as well as my fellow Owyhee County Commissioners, to believe there was at least an implicit threat by BLM that neither Owyhee County nor the other Plaintiffs could maintain or otherwise restrict use of the roads, i.e. restrict type of use, MPH restrictions, seasonal closures, or full closures, without explicit authority from BLM. It was always made very clear to me by BLM during my term on the Owyhee Commission that BLM held the keys to public land management / jurisdiction in Owyhee County, and that Owyhee County Commission, as well as the other Plaintiffs, had no authority to manage "R.S. 2477 assertions" upon the public lands within Owyhee County without the consent of BLM.

16.     Based upon the foregoing, I must candidly share that I continue to be surprised, and, in many respects, shocked, by the litigation position of the Defendant in the above-noted matter in their seemingly on-the-fence position as to the Defendant's disputed title element per 28 U.S.C. § 2409a(a), and as to "particularity" element specific as to the Defendant's claim in 28 U.S.C. § 2409a(d). It is because of this position, I, along with my fellow other Commissioners, desire some limited discovery from Defendants to discover relevant information as to the veracity of such position for the period of time between April 17, 2009 and February 9, 2021. I believe that some interrogatories to the Defendant would provide relevant information as to Defendant's position and move this litigation forward to the merits.

(Dkt. 31-2, Dec. Merrick at ¶¶ 14-16.)

Having carefully reviewed the parties' briefing, the Merrick Declaration, and the

entire record, the Court finds Plaintiffs have shown that a very limited amount of

discovery is appropriate to inquire into facts possibly relevant to cure the jurisdictional

deficiencies of Plaintiffs' prior pleadings.

Merrick's Declaration represents that Plaintiffs' believe the United States, through the BLM, either expressly or implicitly disputed title to the roads in question during the coordination meetings that occurred between April 17, 2009 and February 9, 2021. Based on that representation, the Court finds Plaintiffs' request for discovery is more than a mere "hunch" and sufficiently describes what evidence Plaintiffs seek to discover.[3] Accordingly, the Court will grant in part Plaintiffs' motion to the extent it requests leave to conduct a limited amount of jurisdictional discovery on the narrow topic represented in the Merrick Declaration.

However, the Court will deny in part Plaintiff's motion to the extent it requests leave to serve up to twenty-five written interrogatories implicating each of the ninety-three roads. (Dkt. 31 at 11-12.)[4] As to the scope and breath of the discovery, the Court will instead allow Plaintiffs to serve one interrogatory on the United States inquiring as to the narrow topic represented in the Merrick Declaration.

---

[3] In so finding, the Court makes no determination that Plaintiffs' contention regarding representations made during the coordination meetings is sufficient to cure the jurisdictional deficiencies found in the previous complaints. (Dkt. 29.) Indeed, the Court has serious concerns about whether Plaintiffs will be able allege facts sufficient to confer subject matter jurisdiction in light of the Court's prior rulings, and finds the arguments by the United States on this point are well taken. (Dkt. 33 at 6.) Nevertheless, the Court finds the limited discovery that will be allowed is appropriate to afford Plaintiffs the opportunity to pursue evidence establishing jurisdiction, if any.

[4] Plaintiffs candidly "forecast for the court" that each of its proposed interrogatories could implicate each of the ninety-three roads at issue. (Dkt. 31-2 at 11.) As such, that could amount to 2,325 discrete interrogatories (25 interrogatories multiplied by 93 roads). The Court finds, based on the record before it, that Plaintiffs' request for up to twenty-five interrogatories is overbroad, disproportional to the needs of the case, and unduly burdensome to the United States. Fed. R. Civ. P. 26(b)(1).

**MEMORANDUM DECISION AND ORDER - 7**

The Court finds one interrogatory, relevant to all ninety-three roads at issue in this lawsuit, is sufficient to address the narrow jurisdictional discovery question presented, and is consistent with the relevance and proportional requirements of Rule 26(b)(1). The scope of the discovery is therefore limited to evidence relevant to whether the United States disputed title, either expressly or implicitly, to any of the roads at issue in this lawsuit during the coordination meetings that occurred between April 17, 2009 and February 9, 2021. (Dkt. 31-2, Dec. Merrick at ¶¶ 14-16.) In so limiting the jurisdictional discovery, the Court has considered and balanced the likelihood that discovery will produce relevant evidence, the prejudice to Plaintiffs if no discovery is allowed, and the burden on the Defendants to respond to the discovery requests.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiffs' Motion for Leave to Conduct Discovery (Dkt. 31) is **GRANTED in part and DENIED in part** as follows:

1. Plaintiffs may serve upon the United States one interrogatory, relevant to all ninety-three roads, on or before **January 17, 2023**.

2. The interrogatory must relate only to whether the United States disputed title, either expressly or implicitly, to any of the roads at issue in this lawsuit during the coordination meetings that occurred between April 17, 2009 and February 9, 2021.

**MEMORANDUM DECISION AND ORDER - 8**

3. The United States must respond to the interrogatory on or before **February 17, 2023**.

4. Plaintiffs' Second Amended Complaint must be filed on or before **March 17, 2023**.

DATED: December 16, 2022

Honorable Debora K. Grasham
United States Magistrate Judge